**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KITCHEN WINNERS NY INC.,
                              *Plaintiff,*

              vs.

ROCK FINTEK LLC,
                              *Defendant.*

Civil Action No.
22-cv-05276-PAE

ROCK FINTEK LLC,
                              *Counterclaim and Third-*
                              *Party Plaintiff,*

              vs.

KITCHEN WINNERS NY INC,
                              *Counterclaim Defendant,*

              and

ADORAMA INC., HERSHEY WEINER, JOSEPH
MENDLOWITZ, JNS CAPITAL HOLDINGS LLC
and JOEL STERN,
                              *Third-Party Defendants.*

### <u>ANSWER OF JNS CAPITAL HOLDINGS LLC and JOEL STERN</u>

Third Party Defendants, JNS Capital Holdings and Joel Stern  ("Stern Defendants"), by

and through their Attorneys, The Law Office Avram E. Frisch LLC., by way of answer to

the First Amended Third Party Complaint of Rock Fintek LLC (the "Third Party

Complaint") says:

### <u>ANSWER</u>

1.  The Stern Defendants deny the allegations of this Paragraph.

2.  This Paragraph is not directed at the Stern Defendants, and as such no response is required.  To the extent a response is required, the allegations are denied.

3.  The Stern Defendants deny the allegations of this Paragraph.

4.  The Stern Defendants deny the allegations of this Paragraph.

5.  The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

6.  The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

7.  The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

8.  The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

9.  The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

10. The Stern Defendants admit the allegations of this Paragraph.

11. The Stern Defendants admit the allegations of this Paragraph.

12. This Paragraph contains legal conclusions to which no response is necessary. To the extent that a response is required, the allegations are denied.

13. This Paragraph contains legal conclusions to which no response is necessary. To the extent that a response is required, the allegations are denied.

14. This Paragraph contains legal conclusions to which no response is necessary. To the extent that a response is required, the allegations are denied.

15. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

16. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

17. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

18. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

19. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

20. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

21. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

22. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

23. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

24. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

25. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

26. The Stern Defendants admit that they are not affiliates of Adorama or Kitchen Winners, but deny the remaining allegations of this Paragraph.

27. The Stern Defendants deny the allegations of this Paragraph.

28. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.  They are not experts in gloves.

29. The Stern Defendants admit that Rock Fintek was seeking medical grade gloves.  The Stern Defendants have no knowledge of what was told to other parties, and denies that any such communications it had with Third Party Plaintiff were in writing.

30. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph, as they have no knowledge of the documents provided by an unnamed broker.  To the extent that the Stern Defendants made representations or provided information, all such information was entirely truthful.

31. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph, as they have no knowledge of the documents provided by an unnamed broker.  To the extent that the Stern Defendants made representations or provided information, all such information was entirely truthful.

32. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

33. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

34. The Stern Defendants deny the allegations of this Paragraph, as it implies that they provided false documentation in regard to the gloves sold by JNS.  Any documentation provided by the Stern Defendants was truthful in its entirety.

35. The Stern Defendants deny the allegations of this Paragraph, as it implies that they provided false documentation in regard to the gloves sold by JNS.  Any documentation provided by the Stern Defendants was truthful in its entirety.

36. The Stern Defendants deny the allegations of this Paragraph, as it implies that they provided false documentation in regard to the gloves sold by JNS.  Any documentation provided by the Stern Defendants was truthful in its entirety.

37. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph which relate to the other parties. The Stern Defendants deny that there was a written contract with specifications between them and Third Party Plaintiff.

38. The Stern Defendants deny the allegations of this Paragraph, as it implies that they provided false documentation in regard to the gloves sold by JNS.  Any documentation provided by the Stern Defendants was truthful in its entirety.

39. The Stern Defendants deny the allegations of this Paragraph.

40. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

41. The Stern Defendants deny the allegations of this Paragraph.

42. The Stern Defendants deny the allegations of this Paragraph.

43. The Stern Defendants deny the allegations of this Paragraph.

44. The Stern Defendants admit the allegations of this Paragraph, as all of the gloves were in fact, to the knowledge of the Stern Defendants, the products purchased by Third Party Plaintiff, Medcare Nitrile Medical Examination Gloves.  To the extent that any gloves were not in fact these gloves, then it was the responsibility of Kitchen Winners and Adorama who supplied them to the Stern Defendants.

45. The Stern Defendants admit that some gloves labeled protection gloves were offered during the negotiations, but that they were rejected by Third Party Plaintiff and were never sold to them.

46. The Stern Defendants deny the allegations of this Paragraph.  The statements made by Mr. Stern were not false.

47. The Stern Defendants admit the allegations of this Paragraph.  No protection gloves were ever sold by the Stern Defendants to Third Party Plaintiff.

48. The Stern Defendants deny the allegations of this Paragraph.

49. The Stern Defendants deny the allegations of this Paragraph.

50. The Stern Defendants deny the allegations of this Paragraph.

51. The Stern Defendants deny the allegations of this Paragraph.

52. The Stern Defendants deny the allegations of this Paragraph.

53. The Stern Defendants deny the allegations of this Paragraph.

54. The Stern Defendants deny the allegations of this Paragraph.

55. The Stern Defendants deny the allegations of this Paragraph.

56. The Stern Defendants deny the allegations of this Paragraph.

57. The Stern Defendants deny the allegations of this Paragraph.

58. The allegations in Paragraphs 58-81 are directed at the Adorama and Kitchen Winners parties and the Stern Defendants have no knowledge or information sufficient to form a belief as to the allegations of these Paragraphs.

