

NEW YORK    BOSTON
www.psdfirm.com

**POLLACK SOLOMON DUFFY LLP**
485 Madison Avenue, Suite 1301, New York, NY 10022
(212) 493-3100
prakhunov@psdfirm.com

April 25, 2023

**VIA ECF**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

      Re:    *Kitchen Winners NY Inc. v. Rock Fintek LLC*, Case No. 22-cv-05276-PAE
               **Joint Letter in Advance of May 1, 2022 Conference**

Dear Judge Engelmayer:

      This firm represents defendant and counterclaim/third-party plaintiff Rock Fintek LLC ("Rock Fintek") in the above-captioned matter. Rock Fintek respectfully submits this letter on behalf of all parties in advance of the **May 1, 2023, 10:00 a.m.** Telephonic Initial Pretrial Conference.

*Brief Description of the Case*

      Plaintiff Kitchen Winners NY Inc. ("Kitchen Winners") brought this action on May 17, 2022 against Rock Fintek in New York County Supreme Court, alleging a breach of a Sales and Purchase Agreement dated April 7, 2021 (the "SPA"), pursuant to which Kitchen Winners agreed to sell 1,500,000 boxes of MedCare brand medical grade Nitrile Examination grade gloves, bearing an FDA 510(k) certification to Rock Fintek. Kitchen Winners alleges that it ultimately sold Rock Fintek more than 1,700,000 boxes of gloves, but that Rock Fintek (a) failed to pay for a portion of the gloves; and (b) failed to pay for the ground transportation associated with the gloves. Kitchen Winners seeks over $1 million in damages against Rock Fintek.

      On June 22, 2022, Rock Fintek removed the state court action to this Court. On June 24, 2022, Rock Fintek answered the Complaint, and asserted counterclaims against Kitchen Winners and third-party claims against Adorama, Inc. ("Adorama"), Hershey Weiner ("Weiner"), Joseph

Mendlowitz ("Mendlowitz"), JNS Capital Holdings LLC ("JNS") and Joel Stern ("Stern"), alleging damages arising out of the gloves transaction under the SPA as well as certain other one-off gloves transactions. On August 5, 2022, Rock Fintek filed its First Amended Counterclaim and Third-Party Complaint, alleging various contract and tort claims against each of Adorama, Weiner, Mendlowitz, JNS and Stern, as detailed below.

In short, Rock Fintek alleged that between in or about March and June 2021, Adorama, Kitchen Winners, JNS and their constituents engaged in an elaborate fraudulent scheme to induce Rock Fintek into buying tens of millions of dollars of what the co-conspirators represented and warranted to be MedCare brand medical grade Nitrile Examination grade gloves, bearing an FDA 510(k) certification, among other specifications. At all times, Adorama, Kitchen Winners, JNS and their constituents knew that Rock Fintek would be delivering those gloves to its client – a major hospital group in the United States – to be used by medical providers, and knew that Rock Fintek's representatives were prohibited by COVID-19 related protocols from physically inspecting the products before they were loaded onto trucks and shipped directly to Rock Fintek's client's hospital group's warehouses.

Rock Fintek alleges that a substantial number of the gloves sold to it under the SPA and in one-off transactions pre-dating the SPA a substantial number of gloves were not the required medical "examination" gloves but were less expensive "protection" gloves that are not designed for medical use; that certain gloves were not MedCare brand gloves but fake knockoffs; that all or a substantially all of gloves did not bear the required FDA 510(k) certification; and, more egregiously, Rock Fintek has learned that all or substantially all of the gloves at issue were not the required "Nitrile" gloves, but instead less expensive polyvinylchloride gloves. In addition, the contractual performance by Adorama and Kitchen Winners was riddled with delays, inaccurate glove counts, and extortionate hidden charges to Rock Fintek, which Adorama, Kitchen Winners and its constituents required Rock Fintek to pay as a condition of continued performance.

As a result, Rock Fintek brought claims for breach of the SPA against Adorama and Kitchen Winners (Count One), for breach of contract related to one-off transactions against Kitchen Winners/Adorama and JNS (Counts Two and Three), breach of the covenant of good faith and fair dealing (Count Four), fraud (Count Five), negligent misrepresentation (Count Six), unjust enrichment against Adorama/Kitchen Winners for certain transactions potentially falling outside of the parties' contractual relationship (Count Seven); tortious interference with Rock Fintek's existing and prospective business relationship with its hospital client (Count Eight), conspiracy (Count Nine), and breach of warranties under the UCC and New York common law (Count Ten).

Adorama moved to dismiss Counts One, Two and Seven as against it only; and all Adorama parties moved to dismiss Counts Four, Five, Six, Eight, Nine, and Ten. JNS parties moved to dismiss Counts Four, Six, Eight, Nine and Ten as against each of them.

On March 31, 2023, the Court issued an Opinion and Order on motions to dismiss filed by the Adorama parties and the JNS Parties. The Court granted and denied in part the motions to dismiss, leaving the following claims pending this this case:

- Count One (Breach of Contract; SPA) against Adorama and Kitchen Winners;
- Count Two (Breach of Contract; One-Off Transactions) against Adorama and Kitchen Winners;
- Count Three (Breach of Contract) against Stern/JNS;
- Count Four (Covenant of Good Faith and Fair Dealing) against Adorama and Kitchen Winners;
- Count Five (Fraud) against Stern/JNS;
- Count Seven (Unjust Enrichment) against Adorama and Kitchen Winners; and
- Count Ten (Breach of Warranties) against Adorama, Kitchen Winners, JNS, Stern, and Mendlowitz.

Adorama maintains the claims against it are baseless as it is not a party to the SPA and did not sell any goods to Rock Fintek. Kitchen Winners maintains that it fully complied with the terms of the SPA and that Rock Fintek's counterclaims are little more than a thinly veiled attempt to avoid paying Kitchen Winners for the goods that Kitchen Winners sold it.

JNS denies any breach of the contract, and that all goods delivered were within the agreed specifications. Joel Stern denies that he was a party to any contract and was simply acting on behalf of JNS.

***Contemplated Motions***

All parties have appeared in this action through counsel. On March 31, 2023, the Court issued an Opinion and Order on motions to dismiss filed by Kitchen Winners, Adorama, Weiner and Mendlowitz (ECF No. 68).

Rock Fintek anticipates seeking to amend the exiting order regarding the preservation of the gloves at issue in this case, based on the anticipated sale or donation of those gloves to a third party.

The JNS Parties claim that they have sought to gain access to review the entire inventory of gloves in accordance with the Court's order of October 4, 2022, and that Rock Fintek has failed to meaningfully cooperate with the JNS Parties to obtain all necessary information and

schedule a time to visit the relevant warehouses or sample any materials. As such, the JNS Parties contemplate a motion to compel the Third Party Plaintiff to comply with its obligations under the prior order and for other appropriate relief.

Rock Fintek vehemently disagrees with JSN Parties characterization regarding access issues and will oppose any such motion.

At this time, the parties are not aware of any additional contemplated motions.

*Prospect for Settlement*

At this time, the parties do not believe that settlement prospects are viable.

Respectfully submitted,

/s/Phillip Rakhunov
Phillip Rakhunov

cc:   Alexander J. Sperber (via ECF)
      Lipsius-Benhaim Law LLP
      *Counsel for Kitchen Winners NY Inc., Adorama Inc., Hershey Weiner and Joseph Mendlowitz*

      Avram E. Frisch, Esq. (via ECF)
      The Law Office of Avram E. Frisch LLC
      *Counsel for JNS Capital Holdings LLC and Joel Stern*