ADORAMA, INC., HERSHEY
WEINER, JOSEPH MENDLOWITZ,
JNS CAPITAL HOLDINGS LLC and
JOEL STERN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| KITCHEN WINNERS NY INC. | Counterclaim Defendant / Plaintiff(s), | 22 Civ. 5276 (PAE) |
|---|---|---|
| v. | | |
| ROCK FINTEK LLC and | Counterclaim Third Party Plaintiff / Defendant(s). | CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER |
| | Third Party Defendants | |

------------------------------------------------------------------X

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties (consent) **(do not consent)** to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). [Circle one.] The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

2. This case **(is)** (is not) to be tried to a jury. [Circle one.]

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within ___ days from the date of this Order. [Absent exceptional circumstances, thirty (30) ...]

4. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be completed no later than _14_ days from the date of this Order. [Absent exceptional circumstances, fourteen (14) days.]

5. All <u>fact</u> discovery shall be completed no later than __8/25/2023__. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

   a. Initial requests for production of documents to be served by __5/5/2023__.
   b. Interrogatories to be served by __5/26/2023__.

1

|   |    |                                                                  |            |
|---|----|------------------------------------------------------------------|------------|
|   | c. | Depositions to be completed by                                   | 8/25/2023  |
|   | d. | Requests to Admit to be served no later than                     | 7/21/2023  |

7.  a.  All <u>expert</u> discovery shall be completed no later than ___10/11/2023___.
    [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 5, *i.e.*, the completion of all fact discovery.]

    b.  No later than thirty (30) days prior to the date in paragraph 5, *i.e.*, the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.  All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the date in paragraph 5, *i.e.*, the close of ~~fact~~ (expert) discovery.

9.  All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10. a.  Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

    Counsel for the parties do not believe that a prospect of an early settlement is realistic in this matter and intend to proceed with discovery in ordinary course.

    b.  Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately-retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

    Counsel for the parties do not believe that a prospect of an early settlement is realistic in this matter, but will revisit the potential use of ADR mechanisms at an appropriate stage in this case.

    c.  Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b), be employed at the following point in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

    Counsel for the parties believe that the prospect of settlement and ADR could become realistic upon substantial completion of discovery.

    d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Order date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Order date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed after the close of discovery on or before the Final Pretrial Order date. If this action is to be tried before a jury, proposed *voir dire*, jury instructions and verdict form shall also be filed on or before the Final Pretrial Order date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Order date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is 8-10 Full trial days.

13. [Other items, including those in Rule 26(f)(3).]

    None.

---

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

14. [Other]

15. The next Case Management Conference is scheduled for 11/13/23 at 11 a.m.

3

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

Paul A. Engelmayer
United States District Judge

Dated: New York, New York
5/1/2023

4