

NEW YORK    BOSTON
www.psdfirm.com

**POLLACK SOLOMON DUFFY LLP**
43 West 43rd Street, Suite 174, New York, NY 10036
617-439-9800
prakhunov@psdfirm.com

June 21, 2023

<u>**VIA ECF**</u>

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

      Re:    *Kitchen Winners NY Inc. v. Rock Fintek LLC*, Case No. 22-cv-05276-PAE

          **Request for Conference Regarding Anticipated**
          <u>***Partially Assented-To* Motion for Entry of Confidentiality Protective Order**</u>

Dear Judge Engelmayer:

      This firm represents defendant and counterclaim/third-party plaintiff Rock Fintek LLC in the above-captioned matter. Rock Fintek respectfully submits this letter pursuant to paragraph 2.C of Your Honor's Individual Practices to seek an informal telephonic conference in advance of filing a *partially assented-to* motion for entry of the proposed confidentiality Protective Order attached as <u>Exhibit A</u> hereto. After conferring via extensive email exchanges on June 20 and 21, counsel for the plaintiff and third-party defendants have objected only to the highlighted sentence in Section 10 of the Proposed Order, which would require that "[a]ny party intending to file with the Court documents designated by another party as CONFIDENTIAL in discovery shall meet and confer with the Producing Party prior to filing to allow the Producing Party to either withdraw the designation or to request appropriate protection with the Court."

      As the Court may recall, as part of its claims in this litigation, Rock Fintek seeks damages for the harm that counterclaim/third-party defendants' conduct caused to Rock Fintek's lucrative business relationship with its client Ascension Health. To that end, Rock Fintek intends to produce documents in discovery in this matter that contain confidential business information of Rock Fintek and of non-parties to this litigation, including financial details of transactions between Rock Fintek and its vendors and clients who are not parties to this lawsuit, including Ascension Health. Moreover, Rock Fintek is potentially bound by contractual confidentiality obligations to Ascension Health with respect to the terms of business dealings between them, which Rock Fintek does not have the right to waive unilaterally.

Accordingly, the entry of a confidentiality order is necessary and appropriate to protect against the improper and unnecessary dissemination of such information. The terms of the enclosed proposed confidentiality Protective Order provide appropriate protection for the information to be exchanged in discovery and are consistent with this Court's model orders and with prior similar orders entered in this Court.

The Parties have conferred at length by email regarding the terms of a potential proposed confidentiality Protective Order. In email correspondence, counsel for Joel Stern and JNS Capital Holdings LLC has suggested a troubling position that this Court's model confidentiality orders allow a receiving party of discovery material designated as "Confidential" to simply file such material in the public record without giving the producing party an opportunity to first seek either redactions or sealing in accordance with this Court's rules and Your Honor's Individual Practices. Rock Fintek respectfully submits that such an interpretation of the Court's model orders and rules would render illusory a party's ability to seek protection over legitimately confidential information. To that end, Rock Fintek included the sentence in paragraph 10 of the enclosed Proposed Order that would expressly require a receiving party of Confidential material to meet and confer with the producing party before filing such materials in the public record. Such a provision would impose no cognizable burden on the parties and would serve the interests of justice in allowing a producing party to seek proper relief with the Court over potentially sensitive business information, including confidential information of third-parties. Counsel for counterclaim and third-party defendants have objected only to the inclusion of the second sentence in paragraph 10 of the Proposed Order quoted above.

Accordingly, Rock Fintek respectfully requests that the Court hold an informal telephonic conference regarding the dispute set forth herein or, alternatively, enter the proposed Protective Order in the form attached as Exhibit A hereto.

                                        Respectfully submitted,

                                        /s/Phillip Rakhunov
                                        Phillip Rakhunov

cc:     All counsel (via ECF)