# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KITCHEN WINNERS NY INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| ROCK FINTEK LLC, | ) |
| Defendant, | ) Civil Action No. 22-cv-05276-PAE |
| ROCK FINTEK LLC, | ) |
| Counterclaim and Third-Party Plaintiff, | ) |
| v. | ) |
| KITCHEN WINNERS NY INC, | ) |
| Counterclaim Defendant, | ) |
| and | ) |
| ADORAMA INC., HERSHEY WEINER, JOSEPH MENDLOWITZ, JNS CAPITAL HOLDINGS LLC and JOEL STERN, | ) |
| Third-Party Defendants. | ) |

**[proposed] PROTECTIVE ORDER**

The parties to the above-captioned litigation (the "Litigation") believe that the Litigation, including the discovery process, will require disclosure of confidential information and that it would serve the interests of the parties to conduct discovery of, as well as treat and handle at hearings and/or any trial in the Litigation, confidential information under this Stipulated Protective Order ("Order") pursuant to Rule 26 of the Federal Rules of Civil Procedure.

1

**IT IS HEREBY STIPULATED AND AGREED** by and between all parties to this action, subject to the approval of the Court, as follows:

1. **Purpose, Limitations and Good Cause Statement.**

The parties acknowledge and understand that this Order does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitled parties to file confidential information under seal. Nevertheless, the parties agree that good cause exists for this Order and that such an order is in the best interests of both parties.

2. **Scope**

This Order applies to all information, documents and things subject to discovery in this action produced either by a party or a non-party (each a "Producing Person") in response to or in connection with any discovery conducted in this action including, without limitation, deposition testimony (whether based upon oral examination or written questions), answers to interrogatories, documents and things produced (including documents and things produced to the receiving party for inspection and documents and things provided to the receiving party, whether in the form of originals or copies), information obtained from inspection of premises or things, and answers to requests for admission as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof, as well as documents and information exchanged informally for purposes of the Court-ordered mediation in this Litigation (collectively referred to as "Discovery Material").

3. **Confidential Materials**

(a) A Producing Person may designate as **"CONFIDENTIAL"** any Discovery Material it produces in this Litigation that contains, reflects or discloses documents or information that the Producing Person reasonably believes: (i) reflects trade secrets, formulae, patterns, devices, or information that is used in one's business that gives one an

2

opportunity to obtain an advantage over competitors who do not know or use it and information that is not known outside the owner's business or generally made available to the public; (ii) reflects sales information, pricing and discount strategies; business planning or strategy information, proprietary business methods; proprietary design techniques, or commercially sensitive financial or accounting information; (iii) reflects information the disclosure of which would breach an express or implied agreement with another person to maintain such information in confidence or would violate an independent obligation of confidentiality; or (iv) reflects any other information alleged to be of a nonpublic nature, including, but not limited to, documents otherwise alleged to be commercially sensitive or proprietary (collectively "Confidential Material"). The designations will be made in good faith by an attorney. Except for documents or information disclosed wrongfully or in violation of any nondisclosure obligation, the term "Confidential Material" does not apply to any document or information to the extent that such document or information has been previously disclosed publicly or is otherwise available to the public from any source, whether or not it bears a "Confidential" label, provided such prior disclosure or public availability is not the result of wrongful or improper conduct, or a violation of a duty not to disclose.

(b) Information designated **"CONFIDENTIAL"** may be used only for purposes of this Litigation and may be disclosed only to the following persons:

    i. Outside counsel of record for the respective parties to this Litigation, including staff working under the supervision of such counsel;

    ii. Employees, officers, directors, agents, or in-house attorneys of the parties or any of their affiliates who have a need for such information for purposes of this Litigation;

    iii. Experts, consultants and the mediator retained by any of the parties or the parties' counsel who have a need for such information to assist in this Litigation, provided that any consultant, expert or mediator

