

**THE LAW OFFICE OF AVRAM E. FRISCH LLC**

New Jersey Office
1 University Plaza
Suite 119
Hackensack, NJ 07601

New York Office
150 Broadway
Suite 900
New York, NY 10038

Avram E. Frisch Esq. – Admitted in NY and NJ.  Mail to NJ address.

June 22, 2023

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

**<u>Via  Electronic Filing</u>**

Re:	Kitchen Winners NY Inc. v. Rock Fintek LLC, Case No. 22-cv-05276-PAE

Dear Judge Engelmayer:

This firm represents JNS Capital Holdings LLC and Joel Stern.  I write in regard to the correspondence from counsel for Rock Fintek LLC and in accordance with Court's order to respond to the letter.  As an initial matter, we disagree with the characterization that the remainder of the proposed stipulation was assented to.  Counsel's description is incorrect, as we never reached agreement on the question he raised, particularly the fact that the proposed stipulation allows any party to designate every single document as confidential and places the burden of challenging such a designation on the opposing parties.  This sort of mechanism is unnecessary in this matter, which involves a fairly ordinary contract dispute and should not require any great amount of secrecy, nor is there much public interest in the matter.

As to the language requested by Mr. Rakhunov, it would place an extreme burden on me and my client, while imposing no burden on Mr. Rakhunov.  Essentially, Mr. Rakhunov wants to ensure that any filings made are revealed to him in advance of filing, and then placing the burden of sealing such supposedly confidential documents on my client.  Not only is such an extreme approach unnecessary, it is highly unlikely that any documents in this case will be subject to sealing under applicable Second Circuit case law. "The common law right of public access to judicial documents is firmly rooted in our nation's history."  *Lugosch v Pyramid Co.*, 435 F3d 110, 119 (2d Cir 2006).  "Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution." *Olson v Major League Baseball*, 29 F.4th 59, 87 (2d Cir 2022).  Mr. Rakhunov would have the Court turn this assumption on its head, and presumptively seal from public access any document that he designates as confidential.  This would be improper, as the likelihood is that documents submitted to the Court will be used for the purpose of deciding a disputed issue.  Upon filing, Mr. Rakhunov is free to make any motion to seal a particular document, and to then explain to the Court the reasons that sealing the document would be appropriate.

       This is made all the more true by the fact that Mr. Rakhunov refused a suggestion that there be two classes of confidential documents, and that upon objection from a party it would be his burden to demonstrate the need to designate a document as so highly confidential that it could not be publicly filed. Furthermore, his suggestion that documents be redacted is in contravention of Rule 5.2 of the Federal Rules of Civil Procedure which only permits redactions of information (other than redactions required by the rule) after a Court order.

       Mr. Rakhunov is also ignoring the complexity of what he is proposing. In order to meet and confer about documents used in a motion, any such motion would need to be completed several days in advance of any court ordered deadline, and then the burden of redactions and sealing motions would fall on my office. I am a solo practitioner and my client is not a wealthy litigant. There is insufficient basis to impose these burdens and costs for my client. Nor is it reasonable to give Mr. Rakhunov veto power over a motion filed by an adverse party. Mr. Rakhunov speaks to his experience with orders such as these, but I don't recall ever agreeing to similar language in my almost 17 years of practice.

       I will note that in the event that Mr. Rakhunov wants to file a document, he will not have to confer with anyone, but will simply be able to remove a confidential designation at his leisure. My client does not believe any of his documents are confidential. This is an asynchronous burden, as most of the data and information relevant to this case will be in the possession of Rock Fintek. Finally, Mr. Rakhunov has had months to deal with this issue, and has simply failed to raise it in a timely manner, and is only seeking a protective order long after his client should have already produced documents. The delay is interfering with the inspection of gloves by the parties, which Rock Fintek is again threatening will be destroyed in short order. The Court should decline to enter the proposed protective order. We are available for a conference if the Court desires to conduct same. In the event of a conference, we would request that the Court appoint a magistrate to supervise the inspection of the gloves in this matter, as this has become a difficult and contentious process.

Very truly yours,

Avram E. Frisch

Cc: All Counsel

