# LIPSIUS-BENHAIM LAW, LLP

80-02 Kew Gardens Road
Suite 1030
Kew Gardens, New York 11415
Telephone: 212-981-8440
Facsimile: 888-442-0284
www.lipsiuslaw.com

**ALEXANDER J. SPERBER**
DIRECT LINE: 212-981-8449
EMAIL: asperber@lipsiuslaw.com

June 26, 2023

**VIA ELECTRONIC FILING**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

>  Re:  *Kitchen Winners NY Inc. v. Rock Fintek LLC*
>       **Case No. 22-cv-05276-PAE**

Dear Judge Engelmayer,

This firm represents Plaintiff/Counterclaim Defendant Kitchen Winners NY Inc. ("Kitchen Winners") and Third-Party Defendants Adorama Inc. ("Adorama") and Joseph Mendlowitz ("Mendlowitz"; collectively, "Defendants"). We write pursuant to the Court's order dated June 22, 2023, directing Defendants "to file, no later than June 26, 2023, a letter setting forth their views as to the proposed language in the protective order."

Defendant and counterclaim/third-party plaintiff Rock Fintek LLC ("Rock Fintek") has proposed a proposed confidentiality Protective Order that would require Defendants to meet-and-confer with Rock Fintek before filing any motion that includes a document marked "confidential" by Rock Fintek and, further, conduct this meet-and-confer sufficiently in advance of the filing's due date to permit Rock Fintek to file a preemptive motion to seal.

For obvious reasons, this would impose a heavy burden on Defendants, requiring Defendants to (a) reveal to Rock Fintek the contents of their filings in advance; and (b) have their motion papers completed several days in advance of any Court-ordered deadline. As noted by defendants JNS Capital Holdings LLC and Joel Stern, there is absolutely no basis for the imposition of such a one-sided burden. (*See* ECF No. 85.)

When Defendants asked counsel for Rock Fintek for some examples of the types of documents that he would mark as "confidential," counsel identified his "client's business/financial relationships with Ascension and others, including for products not purchased from your clients, bank records, business strategies, etc." Defendants will, of course, comply with Federal Rule of Civil Procedure 5.2's requirements for redacting bank account numbers and similar information.

LIPSIUS-BENHAIM LAW, LLP
Honorable Paul A. Engelmayer
June 26, 2023
Page 2 of 2

None of the categories of documents identified by counsel for Rock Fintek, however, would rise to this Circuit's high standard for filing a document under seal.

  I have reviewed the model protective orders published by Magistrate Judges Sarah L. Cave and Valerie Figueredo, a copy of which is attached hereto as Exhibit A.[1] That confidentiality order explicitly contains the following paragraph:

> Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

  Given the absence of any special showing by Rock Fintek that would indicate the need for a more specialized protective order, Defendants respectfully suggest that the model protective order would be appropriate in this case.

  We thank the Court for its continued attention to this matter.

Respectfully submitted,

LIPSIUS-BENHAIM LAW, LLP

Alexander J. Sperber

cc: All parties via ECF

---

[1] Magistrate Judge Andrew E. Krause has published a model protective order which is slightly different, but likewise contains a paragraph providing that "there is no presumption that [confidential] information shall be filed with the Court under seal." *See* https://nysd.uscourts.gov/sites/default/files/practice_documents/AEK%20Krause%20Model%20Confidentiality%20and%20Protective%20Order.pdf