

June 30, 2023

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

**<u>Via Electronic Filing</u>**

    Re:    Kitchen Winners NY Inc. v. Rock Fintek LLC, Case No. 22-cv-05276-PAE

Dear Judge Engelmayer:

    This firm represents JNS Capital Holdings LLC and Joel Stern. I write in regard to the correspondence from counsel for Rock Fintek LLC regarding the sale of gloves that are currently in the Grayslake, Illinois warehouse owned by Medline. I write to clarify our position on the disposition of these gloves. As an initial matter, while at the present time the JNS parties have no present intention to return to Grayslake, we have not yet received any documentation from either Medline or Ascension (both of whom were recently served subpoenas). We only received documents from Rock Fintek on Wednesday afternoon, and are still in the process of reviewing same. No depositions have yet been conducted in this matter. We cannot be certain that additional questions will not arise, and believe we are within our rights to raise any claims, defenses or other matters as they arise.

    Mr. Rakhunov's unilateral declaration as to what discovery may need to be obtained from the inspection of the gloves is simply insufficient. My client has indicated that his inspection in Grayslake casts substantial doubt on the counts offered by Medline to date, and we simply have no obligation to rely on an adverse party and its contractors to provide us with verification. The JNS parties are not convinced at this time that there is a method of making statistical inferences due to numerous facts related to the collections of gloves, and notably, Rock Fintek has not presented any expert witness to substantiate its reliance on sampling.

    There is no doubt that Rock Fintek currently has knowledge that the gloves are potential evidence in this matter. "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001). Under Fed. R. Civ. P. 37 and the Court's inherent authority, the question of sanctions for destruction of evidence depends on the finding of culpability. As discovery continues, the JNS Parties may learn that the rush to

destroy evidence (about which Rock Fintek has already been cautioned by the Court) is due to the desire to prevent the JNS Parties from defending the action, as opposed to the stated aim of mitigation of damages.  Rock Fintek's desire for the Court to bless its choices is simply unwarranted.  As such, Rock Fintek is free to make whatever decisions it deems appropriate, but should not expect that the Court or the opposing parties will absolve it from the consequences of its decisions.

      This entire discussion should also be viewed in light of Rock Fintek's recent revelation that Ascension Health has made an ultimatum that the gloves must be disposed of by Mid-July.  Despite frequently claiming that this was going to occur, Rock Fintek, Ascension and Medline have continually ignored requests for information, and efforts to schedule inspections.  Between myself and Mr. Sperber, at least ten requests were made over the course of the past 10 months, yet almost a year into this litigation, and the parties have only received access to one warehouse.

      As we had set forth in our prior correspondence, (and objected to by Mr. Rakhunov), we believe that the discovery process in this case requires more active court supervision and again suggest that the Court appoint a magistrate judge so that these matters may be resolved without the frequent need for letters to the Court.  We remain available for a conference if the Court desires to conduct same, except that I am on vacation from July 10-18 with my family in California.

      Very truly yours,

Avram E. Frisch

Cc: All Counsel

