# LIPSIUS-BENHAIM LAW, LLP

80-02 Kew Gardens Road
Suite 1030
Kew Gardens, New York 11415
Telephone: 212-981-8440
Facsimile: 888-442-0284
www.lipsiuslaw.com

**ALEXANDER J. SPERBER**
DIRECT LINE: 212-981-8449
EMAIL: asperber@lipsiuslaw.com

July 3, 2023

**VIA ELECTRONIC FILING**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

    Re:    *Kitchen Winners NY Inc. v. Rock Fintek LLC*
            Case No. 22-cv-05276-PAE

Dear Judge Engelmayer,

      This firm represents Plaintiff/Counterclaim Defendant Kitchen Winners NY Inc. ("Kitchen Winners") and Third-Party Defendants Adorama Inc. ("Adorama") and Joseph Mendlowitz ("Mendlowitz"; collectively, "Defendants"). We write in response to the letter filed by defendant and counterclaim/third-party plaintiff Rock Fintek LLC ("Rock Fintek") on June 29, 2023, in which Rock Fintek seeks "a prompt conference in advance of [its] filing a motion to allow for an immediate sale of the gloves located at the Grayslake, Illinois warehouse, where the parties have completed an inspection and sampling process." (ECF No. 88.)

      As counsel for Rock Fintek has noted, Defendants are potentially interested in conducting a complete inventory count of all of the gloves currently being held by Medline Industries ("Medline") on behalf of Ascension. While counsel for Rock Fintek uses the phrase "re-count" in his letter, Defendants have *never* had the opportunity to count the gloves at issue. Rock Fintek is instead referring to a prior count of the gloves conducted by either Medline or Ascension. Medline and Ascension, however, may be interested parties in this dispute and Defendants are entitled to conduct their own inventory count – particularly as the parties' visit to the Grayslake, Illinois warehouse revealed that the warehouse did not appear to have the same number of gloves as represented by Medline on the documentation provided to us.

      Rock Fintek argues that it should be permitted to dispose of the gloves, because "the parties have had the opportunity to obtain gloves samples from Grayslake" and because "[t]he parties are free to later argue whether samples obtained are statistically significant or the like." (ECF 88 at p. 3.) That argument, however, confuses the issues. Sampling *may* provide a method for testing large quantities of gloves to determine whether they conform to certain specifications, but it will not tell

LIPSIUS-BENHAIM LAW, LLP
Honorable Paul A. Engelmayer
July 3, 2023
Page 2 of 2

the parties how many of the gloves sold by Defendants remain unused in Medline's warehouses. The only way to make that determination is to count them.

We are sensitive to the concerns raised by counsel for Rock Fintek and are prepared to move expeditiously to conduct an inventory count at the Grayslake facility. Unfortunately, however, Medline has been slow in responding to our inquiries as to what they would charge us to retrieve all of the gloves at various warehouses for a complete inventory inspection. Without that information, we cannot judge at this time whether Medline would cooperate in such an inventory count and whether the process would be financially feasible.

Rock Fintek's disposal of the gloves before Defendants have an opportunity to conduct a complete inventory count would be an obvious case of spoliation. Accordingly, we are forced to oppose their request to dispose of the gloves at this time.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

LIPSIUS-BENHAIM LAW, LLP

Alexander J. Sperber

cc:     All parties via ECF