UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KITCHEN WINNERS NY INC.,

                Plaintiff,

-v-

ROCK FINTEK LLC,

                Defendant.

---

ROCK FINTEK LLC,

                Third-Party Plaintiff and Counterclaimant,

-v-

KITCHEN WINNERS NY INC.,

                Counterclaim Defendant,

JNS CAPITAL HOLDINGS LLC, JOEL STERN, HERSHEY WEINER, JOSEPH MENDLOWITZ, ADORAMA, INC.,

                Third-Party Defendants.

22 Civ. 5276 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

    This order resolves discovery disputes reflected in a series of letters: from (1) defendant and counterclaimant Rock Fintek LLC ("Rock Fintek"), *see* Dkts. 83, 86, 88; (2) plaintiff and counterclaim defendant Kitchen Winners NY Inc. and third-party defendants Adorama, Inc., Hershey Weiner, and Joseph Mendlowitz (together, the "Adorama parties"), *see* Dkts. 87, 90; and (3) third-party defendants JNS Capital Holdings LLC and Joel Stern (together, the "JNS

1

parties"), *see* Dkts. 85, 89. Following careful review, the Court resolves the parties' discovery disputes as follows.

*First*, as to the proposed confidentiality provision in the parties' protective order, the Court finds the provision reasonably calculated to protect sensitive information of the parties and/or relevant third parties. The Court takes seriously the concern that the proposed stipulation, if applied indiscriminately, could impose an undue burden on the JNS parties and Adorama parties. However, the Court expects that the parties, including Rock Fintek, will exercise their discretion so as to designate documents "confidential" only where a reasonable justification exists for doing so and to be mindful of the presumption of public access when classifying, redacting, and requesting protection of documents to be filed on the docket. In the event that a party objects to a designation of any document or set of documents, and should this dispute be unresolved following counsels' meet-and-confer, a party may bring the discovery dispute to the Court's attention in accordance with the Court's Individual Rules and Practices.[1]

*Second*, as to Rock Fintek's request for leave to immediately sell the gloves at the Graylake, Illinois warehouse, the Court orders that, given the relevance of the quantity and quality of the gloves to the outstanding claims, the parties jointly devise arrangements to ensure that the Adorama parties and JNS parties have sufficient time to inspect and tally the gloves and that these parties complete such review in short order. The Court declines here to resolve the parties' competing representations as to past such discovery, but it presumes that the parties have

---

[1] The proposed clause requires that "[a]ny party intending to file with the Court documents designated by another party as CONFIDENTIAL in discovery shall meet and confer with the Producing Party prior to filing to allow the Producing Party to either withdraw the designation or to request appropriate protection with the Court." Dkt. 83-1. The Court's Individual Rules and Practices separately require a meet-and-confer before a discovery dispute is raised with the Court.

2

made meaningful progress in their examination of the gloves, in light of the approaching August 25, 2023 fact discovery deadline, see Dkt. 82. The Court accordingly directs the parties to confer in good faith to develop a timeline for the prompt completion of the remaining discovery as to the gloves at the warehouse at issue. The parties are directed to file, within a week of this order, a joint letter containing a status update as to their agreed-upon timeline for the discovery and sale of the gloves, including the views, if any, of implicated third parties. The parties may also file, if needed, a proposed order to be entered by the Court as to the preservation and inspection of the gloves.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 10, 2023
       New York, New York