

**New Jersey Office**
1 University Plaza
Suite 119
Hackensack, NJ 07601

**New York Office**
150 Broadway
Suite 900
New York, NY 10038

Avram E. Frisch Esq. – Admitted in NY and NJ.  Mail to NJ address.

July 28, 2023

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

**<u>Via  Electronic Filing</u>**

Re:     Kitchen Winners NY Inc. v. Rock Fintek LLC, Case No. 22-cv-05276-PAE

Dear Judge Engelmayer:

This firm represents JNS Capital Holdings LLC and Joel Stern.  I write in regard to the correspondence from counsel for Rock Fintek LLC regarding the extension of fact discovery.  As he has noted, we have consented to an extension of discovery through October 15, due to delays in the process of inspection of the gloves and the trial schedule of Mr. Rakhunov.  We have not consented to a longer extension due to my clients' desire to complete this matter, clear his name from Rock Fintek's baseless allegations, and move on with his life.

The extension is particularly unreasonable when I first raised the question of scheduling depositions in early July and Mr. Rakhunov informed me that his clients were on vacation for all of August, he was unavailable for all of September and October and the earliest any depositions could occur would be in November.  It was due to this response that I suggested that he allow his associate, Ms. Riddle, to handle some of the depositions so as to avoid undue delay.

As to the production of documents, Mr. Stern is not actively in this business any longer, and works full time in an unrelated job.  Due to these facts, Mr. Stern did not have the documents readily available and had limited time to scour his old emails and text messages to complete the production.  This was further exacerbated by his need to take time from work to travel the country to inspect the gloves.  In any event, his production is now complete.  Mr. Rakhunov may have concerns about items he believes to be missing, and we will work with him promptly as soon as he makes those concerns known.  The total number of pages referenced by Mr. Rakhunov is irrelevant, as Rock Fintek has substantial paperwork regarding the gloves once they were acquired, and Mr. Stern simply has very limited documentation related to the few sales that he made to Rock Fintek.

Currently, the only party with outstanding discovery is Rock Fintek.  They have refused to answer interrogatories from the Stern Parties that were served months ago.  They

 

initially objected to the fact that some of the questions exceeded the scope of the local rules, to which I responded that they should simply ignore any interrogatories that so exceeded the scope of those permitted by the local rules. Mr. Rakhunov did not object to this approach until today, but has failed to answer anything. Furthermore, Mr. Rakhunov did not provide any information in his client's initial disclosures about Rock Fintek's damages, a major issue in the case. As such, Rock Fintek is the only party with any outstanding discovery obligations.

Furthermore, Rock Fintek was quite delayed in producing its own documents, waiting until well into July to produce its own documents. Due to this delay, I am still actively reviewing this production, but will ensure that I am available for depositions despite having my own trials calendared in September.

Very truly yours,

Avram E. Frisch

Cc: All Counsel

