## Phillip Rakhunov

**From:** Phillip Rakhunov
**Sent:** Wednesday, September 21, 2022 9:52 AM
**To:** Alexander Sperber; Avram Frisch
**Subject:** RE: FW: Activity in Case 1:22-cv-05276-PAE Kitchen Winners NY Inc. v. Rock Fintek LLC Memo Endorsement
**Attachments:** RF_000001 - RF_000010.pdf

Alex and Avi,
Please see the attached document bates-labelled RF_000001 through RF_000010. We are working on a production of images and videos that had been taken of the gloves at various times in warehouses and will get that out as soon as possible.
With respect to a preservation plan, we are considering a proposal where Rock Fintek (or the parties jointly) would contract with the warehouses to have one or more warehouse employees preserve (and document the preservation process) a box of gloves (containing 10 cartons with 100 gloves per carton) from each pallet of gloves upon the removal of the gloves from the warehouses (regardless of whether the gloves are disposed of by Ascension or sold to a third party). We believe that such a process would provide a representative sample of the gloves in a quantity more than sufficient for testing and inspection by all parties.
Let me know if you have any thoughts on this potential proposal.
Regards,
Phil

---

**From:** Alexander Sperber <asperber@lipsiuslaw.com>
**Sent:** Tuesday, September 20, 2022 10:54 AM
**To:** Avram Frisch <frischa@avifrischlaw.com>
**Cc:** Phillip Rakhunov <prakhunov@psdfirm.com>
**Subject:** Re: FW: Activity in Case 1:22-cv-05276-PAE Kitchen Winners NY Inc. v. Rock Fintek LLC Memo Endorsement

Phil,

I am following up on our past requests for more information about the gloves being held by Ascension. Please forward me information on the number of gloves, warehouse locations, how they are tracked, etc. Inventory documents from Ascension would be helpful. Our response is due in 10 days, and I do not want to be formulating a position on how to handle the gloves at the absolute last minute -- particularly as I will be out of the office for part of next week due to the Jewish holidays.

Alex

**Alexander J. Sperber**

**Lipsius-Benhaim Law LLP**
80-02 Kew Gardens Rd., Suite 1030 | Kew Gardens, NY 11415
Direct: 212.981.8449 | Main: 212.981.8440 | Fax (888) 442-0284

**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm may contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you received this e-mail in error, do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

On Wed, Sep 7, 2022 at 6:57 PM Alexander Sperber <asperber@lipsiuslaw.com> wrote:

I'm just going to concur with Avram's email. We need more information if we are going to be able to comply with the Court's order.

**Alexander J. Sperber**

**Lipsius-Benhaim Law LLP**
80-02 Kew Gardens Rd., Suite 1030 | Kew Gardens, NY 11415
Direct: 212.981.8449 | Main: 212.981.8440 | Fax (888) 442-0284

**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm may contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you received this e-mail in error, do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

On Wed, Sep 7, 2022 at 4:43 PM Avram Frisch <frischa@avifrischlaw.com> wrote:

Phil,

In order to deal with this, we need some information as to the number of gloves, warehouse locations, how they are tracked etc. I think this is very important for coming up with a proposed order here. He is not giving us a lot of time to deal with this, but I do not even know where to begin on this with the paucity of information provided. It is time to show your hand a bit.

Avram E. Frisch, Esq.

Frischa@avifrischlaw.com

1 University Plaza, Suite 119 Hackensack, NJ 07601

201-289-5352

Fax: 866-883-9690

---

**From:** NYSD_ECF_Pool@nysd.uscourts.gov <NYSD_ECF_Pool@nysd.uscourts.gov>
**Sent:** Wednesday, September 7, 2022 4:36 PM
**To:** CourtMail@nysd.uscourts.gov
**Subject:** Activity in Case 1:22-cv-05276-PAE Kitchen Winners NY Inc. v. Rock Fintek LLC Memo Endorsement

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Southern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 9/7/2022 at 4:36 PM EDT and filed on 9/7/2022

**Case Name:** Kitchen Winners NY Inc. v. Rock Fintek LLC
**Case Number:** 1:22-cv-05276-PAE
**Filer:**
**Document Number:** 56

