# Phillip Rakhunov

| | |
|---|---|
| **From:** | Phillip Rakhunov |
| **Sent:** | Monday, July 31, 2023 11:42 PM |
| **To:** | asperber@lipsiuslaw.com |
| **Cc:** | Avram Frisch; Lauren Riddle |
| **Subject:** | Adorama Parties' Discovery Deficiencies - LR 37.2 Request to Meet and Confer |

Alex,

Pursuant to Local Rule 37.2, the following is a list of deficiencies regarding the Adorama Parties' discovery responses and document production on which we would like to meet and confer.  Let us know when you are available to discuss.

*Issues with Adorama Parties' Responses to Document Requests:*

1. <u>General and boilerplate objections</u>. The boilerplate objections in general objections and then in nearly every response are improper and make it impossible to for us to determine what documents are being withheld or even searched for. Boilerplate general objections include every conceivable evidentiary objection, without providing any explanation. These objections need to be removed or Adorama Parties must note where searches are being omitted or documents are being withheld based on those objections.
2. <u>Request Nos. 3, 5, 6, 10</u>. These requests generally seek documents and communications concerning Rock Fintek and the gloves sold to Rock Fintek Adorama parties' production contains no whatsapp messages, does not disclose whose telephones were searched, and does not describe any methods or search criteria applied. Communications produced by the Adorama Parties did not include any internal communications, whether email, text or whatsapp. Please provide a list of custodians and devices searched and search terms or other criteria that were used for such searches. If any emails or messages exist and were withheld based on an assertion of any privilege, they must be logged.
3. <u>Request 7, 11, 12, 17, 18, 19, 20</u>. These requests seeks communications concerning the nature of gloves sold to Rock Fintek, including the origin of all gloves sold, any promotional materials concerning the gloves, the use of labelling on the "protection" and "examination" gloves, and the chemical composition of the gloves, and chemical testing conducted on the gloves. Adorama Parties, subject to vague and internally inconsistent boilerplate objections, claim they do not possess responsive documents. This is not a credible assertion, particularly where Adorama has already produced a scant amount of responsive documents, such as cherry picked pages from testing reports. Please provide transparency in search methods to support your contention that no responsive documents exist.
4. <u>Testing Reports</u>. As you know, the Adorama Parties produced a scant selection of testing reports.  These documents are incomplete on their face, reflecting significant numbers of missing pages (*e.g.,* 000492-493).  Please produce complete testing reports together with native emails with GTS or others from whom these reports were obtained, as well as any related communications.
5. <u>Request 8 & 9</u>. These requests seek documents related to Adorama Parties transactions with other parties involving LevMed and Medcare gloves, which are plainly relevant to the claims here, including Adorama Parties' being on notice of the nature of gloves. Moreover, the confidentiality order in this matter should assuage any confidentiality concerns.
6. <u>Request 13, 29, 30</u>. Subject to vague boilerplate objections, Adorama Parties claim to lack communications between the Adorama Parties and the JNS Parties or documents and communications concerning business transactions between the Adorama Parties and the JNS Parties. This response is hardly credible given the admissions by Mr. Stern. Please provide transparency in search methods to support your contention that no responsive documents exist.
7. <u>Requests 22-25, 27, 28</u>. These requests seek documents concerning both Adorama and Kitchen Winners, including their corporate structure, financial statements, tax returns, and bank accounts, which are relevant to, among other things, damages claimed by Kitchen Winners in their claims against Rock Fintek and Rock Fintek's

veil piercing claims. We believe Adorama Parties' refusal to search for and produce any documents is improper, but are willing to discuss a reasonable narrowing of these requests.

*Issues with Adorama Parties' Document Productions to Date*

8. Email Domains. Your clients' productions seems to include only communications from Gmail accounts, while it is evident that certain individuals had used other email domains (*see, e.g.,* 000035, 000058, 000059, 000061, 000065).
9. Native Spreadsheets. Please produce natively excel sheets at bates 000103-106.
10. Incomplete communications. Certain communications between Mendlowitz and Weiner are incomplete on their face (*see* 000035, 000058, 000061, 000065, 000086). Please produce complete email strings. If anything is being withheld as privileged, it should be logged.
11. Documents bates labelled 000234 and 000449 appear to be a screenshot of text messages. The text snippets are unintelligible, and Rock Fintek cannot determine who these text messages are between, when the text messages occurred, etc. Please provide the full text communication in a properly usable format.
12. The productions lack any WhatsApp or other messaging service messages between Adorama Parties and Stern, or internally at Adorama. Please provide transparency in search methods to support your contention that no responsive documents exist.

The above list is not meant to be exhaustive and we reserve the right to raise further discovery deficiencies in addition to the topics above.
Thanks,
Phil


**PHILLIP RAKHUNOV**
**POLLACK SOLOMON DUFFY LLP**
BOSTON – NEW YORK
31 St. James Avenue, Suite 940
Boston, MA 02116
617.439.9800
617.960.3118 (direct)
www.psdfirm.com