

August 28, 2023

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

**<u>Via Electronic Filing</u>**

      Re:    Kitchen Winners NY Inc. v. Rock Fintek LLC, Case No. 22-cv-05276-PAE

Dear Judge Engelmayer:

      This firm represents JNS Capital Holdings LLC and Joel Stern. I write to request a premotion conference in regard to a discovery dispute that has arisen between the parties. Rock Fintek has consistently failed to document its claimed damages in this matter. As the Court is aware, the provisions of Rule 26(a)(1)(A) require each party to provide "(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." In response to this, in its initial disclosures, which were only served on May 15, 2023, Rock Fintek stated as follows: "At this stage in the litigation, Rock Fintek is unable to calculate its damages and reserves the right to assess damages at a later stage once discovery has progressed."

      The Kitchen Winners parties had also requested a computation of damages in their interrogatories. Assuming these interrogatories would be fully answered, the parties awaited the responses, which were only served on August 1, 2023. These responses stated that the parties should look at the documents produced for the damages calculations. The Kitchen Winners parties and JNS parties both indicated to Mr. Rakhunov that this was insufficient to meet their discovery obligations, and that if Rock Fintek would not actually provide a calculation of claimed damages, they would seek relief from the court, as it is not appropriate to expect the Defendants to guess as to the claimed damages from thousands of pages of documents. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 293-294 (2d Cir. 2006).

      In addition, the parties held a meet and confer with Mr. Rakhunov via telephone conference around the time the interrogatories were answered. Mr. Rakhunov promised to provide the same prior to the first deposition of Bradley Gilling, one of the principals of




Rock Fintek, which will occur tomorrow, August 29, 2023.  Last week, Mr. Rakhunov was reminded via email that we were expecting his complete damage calculations, and this morning I again followed up via email.  Mr. Rakhunov now states that he will not be providing the damage calculations until prior to the deposition of Rock Fintek's owner, Thomas Kato, on September 20, 2023, as he asserts that it is more appropriate due to Kato allegedly being designated as Rock Fintek's 30(b)(6) witness.

      In response to this, the parties exchanged several follow up emails, and I attempted to reach Mr. Rakhunov by phone.  As the matter is time sensitive, and that conversations with Mr. Rakhunov lead to unkept promises, there is no time to wait for further efforts to meet and confer.

      At this point, it has become clear that Mr. Rakhunov is attempting to hide the ball on Rock Fintek's damages until as late in discovery as possible.  The JNS parties seek permission to make a motion to preclude the introduction of evidence as to damages calculations that have not yet been provided by Rock Fintek.  *See 24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 566 F. Supp. 2d 305 (S.D.N.Y. 2008).  Fact discovery is ending on October 15, 2023, and there is no other relief that will ensure that the JNS Parties (and likely the Kitchen Winners parties, as well) can complete discovery on this highly significant issue in the case.

      Very truly yours,

Avram E. Frisch

Cc: All Counsel

