

**PSD**
NEW YORK    BOSTON
www.psdfirm.com

**POLLACK SOLOMON DUFFY LLP**
43 West 43rd Street, Suite 174, New York, NY 10036
617-439-9800
prakhunov@psdfirm.com

August 28, 2023

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

    Re:    *Kitchen Winners NY Inc. v. Rock Fintek LLC*, Case No. 22-cv-05276-PAE
              **Reply to Letters Regarding Disclosure of Damages**

Dear Judge Engelmayer:

    This firm represents defendant and counterclaim/third-party plaintiff Rock Fintek LLC. We write in response to Attorney Frisch's letter dated August 28, 2023 seeking a pre-motion conference in connection with Rock Fintek's disclosure of damages. Mr. Frisch's letter is not only premature in raising a hypothetical discovery dispute, but misrepresents any purported urgency as well as Rock Fintek's discovery responses to date.

    Consistent with the colloquy at the initial pretrial conference, Rock Fintek has identified its damages categories in its August 1, 2023 interrogatory responses as follows:

> Unpaid amounts owed to Rock Fintek, which can be calculated through the documents produced in discovery; Destruction of Rock Fintek's relationship with Ascension, which can be calculated through the documents produced in discovery and potential expert and fact witness testimony.

Rock Fintek has produced documents supporting the existence of its relationship with Ascension, including a handful of easily ascertainable communications and purchase orders (far from "thousands of pages") predating the transactions at issue. Notably, neither the Adorama Parties nor the JNS Parties have raised any concerns regarding Rock Fintek's document production, which includes the information supporting Rock Fintek's damages theories.

    Rock Fintek's Rule 30(b)(6) representative is scheduled to be deposed on **_September 20, 2023_**, and is expected to provide detailed testimony regarding Rock Fintek's damages. In addition, Rock Fintek has agreed to provide a supplemental damages disclosure in advance of *Rock Fintek's* deposition and intends to abide by that agreement, including identifying a handful of pertinent

documents produced in discovery reflecting Rock Fintek's prior transactions with Ascension, which information is now equally available to all parties. Information and the basis regarding Rock Fintek's anticipated *future* business with Ascension is naturally fodder for deposition testimony. Indeed, the parties are currently scheduling a deposition of an Ascension Health representative where one of the agreed-upon topics of testimony is "Ascension's plans to purchase future products from Rock Fintek."

Furthermore, as identified in its interrogatory responses, certain aspects of Rock Fintek's damages regarding the loss of its business relationship with Ascension may include expert testimony, which is not required to be produced with the plaintiff's Rule 26(a)(1) disclosures. *See Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 CIV. 5560 RMB HBP, 2006 WL 1520227, at *1 (S.D.N.Y. June 1, 2006), on reconsideration in part, No. 03CIV5560(RMB)(HBP), 2008 WL 4200601 (S.D.N.Y. Sept. 12, 2008). In pressing for some mathematical calculations of lost future business, the JNS Parties ignore that under New York law, Rock Fintek is not required to provide mathematical precision but need only provide the jury with a sound basis for approximating with reasonable certainty the profits lost as a result of the breaching parties' conduct. *See S & K Sales Co. v. Nike, Inc.*, 816 F.2d 843, 853 (2d Cir. 1987).

At his upcoming deposition on August 29, Bradley Gilling is appearing in his individual capacity. While the Adorama Parties and JNS Parties are free to question Mr. Gilling about any facts within his personal knowledge concerning the transactions and relationships underlying this case, including damages, Mr. Gilling is not being offered as a corporate representative on the topic of damages or as a percipient expert witness. In other words, Mr. Gilling's upcoming deposition is irrelevant to the extraordinary relief Mr. Frisch is requesting.

Mr. Frisch's letter raises a hypothetical discovery dispute before a single party deposition has taken place. No one is hiding anything. Rock Fintek thus respectfully requests that the Court deny the JNS Parties' letter motion.

                                                 Respectfully submitted,

                                                 /s/Phillip Rakhunov
                                                 Phillip Rakhunov

cc:      All counsel (via ECF)