

# LIPSIUS-BENHAIM LAW, LLP

80-02 Kew Gardens Road
Suite 1030
Kew Gardens, New York 11415
Telephone: 212-981-8440
Facsimile: 888-442-0284
www.lipsiuslaw.com

**ALEXANDER J. SPERBER**
DIRECT LINE: 212-981-8449
EMAIL: asperber@lipsiuslaw.com

August 30, 2023

<u>**VIA ECF**</u>
Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

  **Re:**  *Kitchen Winners NY Inc. v. Rock Fintek LLC*,
     Case No. 22-cv-05276-PAE
     <u>Our File No: 5529.0002</u>

Dear Judge Engelmayer:

  This firm represents plaintiff and counterclaim-defendant Kitchen Winners NY Inc., as well as third-party defendants Adorama Inc. and Joseph Mendlowitz (collectively "Defendants"). Defendants respectfully submit this letter to join the request of third-party defendants JNS Capital Holdings LLC and Joel Stern (collectively, the "JNS Defendants") for a pre-motion conference.

  As explained by the JNS Defendants, Rock Fintek LLC ("Rock Fintek") has refused to disclose the damages that it is seeking despite the repeated requests of the defendants in this action. Contrary to the assertions of Rock Fintek, this is not a "hypothetical" dispute. It hardly needs to be said, but Rock Fintek surely knew the damages that it was seeking when it filed its 41-page Counterclaim and Third-Party Complaint. Its refusal to disclose those damages appears to be little more than a gambit to hide that information until it is too late for the defendants to conduct discovery into those calculations and their underlying documentation.

  On or about May 15, 2023, Rock Fintek belatedly served its Rule 26 disclosures. Yet despite the clear language of Fed. R. Civ. Pro. 26(a)(1)(A)(iii), Rock Fintek provided neither the categories nor a computation of its damages. Instead, Rock Fintek asserted that "[a]t this stage in the litigation, Rock Fintek is unable to calculate its damages and reserves the right to assess damages at a later stage once discovery has progressed." (Exhibit A.)

  As a result of that non-answer, Defendants followed up with an interrogatory specifically requesting that Rock Fintek "[i]dentify each category of damages alleged by Rock Fintek LLC against plaintiff Kitchen Winners and against each third-party defendant. For each category of damages, describe the computation of such alleged damages." (Exhibit B.)

Lipsius-BenHaim Law, LLP
August 30, 2023
Page **2** of **3**

On or about August 1, 2023, Rock Fintek served its Responses and Objections to Defendants' Interrogatories. In response to the interrogatory seeking clarification of its damages, Rock Fintek only vaguely claimed that it was seeking "unpaid amounts owed to Rock Fintek" and the "destruction of [its] relationship with Ascension." Rock Fintek failed to respond with the precise amount of its damages, and likewise failed to respond with a computation of its damages. (Exhibit C.) Instead, Rock Fintek attempted to shift the burden of calculating its own damages onto Defendants, asserting that Defendants could calculate Rock Fintek's damages by sifting through thousands of pages of produced documents. Rock Fintek did not specify which documents purportedly pertain to which damages. Rock Fintek also failed to provide any method of calculating its damages.

This kind of response is plainly improper. In *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 293-294 (2d Cir. 2006), the Second Circuit approvingly quoting the following:

> THE COURT: Mr. Dweck [Design's counsel], it is not as simple as simply providing the [financial statements] to the defendant without your providing as well a specific formula indicating how your theory of damages is supported. That is not something that the defendant is in a position to do for you.
>
> The only way that you can establish that you suffered damages is to be able to set it forth in some theory and then support the theory with facts. Simply providing documents to the defendant and assuming that somehow the defendant will divine what your alleged lost profits are by having documents is not sufficient. This Court on that basis is persuaded that this record does not support that theory.
>
> MR. DWECK: . . . I didn't think we were obligated to do their homework.
>
> THE COURT: It is quite the opposite, Mr. Dweck. You, the plaintiff, are the one[] who [is] asserting the damages. If you assert the damages and you claim that you suffered a certain amount of injury, it is for you, you have the burden of proof an injury and the amounts thereof, and they have to be calculated with reasonable certainty. So your saying that you provided documents to the defendant doesn't go far enough in meeting your burden of proof on this issue.

*See also*, *Spotnana, Inc. v. Am. Talent Agency, Inc.*, 2010 U.S. Dist. LEXIS 86457 at *3 (S.D.N.Y. Aug. 17, 2010) ("ATA contends that it has complied with Rule 26[] because it has provided e-mail chains and a wire log that purports to state the amounts . . . ATA's proffered e-mail chains are not a 'computation of each category of damages claimed' . . . ATA does not even indicate which of those transactions relate to this action and which do not.").

Lipsius-BenHaim Law, LLP
August 30, 2023
Page **3** of **3**

       On or about August 2, 2023, Defendants served Rock Fintek with a deficiency letter based on its failure to disclose its damages. (Exhibit D.) The parties then met-and-conferred to discuss the issue, during which counsel for Rock Fintek unambiguously promised that Rock Fintek would disclose its damage calculations prior to the first deposition. Both I and counsel for the JNS Defendants specifically noted that that deposition was scheduled for late August.

       On August 23rd, August 25th, and August 28th, I again followed up via email seeking Rock Fintek's complete damage calculations. On August 28th, however, counsel for Rock Fintek suddenly declared that Rock Fintek would not be providing its damage calculations until prior to the deposition of Rock Fintek's owner, Thomas Kato, on September 20, 2023—nearly a month from now. That response is not only contrary to counsel's prior assurances, but is wholly inappropriate. Rock Fintek had an obligation to disclose its damages at the beginning of discovery so that the parties could conduct discovery into their calculation and supporting documentation. Its refusal to produce them until the very end of discovery (discovery is scheduled to conclude on October 15, 2023) threatens to severely prejudice Defendants. Defendants cannot adequately pursue discovery without understanding the nature of Rock Fintek's claims, and will certainly be limited in their ability to question Rock Fintek's witnesses during their depositions.

       Even in its opposition letter submitted on Monday, Rock Fintek appears to be engaging in a linguistic sleight of hand. Rock Fintek asserts that Defendants can deduce its damages from "a handful of easily ascertainable communications and purchase orders." Yet those purchase orders do not disclose, for example, whether Rock Fintek ever returned the money it received from its customer, Ascension. If it did not, as its first witness has now testified, then far from being damaged Rock Fintek actually made a profit on its transaction with Defendants. Similarly, Defendants do not even know where to begin unpacking Rock Fintek's extraordinarily vague assertion that it is seeking "unpaid amounts owed to Rock Fintek."

       Accordingly, Defendants respectfully request that the Court either schedule a conference to address this discovery dispute or grant Defendants permission to make a motion to preclude Rock Fintek from introducing any evidence as to its damages. *See 24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 566 F. Supp. 2d 305 (S.D.N.Y. 2008) (precluding damages not disclosed in Rule 26 disclosures); *Austrian Airlines Oesterreichische Lufverkehrs AG v. UT Fin. Corp.*, 2005 U.S. Dist. LEXIS 7283 (S.D.N.Y. April 28, 2005) (same).

       I thank the Court for its continued attention to this matter.

                                                            Respectfully submitted,

                                                             Alexander J. Sperber, Esq.

cc:     All Counsel (via ECF)