UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KITCHEN WINNERS NY INC., <br><br> *Plaintiff*, <br><br> -against- <br><br> ROCK FINTEK LLC, <br><br> *Defendant*. | Civil Action No. 22-cv-05276-PAE |
| ROCK FINTEK LLC, <br><br> *Counterclaim and Third-Party Plaintiff*, <br><br> -against- <br><br> KITCHEN WINNERS NY INC., <br><br> *Counterclaim Defendant,* <br><br> and <br><br> ADORAMA INC., HERSHEY WEINER, JOSEPH MENDLOWITZ, JNS CAPITAL HOLDINGS LLC and JOEL STERN <br><br> *Third-Party Defendants.* | |

**PLEASE TAKE NOTICE** that pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff/Counterclaim Defendant Kitchen Winners NY INC. ("Kitchen Winners") and Third-Party Defendants Joseph Mendlowitz ("Mendlowitz") and Adorama Inc. ("Adorama"; collectively "Defendants") hereby request that Defendant/Counterclaim Plaintiff Rock Fintek LLC ("Rock Fintek") respond to the interrogatories set forth below (the "Interrogatories") separately and fully in writing and under oath within thirty (30) days of service of this notice:

1

## **DEFINITIONS**

(1)     Adorama. The term "Adorama" shall refer to Adorama INC., a Third-Party Defendant in this action.

(2)     Ascension. The term "Ascension" shall refer to the entity referred to as "Ascension" in paragraphs 108 and 109 of Rock Fintek's First Amended Counterclaim and Third-Party Complaint.

(3)     Contract. The term "Contract" means an agreement, whether or not it is reduced to writing, between two or more persons creating obligations that are enforceable or otherwise recognizable at law. With respect to these Requests, the term "contract" includes all previous and subsequent versions of the contract, including without limitation all restated or amended versions.

(4)     Gloves. The term "gloves" refers to the gloves sold to Rock Fintek by Kitchen Winners and/or Adorama pursuant to the Sales Purchase Agreement dated April 7, 2021 or thereafter based on oral agreements between the parties.

(5)     You and/or Your. The term "You" and/or "Your" shall refer to Rock Fintek LLC.

(6)     Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise). This term shall include any non-documentary transmission of information and includes, but is not limited to, oral statements, telephone conversations, negotiations, conferences, or meetings, however formal or informal.

(7)     Complaint. The term "Complaint" shall refer to the First Amended Counterclaim and Third-Party Complaint, dated August 5, 2022.

(8)     Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors,

employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(9)     Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(10)    Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

(11)    Kitchen Winners. The term "Kitchen Winners" shall refer to Kitchen Winners NY INC.

(12)    Rock Fintek. The term "Rock Fintek" shall refer to Rock Fintek LLC.

(13)    The following are rules of construction:

(a) "All/Each". The term "all" and "each" shall be construed as all and each.

(b) "And/Or". The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(c) "Number". The use of the singular form of any word shall include the plural and vice versa.

## INSTRUCTIONS

(1)     Each Interrogatory that seeks information relating in any way to communications to, from, or within a business and/or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents and/or servants of the business and/or corporate entity.

(2) Any Interrogatory propounded in the disjunctive shall also be read as if it is propounded in the conjunctive, and vice versa. Any request propounded in the masculine gender shall also be read as if propounded in the feminine and neuter gender, and vice versa. Any request propounded in the singular shall also be read as if propounded in the plural and vice versa. Any request propounded in the present tense shall also be read as if propounded in the past tense, and vice versa.

(3) If a privilege not to answer is claimed, identify each matter as to which the privilege is claimed, the nature of the privilege, and the legal and factual basis for each such claim. If such claim of privilege relates to a document, identify the author, addressee, and all recipients of copies of the document, setting forth the date and general subject matter thereof, and state the basis for the claim of privilege. Whenever a claim of privilege is made with respect to any oral communication or statement, identify the participants to the communication and/or the person giving and receiving the statement, and set forth the date and place of the communication or statement and state the general subject matter thereof and state the basis for the claim of privilege.

(4) If a refusal to respond to an Interrogatory is based on the grounds that it is overly burdensome, identify the number and nature of documents needed to be searched.

(5) If any Interrogatory cannot be responded to in full, respond to the extent possible and specify the reasons for your inability to answer.

(6) An objection or claim of privilege directed in part as to an Interrogatory does not obviate the requirement to respond to the parts of the Interrogatory for which no objection or claim of privilege is made.

(7) These Interrogatories are continuing and should you acquire any additional information responsive to these Interrogatories, the answers shall be supplemented to provide the

4

additional information in accordance with the Federal Rules of Civil Procedure and applicable rules.

## INTERROGATORIES

1. Identify the names of all witnesses with knowledge of information relevant to the subject matter of this action.

   **RESPONSE:**

2. Identify each category of damages alleged by Rock Fintek LLC against plaintiff Kitchen Winners and against each third-party defendant. For each category of damages, describe the computation of such alleged damages.

   **RESPONSE:**

3. Identify the specific location of each and every pallet of gloves that Rock Fintek purchased from Kitchen Winners and/or Adorama, for which it was not paid by Ascension and/or Medline.

   **RESPONSE:**

4. Identify the specific location of each and every pallet of gloves that Rock Fintek purchased from Kitchen Winners and/or Adorama, for which it was not paid by Ascension and/or Medline.

**RESPONSE:**

5. Identify the specific location of each and every pallet of gloves that Rock Fintek or its agents picked up from Kitchen Winners and/or Adorama on June 11, 2021.

**RESPONSE:**

6. Identify each custodian who may possess documents relevant to the subject matter of this action, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.

**RESPONSE:**

[CONTINUED ON NEXT PAGE]

7. Identify the location of all documents relevant to the subject matter of this action, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.

**RESPONSE:**

Dated: Kew Gardens, New York
       June 29, 2023

       **LIPSIUS-BENHAIM LAW LLP**
       *Attorneys for Plaintiff/Counterclaim-Defendant Kitchen Winners NY INC.*

By: _____
    Ira S. Lipsius
    Alexander J. Sperber
    80-02 Kew Gardens Road, Suite 1030
    Kew Gardens, New York 11415
    Telephone: 212-981-8440
    Facsimile: 888-442-0284
    ilipsius@lipsiuslaw.com
    asperber@lipsiuslaw.com