

# LIPSIUS-BENHAIM LAW, LLP

80-02 Kew Gardens Road
Suite 1030
Kew Gardens, New York 11415
Telephone: 212-981-8440
Facsimile: 888-442-0284
www.lipsiuslaw.com

**ALEXANDER J. SPERBER**
DIRECT LINE: 212-981-8449
EMAIL: asperber@lipsiuslaw.com

August 2, 2023

**VIA EMAIL**
Phillip Rakhunov
Pollack Solomon Duffy LLP
31 St. James Avenue, Suite 940
Boston, MA 02116
Telephone: 617.439.9800
Email: prakhunov@psdfirm.com

    Re:   **Kitchen Winners NY Inc. v. Rock Fintek LLC,**
            **Case No. 22-cv-05276-PAE**
            **Our File No: 5529.0002**

Dear Mr. Rakhunov:

    This letter is being issued pursuant to Fed. R. Civ. P. 37 in the spirit of resolving the discovery issues set forth below. Plaintiff and counterclaim-defendant Kitchen Winners NY Inc., as well as third-party defendants Adorama Inc., and Joseph Mendlowitz (collectively "Defendants") reserve the right to file a motion to compel to the extent that the issues raised herein are not resolved in the next seven (7) days.

    On or about May 15, 2023, Rock Fintek LLC ("Rock Fintek") served its initial Disclosures, pursuant to Fed. R. Civ. Pro. 26 ("Rule 26 Disclosures"). Subsequently, on or about August 1, 2023, Rock Fintek served its Responses and Objections to Defendants' Interrogatories ("Responses to Interrogatories"). We have reviewed those documents and take this opportunity to identify and outline certain deficiencies contained therein.

    In Rock Fintek's Rule 26 Disclosures, Rock Fintek failed to comply with Fed. R. Civ. Pro. 26(a)(1)(A)(iii), which requires a party to provide "a **computation** of each **category** of damages claimed by the disclosing party." (Emphasis added.)

    Rock Fintek provided neither the categories nor a computation of its damages. Rock Fintek summarily stated that "[a]t this stage in the litigation, Rock Fintek is unable to calculate its

damages and reserves the right to assess damages at a later stage once discovery has progressed." Rock Fintek has never amended its Rule 26 Disclosures and has failed to provide any assessment of its damages to the present date.

Similarly, Defendants' Interrogatory No. 2 specifically demanded that Rock Fintek identify each category of its damages and provide a computation of those alleged damages. Rock Fintek did not do so. In response, Rock Fintek only vaguely referenced "unpaid amounts owed to Rock Fintek" and the "destruction of [its] relationship with Ascension." Rock Fintek failed to respond with a precise amount of its damages, or even a formula by which Defendants could calculate them. Rock Fintek's assertion that Defendants should look through "the documents produced in discovery" is plainly improper. Rock Fintek has produced in excess of 4,000 pages, and has not even identified which specific documents purportedly contain information detailing its damages.

This is a plainly inadequate and deficient response to a valid Interrogatory. This is also a plainly inadequate disclosure under Rule 26. In *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 293-294 (2d Cir. 2006), the Second Circuit affirmed the District Court's decision and approvingly quoted the following:

> THE COURT: Mr. Dweck [Design's counsel], it is not as simple as simply providing the [financial statements] to the defendant without your providing as well a specific formula indicating how your theory of damages is supported. That is not something that the defendant is in a position to do for you.
>
> The only way that you can establish that you suffered damages is to be able to set it forth in some theory and then support the theory with facts. Simply providing documents to the defendant and assuming that somehow the defendant will divine what your alleged lost profits are by having documents is not sufficient. This Court on that basis is persuaded that this record does not support that theory.
>
> MR. DWECK: . . . I didn't think we were obligated to do their homework.
>
> THE COURT: It is quite the opposite, Mr. Dweck. You, the plaintiff, are the one[] who [is] asserting the damages. If you assert the damages and you claim that you suffered a certain amount of injury, it is for you, you have the burden of proof an injury and the amounts thereof, and they have to be calculated with reasonable certainty. So your saying that you provided documents to the defendant doesn't go far enough in meeting your burden of proof on this issue.

*See also Spotnana, Inc. v. Am. Talent Agency, Inc.*, 2010 U.S. Dist. LEXIS 86457 at *3 (S.D.N.Y. Aug. 17, 2010) ("ATA contends that it has complied with Rule 26[] because it has provided e-mail chains and a wire log that purports to state the amounts . . . ATA's proffered e-mail chains are not

a 'computation of each category of damages claimed' . . . ATA does not even indicate which of those transactions relate to this action and which do not."); *Gould Paper Corp. v. Madisen Corp.*, 614 F. Supp. 2d 485, 490 (S.D.N.Y. 2009) ("Defendants counter that they provided 'at least, seventeen (17) statements as part of [their] initial disclosure . . . These documents consisted of approximately six hundred and twenty-nine pages' . . . The documents produced by defendants, however, do not satisfy the Rule 26 requirement.").

Should Rock Fintek fail to remedy these deficiencies, Defendants specifically reserve the right move pursuant to Fed. R. Civ. P. 37(c)(1) to preclude Rock Fintek from claiming any damages for which it did not identify an exact computation during the discovery process. *See 24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 566 F. Supp. 2d 305 (S.D.N.Y. 2008) (precluding damages not disclosed in Rule 26 disclosures); *Austrian Airlines Oesterreichische Lufverkehrs AG v. UT Fin. Corp.*, 2005 U.S. Dist. LEXIS 7283 (S.D.N.Y. April 28, 2005) (same).

Accordingly, Defendants request that Rock Fintek promptly amend its Rule 26 Disclosures and provide a responsive answer to Interrogatory No. 2.

In addition, it appears that the individual who answered the interrogatories has failed to sign them as required by Fed. R. Civ. P. 33(b)(5), which mandates that "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." Please promptly remedy this defect in Rock Fintek's responses.

Should you have any questions, please do not hesitate to contact me at any time.

Very truly yours,

**LIPSIUS-BENHAIM LAW, LLP**

Alexander J. Sperber, Esq.