UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KITCHEN WINNERS NY INC.,

                              Plaintiff,

                    -v-

ROCK FINTEK LLC,

                    Defendant.

---

ROCK FINTEK LLC,

                    Third-Party Plaintiff and
                    Counter Claimant,

                    -v-

KITCHEN WINNERS NY INC.,

                    Counterclaim Defendant,

JNS CAPITAL HOLDINGS LLC, JOEL STERN,
HERSHEY WEINER, JOSEPH MENDLOWITZ,
ADORAMA, INC.,

                    Third-Party Defendants.

---

22 Civ. 5276 (PAE)

<u>ORDER</u>

PAUL A. ENGELMAYER, District Judge:

On August 28, 2023, this Court received a letter motion from third-party defendants JNS

Capital Holdings LLC ("JNS") and Joel Stern requesting a pre-motion conference under Local

Rule 37.2, seeking to make a motion to preclude the introduction of damages calculations by

Rock Fintek LLC ("Rock Fintek") as third-party plaintiff and counterclaimant. *See* Dkt. 102.

That same day, Rock Fintek filed a letter in response. Dkt. 103. On August 30, 2023, Kitchen

Winners NY Inc., Adorama Inc., and Joseph Mendlowitz submitted a letter joining in JNS's and Stern's initial request.  Dkt. 104.

It appears from these filings that Rock Fintek has not complied with its obligations under Federal Rule of Civil Procedure 26.  Rule 26(a)(1) mandates that a party, "without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based[.]"  Fed. R. Civ. P. 26(a)(1)(A).  As its terms make clear, Rule 26 contemplates that a plaintiff will disclose the "formula" that it has used to calculate its alleged damages, in this way articulating its theory of damages for testing and verification by the other parties.  *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 293 (2d Cir. 2006); *Richmond v. Gen. Nutrition Ctrs. Inc.*, No. 08 Civ. 3577 (PAE) (HBP), 2012 WL 762307, at *6–7 (S.D.N.Y. Mar. 9, 2012) (finding disclosures insufficient that did not provide a specific computation, which is "clearly" required under the Federal Rules, and thereby precluding plaintiff from pursuing categories of damages).  Here, however, all indications are, and indeed Rock Fintek's own letter confirms, that it has not complied with this straightforward foundational requirement.  *See* Dkt. 103 at 2.

It is premature to definitively resolve whether to "preclude the introduction of evidence as to damages calculations that have not yet been provided by Rock Fintek," as the third-party and counterclaim defendants urge.  Dkt. 102.  "When considering whether to exclude evidence pursuant to Rule 37, courts in this circuit must consider '(1) a party's explanation for the failure to comply with the Federal Rules, (2) the importance of the evidence, (3) the prejudice suffered by the opposing party of having to prepare to meet the new evidence, and (4) the possibility of a continuance.'"  *Richmond*, 2012 WL 762307, at *6 (quoting *Design Strategy*, 469 F.3d at 296).

These standards are most usefully applied in the context of concrete articulations of the evidence sought to be precluded.  At the present stage, with discovery ongoing, the Court cannot conclusively weigh these factors without an understanding of the particular theory or theories of monetary damages that Rock Fintek will eventually pursue.

That said, to state the obvious, Rock Fintek is forewarned that it is playing with fire.  Its failure to come into compliance post-haste with its Rule 26 obligations, by producing specific damages *calculations* to support each category of damages claimed, is apt to lead to an adverse outcome in any Rule 37 analysis the Court is later asked to undertake.  Rock Fintek is further forewarned that merely offering up a Rule 30(b)(6) representative for deposition will not meet the distinct requirements of Rule 26 as set out above.  And Rule 26's requirements must be met well in advance of any deposition as to damages to make the deposition meaningful.  Should Rock Fintek persist in its apparent violation(s) of Rule 26, it will have no one but itself, and its counsel, to blame should the Court preclude it from pursuing its damages theories—or damages at all.

The Court thus denies the motion for relief under Rule 37.2, but without prejudice to a later such application.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 1, 2023
        New York, New York

3