82. The Stern Defendants deny the allegations of this Paragraph.

83. The Stern Defendants deny the allegations of this Paragraph.

84. The Stern Defendants deny the allegations of this Paragraph.

85. The Stern Defendants deny the allegations of this Paragraph.

86. The Stern Defendants deny the allegations of this Paragraph.

87. The Stern Defendants deny the allegations of this Paragraph.

88. The Stern Defendants deny the allegations of this Paragraph.

89. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

90. The Stern Defendants deny the allegations of this Paragraph.

91. The Stern Defendants lack knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

92. The Stern Defendants deny the allegations of this Paragraph.

93. The Stern Defendants deny the allegations of this Paragraph.

94. The Stern Defendants deny the allegations of this Paragraph.

95. The allegations in Paragraphs 95-107 are directed at the Adorama and Kitchen Winners parties and the Stern Defendants have no knowledge or information sufficient to form a belief as to the allegations of these Paragraphs.

108.    The Stern Defendants deny the allegations of this Paragraph.

109.    The Stern Defendants deny the allegations of this Paragraph.

110.    The Stern Defendants deny the allegations of this Paragraph.

111.    The Stern Defendants deny the allegations of this Paragraph.

112.    The Stern Defendants lack knowledge and information sufficient to form a

belief as to the allegations of this Paragraph.

113.    The Stern Defendants deny the allegations of this Paragraph.

114.    The Stern Defendants deny the allegations of this Paragraph.

## SPECIFIC COUNTS

115.    Counts One, Two and Seven are not directed at the Stern Defendants and

no response is necessary.   To the extent that any response is required, the

allegations are denied.

## Count Three

127.    The Stern Defendants repeat and incorporate their responses to the prior

paragraphs as if fully set forth herein.

128.    The Stern Defendants deny the allegations of this Paragraph 128, as Stern

never had a contract with any party, the parties never agreed on specifications,

and no such representations were made to Third Party Plaintiff.

129.    The Stern Defendants admit the allegations of this Paragraph 129.

130.    The Stern Defendants admit the allegations of this Paragraph 130.

131.    The Stern Defendants deny the allegations of this Paragraph 131.

132.    The Stern Defendants deny the allegations of this Paragraph 132.

## Count Four

133.    This Count has been dismissed and no response is required.

## Count Five

139.     The Stern Defendants repeat and incorporate their responses to the prior

paragraphs as if fully set forth herein.

140.     The Stern Defendants deny the allegations of this Paragraph 140.

141.     The Stern Defendants deny the allegations of this Paragraph 141.

142.     The Stern Defendants deny the allegations of this Paragraph 142.

143.     The Stern Defendants deny the allegations of this Paragraph 143.

144.     The Stern Defendants deny the allegations of this Paragraph 144.

145.     The Stern Defendants deny the allegations of this Paragraph 145.

146.     The Stern Defendants deny the allegations of this Paragraph 146.

147.     The Stern Defendants deny the allegations of this Paragraph 147.

148.     The Stern Defendants deny the allegations of this Paragraph 148.

149.     The Stern Defendants deny the allegations of this Paragraph 149.

**Count Six**

150.     This count has been dismissed and no response is required.

**Count Seven**

160.     This count from Paragraph 160-163 of the First Amended Third Party

Complaint is not directed at the Stern Defendants.  As such, no response is

required. To the extent a response is required, the allegations are denied.

**Count Eight**

164.     This count has been dismissed and no response is required.

**Count Nine**

171.     This count has been dismissed and no response is required.

**Count Ten**

172.     The Stern Defendants repeat and incorporate their responses to the prior paragraphs as if fully set forth herein.

173.     The Stern Defendants deny the allegations of this Paragraph 179 as they made no express warranties to the Third Party Plaintiff whatsoever.

174.     The Stern Defendants deny the allegations of this Paragraph 180.

175.     The Stern Defendants deny the allegations of this Paragraph 181.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The Third Party Plaintiff's claim is barred for lack of standing and/or privity of contract.  Many of the allegations are simply attempts at ensnaring the Stern Defendants in unrelated claims against the Adorama Parties, claims with which the Stern Defendants had no connection to whatsoever.

### Second Affirmative Defense

2. The Third Party Plaintiff's claim is barred because of the Plaintiff's failure to add indispensable parties.

### Third Affirmative Defense

3. The Third Party Plaintiff's claim is barred because of the doctrine of unclean hands.

### Fourth Affirmative Defense

4. The Third Party Plaintiff's claim is barred because any alleged loss is caused by its the negligence, carelessness, lack of care and/or culpable conduct of Plaintiff or third parties over whom the Stern Defendants had no control, supervision nor responsibility.  The Third Party Plaintiff failed to inspect a single shipment by its

own admission and waited a long period of time to raise these concerns, after

having placed several orders and indicating its insatiable need for more gloves.

### Fifth Affirmative Defense

5. Third Party Plaintiff's claims are barred by the doctrines of estoppel and laches

### Sixth Affirmative Defense

6. Third Party Plaintiff's claims are barred by its failure to mitigate damages.  Third

Party Plaintiff made no effort whatsoever to resell the gloves or otherwise timely

recover any value from the millions of gloves it claims did not meet its

specifications.

### Seventh Affirmative Defense

7. Third Party Plaintiff received remuneration and/or compensation for some or all

of their claimed economic loss and the Stern Defendants are entitled to have any

award reduced by the amount of said remuneration pursuant to CPLR § 4545(c).


### PRAYER FOR RELIEF

Wherefore, the Stern Defendants respectfully request that this court:

1. Dismiss the Third Party Complaint with prejudice,

2. Award the Stern Defendants the costs and expenses of this Action,

3. Order all other relief deemed equitable by the court.

THE LAW OFFICE OF AVRAM E.
FRISCH LLC
Attorneys for Plaintiff


By: _____

Avram E. Frisch, Esq.
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com

Dated: April 4, 2023