3

   seeking access signs an Acknowledgment, in the form attached hereto as **Exhibit A** (the "Acknowledgement"), certifying that he or she is familiar with the terms of this Order, and agrees to (i) be bound by the terms of the Order, (ii) not use the material for any purposes, other than this Litigation, and (iii) maintain the appropriate security as to Confidential Material made available to the expert, consultant and/or mediator;

 iv. Individuals who appear on the face of the Confidential Document as an author or recipient;

 v. Current or former employees of the parties whom the disclosing person in good faith believes were involved in the creation of the information or previously had access to the information;

 vi. Third parties whom the disclosing person in good faith believes were involved in the creation of the information or previously had access to the information;

 vii. During deposition or trial, to any deposition or trial witnesses (and their counsel) where necessary to prepare or examine such witnesses, so long as such witness has executed the Acknowledgement prior to the disclosure;

 viii. Actual or proposed witnesses who have a need to review the documents or information for the prosecution or defense of this lawsuit, so long as such witness has executed the Acknowledgement prior to the disclosure;

 ix. Third-party vendors, including employees and agents thereof, involved in organizing, filing copying, coding, converting, sorting, or retrieving data, or designing programs for handling data connected

     with this action, including the performance of such duties in relation to a computerized litigation support system, so long as such vendor has executed the Acknowledgement prior to the disclosure;

  x. The Court, jury, court personnel, court reporters, and similar personnel; or

  xi. Any other person with the prior written consent of the Producing Person.

**4.** **Designation of confidential or highly confidential materials**

  (a) In designating information "CONFIDENTIAL," the Producing Person will make such designations in good faith. All or any part of the document, tangible item, discovery response or pleading disclosed, produced or filed in this Litigation may be designated as "CONFIDENTIAL" by the Producing Person by marking the appropriate legend on the face of the document and each page so designated (in such manner that will not interfere with the legibility thereof) or by any other writing, including but not limited to cover letters or other transmitting materials. With respect to media containing machine-readable information, such as discs, CD-ROMs, electronic links, or other electronic media, the appropriate legend will be marked on the face of the tangible item, if practicable, or by delivering to the receiving party at the time of disclosure, production or filing written notice that such tangible item is "CONFIDENTIAL" and specifically identifying the portions of the contents to which the designation applies.

  (b) Information designated "CONFIDENTIAL" includes (i) all documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (ii) portions of briefs, memoranda, or any other papers filed with the court and exhibits thereto that contain or reflect the content of any such documents, copies, extracts or summaries; and (iii) deposition testimony designated in accordance with paragraph 5.

5

5. **Designation of deposition testimony**

Within fourteen (14) days after receipt of the deposition transcript, legal counsel for any party to this action and/or legal counsel for the deponent may designate certain, if any, pages of the transcript as "CONFIDENTIAL" by notifying all legal counsel of record in writing of said designation, and thereafter such pages will be treated as designated. Legal counsel for each party will be responsible for marking the designated exhibits and pages of copies of the transcript in their possession with the appropriate legend as specified in paragraph 5(a). Testimony given at a deposition may also be so designated by an appropriate statement on the record at the time of the giving of the testimony. If not such designation is made by legal counsel within fourteen (14) days after receipt of the deposition transcript, the transcript will be considered not to contain Confidential Material. Use at deposition of a document previously designated as Confidential will have no effect on its designation.

6. **Limit on use and disclosure of designated materials**

All information designated "CONFIDENTIAL" in accordance with the terms of this Order will be used solely for the purpose of this Litigation and any appellate proceeding thereto, and in accordance with the provisions of this Order. Such "CONFIDENTIAL" information may not be used for any business purposes, or for purposes of or in any other litigation or other proceeding, or for any other purpose, except by Court Order or otherwise required by law.

7. **Notice**

Counsel will inform each person to whom they disclose or give access to Confidential Material of the terms of this Order, as well as the obligation to comply with its terms. Persons receiving Confidential Material are prohibited from disclosing it to any person except in conformance with this Order. Counsel for each party agrees to maintain a file of all Acknowledgments required by this Order.

8. **Maintenance of designated materials**

The recipient of any Confidential Material will maintain such documents and information consistent with the same standard of due and proper care (but in no event less than reasonable care) with respect to the storage, custody, use and/or dissemination of such documents and information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

9. **Challenge to designations**

Nothing in this Order will be construed in any way as a finding that information designated as "CONFIDENTIAL" actually is "CONFIDENTIAL" information. Any party may object, in writing, to the designation by a Producing Person by specifying the information at issue and its grounds for questioning the designation. A party will not be obligated to challenge the propriety of a designation at the time made, and a failure to do so will not preclude any subsequent challenge. If any party to this Litigation disagrees at any point in these proceedings with the designation by the Producing Person, the party will try first to resolve such dispute with the Producing Person in good faith on an informal basis. If informal resolution is not reached, the party challenging the designation may, upon notice of at least five (5) calendar days to interested persons, seek appropriate relief from the Court. The information, documents or material will be treated as designated until the Court rules on the motion. The Producing Person that designated the information "CONFIDENTIAL" will have the burden of demonstrating the propriety of its designation.