**Docket Text:**
**MEMO ENDORSEMENT on re: [51] Letter filed by Rock Fintek LLC. ENDORSEMENT: The sole issue presented at this time is one of preservation. It is clear to the Court that there is good cause to preserve at least a subset of the gloves at issue to enable future inspection and discovery in this case. To the extent the parties choose to spar now about other issues-including the mechanics of sampling and testing or the manner in which summary judgment may eventually be litigated-it is premature to address those issues and the Court's earlier order cannot reasonably have been read to invite litigation on such matters. The Court accordingly directs that, by September 14, 2022, a joint letter be filed on the docket of the case setting forth the views of the parties and of third party Ascension as to the appropriate terms of a court order providing for the preservation of gloves sufficient to enable future inspection and discovery by any party so requesting. The Court further directs that the parties attempt to agree on a draft such order, and if agreement cannot be reached, that each party's proposed such order be attached to the joint letter. SO ORDERED. (Signed by Judge Paul A. Engelmayer on 9/7/2022) (tg)**

**1:22-cv-05276-PAE Notice has been electronically mailed to:**

Ira S Lipsius ilipsius@lipsiuslaw.com, asperber@lipsiuslaw.com, clipsius@lipsiuslaw.com, dbenhaim@lipsiuslaw.com, jjeger@lipsiuslaw.com, nsingh@lipsiuslaw.com, pmanela@lipsiuslaw.com, rtorres@lipsiuslaw.com

Avram Eliezer Frisch frischa@avifrischlaw.com

Phillip Rakhunov prakhunov@psdfirm.com, vwissa@psdfirm.com

Alexander Jared Sperber     asperber@lipsiuslaw.com

Lauren A. Riddle     lriddle@psdfirm.com

**1:22-cv-05276-PAE Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=9/7/2022] [FileNumber=28272621-0
] [4ea2e792f8fec6a498827c31d077dd21a6d35c9ded101d9f2d753abc8510060814b
3d0893514e95bfe68327b8bc029abaf6e4fad4a9bdc3c53ee2f6232909c65]]

**Phillip Rakhunov**

**From:** Phillip Rakhunov
**Sent:** Friday, September 23, 2022 1:36 PM
**To:** Alexander Sperber; Avram Frisch
**Subject:** RE: FW: Activity in Case 1:22-cv-05276-PAE Kitchen Winners NY Inc. v. Rock Fintek LLC Memo Endorsement

Alex and Avi,
I am following up regarding to my questions to Alex below and regarding the potential buyer that Avi has raised. Please let me know that information so I can confer with my client.
In addition, in furtherance of expedited preservation efforts, we have gathered some information in the form of a "Pick up Report" excel file (that is also in possession of Alex's clients) and a number of photographs and videos showing some of the gloves in some of the warehouses. These documents may be accessed via the following link:
https://app.box.com/s/clkdj0e65aovvl321980dagrc2lbkvni

Note that in the interest of moving expeditiously, these documents are not bates-stamped and are being produced natively.
Thanks,
Phil

---

**From:** Phillip Rakhunov
**Sent:** Wednesday, September 21, 2022 4:15 PM
**To:** Alexander Sperber <asperber@lipsiuslaw.com>
**Cc:** Avram Frisch <frischa@avifrischlaw.com>
**Subject:** RE: FW: Activity in Case 1:22-cv-05276-PAE Kitchen Winners NY Inc. v. Rock Fintek LLC Memo Endorsement

Alex,
While I do not know any details about their corporate structure, "The Resource Group" and "Ascension" both refer to the hospital. "Medline" is a third-party warehouse operator that Ascension hires for storage.
Of course, we will cooperate with your client's request to inspect the gloves. I am inquiring into the logistics. Are your clients looking to visit each warehouse or some subset of them?
As far as counts, since these gloves are not being used by the hospital, I would expect the numbers in the documents I sent over earlier to be substantially accurate. As for documentation of any gloves going in or out, my understanding is that such information would be in the possession of Medline. We are not aware of any material number of gloves having been removed.
Do you have any comments with respect to the preservation discussion below?
Note that I took Avi's client off the email chain.
Thanks,
Phil

---

**From:** Alexander Sperber <asperber@lipsiuslaw.com>
**Sent:** Wednesday, September 21, 2022 2:06 PM
**To:** Phillip Rakhunov <prakhunov@psdfirm.com>
**Cc:** Avram Frisch <frischa@avifrischlaw.com>; Joel Stern <9070854@gmail.com>
**Subject:** Re: FW: Activity in Case 1:22-cv-05276-PAE Kitchen Winners NY Inc. v. Rock Fintek LLC Memo Endorsement

Phil,

Please advise as to the identity and role of the various entities on the document that you sent. Who is The Resource Group? Medline? Where is Ascension in all of this?