10. **Filing of designated materials**

Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal. ==Any party intending to file with the Court documents designated by another party as CONFIDENTIAL in discovery shall meet and==

7

confer with the Producing Party prior to filing to allow the Producing Party to either withdraw the designation or to request appropriate protection with the Court.

11. **Return or destruction of designated material**

Within sixty (60) days after final termination of this action, including any appellate proceedings on remand from any appeal, at the request of the Producing Person, counsel for the receiving party will (a) return all additional "CONFIDENTIAL" information in his or her possession, custody or control in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the Producing Person, or (b) certify destruction thereof to the Producing Person's counsel. As to "CONFIDENTIAL" information reflected in computer databases or any other electronic form that is reasonably accessible without undue burden or cost, the receiving party will erase all such "CONFIDENTIAL" information. This obligation to return, destroy or erase confidential material does not apply to attorney work product, although the terms of this Order will continue to apply to all such work product retained by any party after final termination of this action.

Notwithstanding this provision, the attorney of record may retain one (1) copy of any designated documents attached to any pleading filed with the Court. The confidentiality obligations imposed by this Order shall remain in effect in perpetuity, to the extent permitted by the Court, or until the Court orders otherwise. No confidentiality obligations will apply to materials made public during the trial of this action. The parties agree to maintain as confidential any designated materials exchanged during preparation for trial but not made public.

12. **Request for disclosure to third party**

Any person receiving "CONFIDENTIAL" information that receives a subpoena or other compulsory process for production or disclosure of Confidential Material will promptly give notice by e-mail to counsel of record for the Producing Person identifying the information

sought and enclosing a copy of the subpoena or request. Provided that the Producing Person makes a timely motion or otherwise takes action to oppose the subpoena, the person subject to the subpoena or other request will not produce or disclose the requested information without consent of the Producing Person or unless ordered to do so by a court of competent jurisdiction.

13. **Reservation of rights**

Nothing herein will be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony, or other evidence in this Litigation. This Order is without prejudice to the right of any person to bring before the Court at any time the question of whether any particular information is not discoverable or admissible.

14. **Use at hearing**

A party may use Confidential Material at any hearing or other pretrial proceeding, although such use will not result in such information losing its status as Confidential Material. Counsel will confer on procedures necessary to protect the confidentiality of any documents, information and transcripts used in the course of any Court wherever practicable, and the Court may issue any orders in connection therewith. For example, the Court may direct that attendance at those portions of the proceedings or access to the transcripts of those proceedings in which Confidential Material is disclosed be restricted to Court personnel and persons authorized to receive Confidential Material by this Order. Use of Confidential Material at trial will be addressed in the final pre-trial order.

15. **Disclosure without, or with an improper, designation**

Any Producing Person who inadvertently or mistakenly fails to designate Discovery Material as "CONFIDENTIAL" or otherwise wishes to change the designation of Discovery Material produced in this Litigation, may do so if: (a) the Producing Person notifies a receiving party in writing of such inadvertent or mistaken disclosure within ten (10) business days of becoming aware of such disclosure, and (b) within thirty (30) days of such notice, the Producing Person provides properly re-designated documents to the receiving party.

During the thirty (30) day period after notice, the materials will be treated as designated in the Producing Person's notice. Upon receipt of properly re-designated documents, the receiving party will return all unmarked or incorrectly designated documents and other materials to the Producing Person within five (5) business days. The receiving party will not retain copies thereof and will treat information contained in said documents and materials and any such summaries or notes thereof as appropriately marked pursuant to the Producing Person's notice.

16. **Inadvertent or mistaken disclosure to unauthorized person**

Should any Confidential Material be disclosed, through inadvertence or otherwise, by a receiving party to any person not authorized under this Order, then the receiving party will: (a) use its best efforts to obtain the return of any such Confidential Material and to bind such person to the terms of this Order; (b) within seven (7) business days of the discovery of such disclosure, inform such person of all provisions of this Order and identify such person to the Producing Person; and (c) request such person to sign an Acknowledgment. Counsel for the Producing Party will be notified if within ten (10) business days the person to whom the Confidential Material was inadvertently disclosed refuses to sign the Acknowledgment. Nothing in this Paragraph is intended to limit the remedies that the Producing Person may pursue for breach of this Order.