The inventory count that you sent is nearly a year old. We need an updated count that accurately reflects the number of Medcare gloves that Ascension is now holding in each of its warehouses, along with documentation showing the number of Medcare gloves going in and out of its warehouses.

My clients would also like an opportunity to visit the warehouses and perform a physical inventory. Please provide a window of time in which they or their representatives can go and perform an inspection.

Alex

**Alexander J. Sperber**

**Lipsius-Benhaim Law LLP**
80-02 Kew Gardens Rd., Suite 1030 | Kew Gardens, NY 11415
Direct: 212.981.8449 | Main: 212.981.8440 | Fax (888) 442-0284

CONFIDENTIAL COMMUNICATION
*E-mails from this firm may contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you received this e-mail in error, do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

On Wed, Sep 21, 2022 at 11:00 AM Phillip Rakhunov <prakhunov@psdfirm.com> wrote:

> Since each pallet will be sampled and documented, any chain of custody or source concerns can be addressed in discovery. Right now, I am more focused on preservation. Also, there are bills of lading and other detailed documentation regarding each shipment that are (or should be) in each of our respective clients' possession.
>
> As I said, we are open to any mitigation efforts including an introduction to the potential buyer so long as there are no preconditions to moving forward such as releases.
>
> ---
>
> **From:** Avram Frisch <frischa@avifrischlaw.com>
> **Sent:** Wednesday, September 21, 2022 10:48 AM
> **To:** Phillip Rakhunov <prakhunov@psdfirm.com>; Alexander Sperber <asperber@lipsiuslaw.com>
> **Cc:** Joel Stern <9070854@gmail.com>
> **Subject:** RE: FW: Activity in Case 1:22-cv-05276-PAE Kitchen Winners NY Inc. v. Rock Fintek LLC Memo Endorsement
>
> Well the email was not clear at all. I am still reviewing the issues with my client. As to the question of Rock fintek's suppliers, forgive me for not just taking your word for it.

If they are not interested in the offer, then that is fine, but I need a straight answer. I have no ability to sell the gloves without their cooperation. If they want an introduction to the buyer, then we can make that happen, but it is your client's duty to mitigate their alleged damages, and it would seem to me that blowing off an offer of a potential buyer for all of the gloves would be a sign that they have no interest in complying with their duties.

Avi

________________________________

Avram E. Frisch, Esq.

Frischa@avifrischlaw.com

1 University Plaza, Suite 119 Hackensack, NJ 07601

201-289-5352

Fax: 866-883-9690

---

**From:** Phillip Rakhunov <prakhunov@psdfirm.com>
**Sent:** Wednesday, September 21, 2022 10:40 AM
**To:** Avram Frisch <frischa@avifrischlaw.com>; Alexander Sperber <asperber@lipsiuslaw.com>
**Subject:** RE: FW: Activity in Case 1:22-cv-05276-PAE Kitchen Winners NY Inc. v. Rock Fintek LLC Memo Endorsement

Did you read the entire email chain? The Medline warehouse staff did count all of the gloves, including those labelled as protection and examination. As the email explains "unrestricted" refers to those gloves labelled "examination" and "blocked" references "protection" boxes. The chart in the email (which was not created by Rock Fintek) clearly details the numbers of boxes at each warehouse. As you will see in the photos and videos that are forthcoming and as your clients know, each pallet was labelled *by your respective clients* with the source of gloves (i.e. JNS/Stern or Kitchen Winners).

To the extent I was not clear in my email below, our proposal is to obtain a case (containing 10 boxes, i.e. 1000 gloves) from each pallet as you also seem to suggest.

Does that clarification help?

With respect to a potential "buyer," we are open to cooperating with you with respect to any efforts by your clients to mitigate their damages, but need much more detail before taking any further steps.

Finally, in response to your 10:23 am email, there will be no dispute that all MedCare brand gloves that Rock Fintek purchased came from your respective clients. Gloves that Rock Fintek purchased from other suppliers were all different brands.