17. **Non-waiver**

If information or material subject to a claim or attorney-client privilege, work product immunity or any other applicable privileged is inadvertently or mistakenly produced, such production will in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information or material. If information or material subject to a claim of immunity or privilege is inadvertently or mistakenly produced, upon written request made by the Producing Person within twenty-one (21) days of discovery of such inadvertent mistake or production, the material for which a claim of inadvertent

production is made, including all copies, will be returned within three (3) business days of such request, unless the parties agree in writing to a longer time period, and the party to whom the material was produced shall make no use of such material or information. All copies of inadvertently or mistakenly produced documents will be destroyed, and any document, material or information reflecting the contents of the inadvertently produced information will be expunged. If a receiving party refuses to return such information or materials within the period described above, the Producing Person may move the Court for an order compelling the return of such materials or information. A disclosure of privileged material or information hall be deemed inadvertent or unintentional for purposes of this provision, regardless of whether the Producing Person had in place reasonable measures to prevent the production of the privileged material. Nothing in this provision is intended to limit or relieve any person of any duty they may have under applicable law or codes of conduct to notify a Producing Person of the receipt of what appears to be inadvertently produced privileged material.

18. **Applicability of Order to third parties**

A Producing Person who is not an initial signatory to this Stipulated Protective Order will be entitled to the protections afforded herein by signing a copy of this Order (personally or through appointed counsel) and serving same on all counsel of record. Thereafter the Producing Person may designate as "CONFIDENTIAL" testimony, information, documents or things that the Producing Person produces or provides in the Litigation.

19. **Additional relief**

Nothing in this Order prevents any person from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders or modification of this Order.

20. **Producing Person's use of its own designated materials**

Nothing in this Order affects the right of any Producing Person that designates material "CONFIDENTIAL" to use or disclose such material in any way. Such disclosure will not waive

the protections of this Order and will not entitle other parties, nonparties, or their attorneys to use or disclose such material on violation of this Order, except that if the Producing Person uses such material in a manner inconsistent with its confidential status, then that will serve as a basis to object to the designation and said objections will be resolved as set forth in paragraph 9.

21. **Binding power of the Order**

The signatories agree to be bound by the terms of this Order until such time as the Court rules thereon, and, thereafter, the parties will be bound by the ruling of the Court.

22. **Section captions**

The title captions for each section of this Order are for convenience only and are not intended to alter the text of the sections or the substance of the Order.

**APPROVED AND SO ORDERED THIS ___ DAY OF June**

_____
Paul A. Engelmayer
United States District Judge

| | |
|---|---|
| KITCHEN WINNERS NY INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ROCK FINTEK LLC, ) | |
| ) | |
| Defendant, ) | |
| ) | Civil Action No. 22-cv-05276-PAE |
| ) | |
| ROCK FINTEK LLC, ) | |
| ) | |
| Counterclaim and Third- ) | |
| Party Plaintiff, ) | |
| ) | |
| v. ) | **ACKNOWLEDGEMENT OF** |
| ) | **PROTECTIVE ORDER AND** |
| KITCHEN WINNERS NY INC, ) | **AGREEMENT TO BE BOUND** |
| ) | |
| Counterclaim Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| ADORAMA INC., HERSHEY WEINER, ) | |
| JOSEPH MENDLOWITZ, JNS CAPITAL ) | |
| HOLDINGS LLC and JOEL STERN, ) | |
| ) | |
| Third-Party Defendants. ) | |
| ) | |

## ACKNOWLEDGEMENT

_____ **,** have read the Protective Order ("Order") applicable to the above-captioned litigation (the "Litigation"), and I acknowledge that the terms used herein have the same meaning given to them in the Protective Order.

1. I understand the terms and agree to be fully bound by them, and hereby submit to the jurisdiction of this Court for purposes of enforcement of that Order.

2. I understand, in particular, that any Confidential Material, and any copies, excerpts or summaries thereof and materials containing Confidential Material or derived from Confidential or Highly Confidential Material, may be used only for purposes of this Litigation and may not be used for any other purpose including, without limitation, any business or commercial purpose.

13

3.      I agree that I will not disclose any Confidential Material to anyone other than persons permitted to have access to such material pursuant to the terms and restrictions of the Order, and that I will maintain the appropriate security as to the Confidential Material made available to me.

4.      I further agree that, upon termination of this action, or sooner if so requested, I will return to counsel all Confidential Material provided to me, including all copies and excerpts thereof. I moreover understand that failure to abide fully by the terms of the Order may result in legal action against me.

_____        _____
Signature                                                                 Printed Name

_____        _____
Individual or entity represented                         Address

dated: _____, 20 \_\_\_\_\_