---

**From:** Avram Frisch <frischa@avifrischlaw.com>
**Sent:** Wednesday, September 21, 2022 10:02 AM
**To:** Phillip Rakhunov <prakhunov@psdfirm.com>; Alexander Sperber <asperber@lipsiuslaw.com>
**Subject:** RE: FW: Activity in Case 1:22-cv-05276-PAE Kitchen Winners NY Inc. v. Rock Fintek LLC Memo Endorsement

I think by box, you mean case. In any event, I do not think what you are proposing is remotely sufficient. First, the email thread you provided indicates they only counted protection gloves and not examination gloves, but the total number of each type is crucial. It must include samples of the examination gloves as well as the protection gloves. We will also need a complete count of all gloves, regardless of the cost to you to obtain that count. I also do not necessarily understand the distinctions in your chart between unrestricted and blocked, but both need to be sampled. Thus we would need samples from every pallet in every warehouse of every type of glove. Also, is there any distinction between gloves sold by Stern/JNS and those sold by Kitchen Winners? If so, they would need to be sampled independently.

Finally, is there any interest in the buyer I proposed for the gloves?

________________________________

Avram E. Frisch, Esq.

Frischa@avifrischlaw.com

1 University Plaza, Suite 119 Hackensack, NJ 07601

201-289-5352

Fax: 866-883-9690

---

**From:** Phillip Rakhunov <prakhunov@psdfirm.com>
**Sent:** Wednesday, September 21, 2022 9:52 AM
**To:** Alexander Sperber <asperber@lipsiuslaw.com>; Avram Frisch <frischa@avifrischlaw.com>
**Subject:** RE: FW: Activity in Case 1:22-cv-05276-PAE Kitchen Winners NY Inc. v. Rock Fintek LLC Memo Endorsement

Alex and Avi,

Please see the attached document bates-labelled RF_000001 through RF_000010. We are working on a production of images and videos that had been taken of the gloves at various times in warehouses and will get that out as soon as possible.

With respect to a preservation plan, we are considering a proposal where Rock Fintek (or the parties jointly) would contract with the warehouses to have one or more warehouse employees preserve (and document the preservation process) a box of gloves (containing 10 cartons with 100 gloves per carton) from each pallet of gloves upon the removal of the gloves from the warehouses (regardless of whether the gloves are disposed of by Ascension or sold to a third party). We believe that such a process would provide a representative sample of the gloves in a quantity more than sufficient for testing and inspection by all parties.

Let me know if you have any thoughts on this potential proposal.

Regards,

Phil

---

**From:** Alexander Sperber <asperber@lipsiuslaw.com>
**Sent:** Tuesday, September 20, 2022 10:54 AM
**To:** Avram Frisch <frischa@avifrischlaw.com>
**Cc:** Phillip Rakhunov <prakhunov@psdfirm.com>
**Subject:** Re: FW: Activity in Case 1:22-cv-05276-PAE Kitchen Winners NY Inc. v. Rock Fintek LLC Memo Endorsement

Phil,

I am following up on our past requests for more information about the gloves being held by Ascension. Please forward me information on the number of gloves, warehouse locations, how they are tracked, etc. Inventory documents from Ascension would be helpful. Our response is due in 10 days, and I do not want to be formulating a position on how to handle the gloves at the absolute last minute -- particularly as I will be out of the office for part of next week due to the Jewish holidays.

Alex

**Alexander J. Sperber**

**Lipsius-Benhaim Law LLP**

80-02 Kew Gardens Rd., Suite 1030 | Kew Gardens, NY 11415

Direct: 212.981.8449 | Main: 212.981.8440 | Fax (888) 442-0284

**CONFIDENTIAL COMMUNICATION**

*E-mails from this firm may contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you received this e-mail in error, do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

On Wed, Sep 7, 2022 at 6:57 PM Alexander Sperber <asperber@lipsiuslaw.com> wrote:

I'm just going to concur with Avram's email. We need more information if we are going to be able to comply with the Court's order.

**Alexander J. Sperber**

**Lipsius-Benhaim Law LLP**

80-02 Kew Gardens Rd., Suite 1030 | Kew Gardens, NY 11415

Direct: 212.981.8449  |  Main: 212.981.8440 | Fax (888) 442-0284

**CONFIDENTIAL COMMUNICATION**

*E-mails from this firm may contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you received this e-mail in error, do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

On Wed, Sep 7, 2022 at 4:43 PM Avram Frisch <frischa@avifrischlaw.com> wrote:

Phil,

In order to deal with this, we need some information as to the number of gloves, warehouse locations, how they are tracked etc. I think this is very important for coming up with a proposed order here. He is not giving us a lot of time to deal with this, but I do not even know where to begin on this with the paucity of information provided. It is time to show your hand a bit.



Avram E. Frisch, Esq.

Frischa@avifrischlaw.com

1 University Plaza, Suite 119 Hackensack, NJ 07601

201-289-5352

Fax: 866-883-9690

**From:** NYSD_ECF_Pool@nysd.uscourts.gov <NYSD_ECF_Pool@nysd.uscourts.gov>
**Sent:** Wednesday, September 7, 2022 4:36 PM
**To:** CourtMail@nysd.uscourts.gov
**Subject:** Activity in Case 1:22-cv-05276-PAE Kitchen Winners NY Inc. v. Rock Fintek LLC Memo Endorsement

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Southern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 9/7/2022 at 4:36 PM EDT and filed on 9/7/2022

**Case Name:** Kitchen Winners NY Inc. v. Rock Fintek LLC
**Case Number:** 1:22-cv-05276-PAE
**Filer:**
**Document Number:** 56

**Docket Text:**
**MEMO ENDORSEMENT on re: [51] Letter filed by Rock Fintek LLC. ENDORSEMENT: The sole issue presented at this time is one of preservation. It is clear to the Court that there is good cause to preserve at least a subset of the gloves at issue to enable future inspection and discovery in this case. To the extent the parties choose to spar now about other issues-including the mechanics of sampling and testing or the manner in which summary judgment may eventually be litigated-it is premature to address those issues and the Court's earlier order cannot reasonably have been read to invite litigation on such matters. The Court accordingly directs that, by September 14, 2022, a joint letter be filed on the docket of the case setting forth the views of the parties and of third party Ascension as to the appropriate terms of a court order providing for the preservation of gloves sufficient to enable future inspection and discovery by any party so requesting. The Court further directs that the parties attempt to agree on a draft such order, and if agreement cannot be reached, that each party's proposed such order be attached to the joint letter. SO ORDERED. (Signed by Judge Paul A. Engelmayer on 9/7/2022) (tg)**

**1:22-cv-05276-PAE Notice has been electronically mailed to:**

Ira S Lipsius ilipsius@lipsiuslaw.com, asperber@lipsiuslaw.com, clipsius@lipsiuslaw.com, dbenhaim@lipsiuslaw.com, jjeger@lipsiuslaw.com, nsingh@lipsiuslaw.com, pmanela@lipsiuslaw.com, rtorres@lipsiuslaw.com

Avram Eliezer Frisch frischa@avifrischlaw.com

Phillip Rakhunov prakhunov@psdfirm.com, vwissa@psdfirm.com

Alexander Jared Sperber asperber@lipsiuslaw.com

Lauren A. Riddle lriddle@psdfirm.com

**1:22-cv-05276-PAE Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=9/7/2022] [FileNumber=28272621-0
] [4ea2e792f8fec6a498827c31d077dd21a6d35c9ded101d9f2d753abc8510060814b
3d0893514e95bfe68327b8bc029abaf6e4fad4a9bdc3c53ee2f6232909c65]]

**Phillip Rakhunov**

**From:** Lauren Riddle
**Sent:** Wednesday, June 28, 2023 4:12 PM
**To:** asperber@lipsiuslaw.com; Avram Frisch
**Cc:** Phillip Rakhunov
**Subject:** Rock Fintek v. Adorama et al. Supplemental Production

Counsel,

Below is a secure link containing a supplemental document production by Rock Fintek, bates labelled RF_000011 through RF_002995. The password will follow by separate email. Please note that folders bates labelled CONFIDENTIAL RF_002990 through CONFIDENTIAL RF_002995 contain complete sets of WhatsApp chats in native form. Pursuant to agreement of counsel, these documents should be treated as CONFIDENTIAL and not disseminated publicly in any way, including in court filings, pending a ruling from the court on competing forms of confidentiality orders.

https://app.box.com/s/hv3flq2hrkoc9sfkhjqchw8pjk06rlv2

Lauren Riddle
Associate
**Pollack Solomon Duffy LLP**
31 St. James Avenue, Suite 940
Boston, MA 02116
t. 617.960.3121