

NEW YORK    BOSTON
www.psdfirm.com

**POLLACK SOLOMON DUFFY LLP**
43 West 43rd Street, Suite 174, New York, NY 10036
617-439-9800
prakhunov@psdfirm.com

October 25, 2023

**VIA ECF**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:    *Kitchen Winners NY Inc. v. Rock Fintek LLC*, Case No. 22-cv-05276-PAE
   **Letter Motion for a Brief Extension of Discovery to Complete Depositions as**
   **a Result of Adorama Parties' Discovery Delays and Misconduct**

Dear Judge Engelmayer:

  We write on behalf of Rock Fintek LLC pursuant to paragraph 2.C of Your Honor's
Individual Practices to seek a brief extension of the November 16, 2023 fact discovery deadline[1]
in this case solely to allow Rock Fintek to complete depositions of Adorama Parties'[2] fact
witnesses Hershey Weiner (individually and as the Rule 30(b)(6) representative of Kitchen
Winners) and Mendel Banon (also represented by Adorama Parties' counsel), depositions of two
late-identified witnesses for the Adorama Parties, and certain outstanding third party discovery.[3]
Good cause exists to grant this modest request. After the Adorama Parties were caught in
extraordinary discovery misconduct, they belatedly made **five** rolling supplemental productions of
4,515 pages of documents that include many highly probative admissions of Adorama Parties
knowingly selling non-conforming products, with the most recent production made on **October
24, 2023**. When making these productions, weeks after initially promised, Adorama Parties knew
all along that counsel for Rock Fintek starts a week-long arbitration trial on November 6, with
witness preparation and other obligations in the preceding week that make it impossible to review
the late-produced documents and complete remaining party and non-party depositions during the
week of and preceding the arbitration trial.

  At this time, the parties appear to have reached an impasse on scheduling the remaining
depositions of Mr. Weiner, Mr. Banon and potentially a few other non-party witnesses. As detailed

---

[1] Rock Fintek does not seek modification of expert discovery or any other deadlines in this case.
[2] Kitchen Winners NY Inc., Adorama Inc., and Joseph Mendlowitz.
[3] Although third-party defendants JNS Capital Holdings, LLC and Joel Stern (the "JNS Parties")
"strenuously" object to the extension requested, discovery in this request does not pertain to the JNS Parties.

below, Rock Fintek is available to take Mr. Weiner's deposition on November 14 or 16, within the existing schedule, but Mr. Weiner is not available on those dates. For Mr. Banon, Rock Fintek has offered November 20 or any day during the first week of December, but counsel has categorically refused citing the November 16 deadline. Rock Fintek also reasonably anticipates that it will be difficult if not impossible to schedule the outstanding third party witnesses prior to November 16 under the circumstances.

### Adorama Parties' Late-Produced Documents Constitute Good Cause for a Brief Extension

As the Court may recall, in the parties' joint September 22, 2023 letter (ECF 106), Rock Fintek explained that following the discovery of the existence of thousands of potentially responsive communications through a Google LLC email header subpoena, the Adorama and JNS Parties agreed to revisit their discovery efforts. Within days of receiving the Google subpoena results, JNS Parties made a supplemental production of 4,400 emails and attachments, and the JNS Parties' deposition went forward as previously scheduled on October 12 and 13.[4]

In the September 22 letter, the Adorama Parties "agreed to make any supplemental production by September 29, 2023 or as soon thereafter as possible." With that expectation, Rock Fintek was prepared to proceed with Adorama Parties' witnesses as originally scheduled in mid-October. Unfortunately, Adorama Parties did not come close to even starting its supplemental production by September 29 and "as soon thereafter as possible" turned into nearly a month, with additional documents still expected. The Adorama Parties have produced thousands of pages of new documents as follows: 10/06 (AKW_000650-002078), 10/11 (AKW_002079-002744), 10/13 (AKW_002745-003173), 10/19 (AKW_003174-004744), and 10/24 (AKW_004745-005142).

These late productions have included highly probative documents and incredible admissions that the Adorama Parties had concealed from Rock Fintek and the Court notwithstanding agreeing to produce such materials in its written discovery responses. Just a few examples, compiled as Exhibit A hereto include:

- AKW_003068: Hershey Weiner writing to Medcare in February 2021: "it does not say exam on the box, this is unacceptable … I don't have where to sell it now. If I would have known this I wouldn't sell it to a government account ***I would give it to someone that doesn't look***." (emphasis added).
- AKW_003024: a customer of Adorama Parties putting them on notice that Medcare gloves "are not high quality, sizing is inconsistent, and product is not as marked on the box."
- AKW_004816: Weiner instructing Banon to redact "the factory name" from boxes.
- AKW001598: Weiner sending Mendlowits a report of "Rock Fintek Quantities Delivered," writing "Note, some loads have less quantities, but their payments was always for full loads."

---

[4] Rock Fintek and the Adorama Parties have requested to conduct an additional 45-minutes-each of questioning of the JNS Parties and expect to reach an agreement on this issue with counsel for the JNS Parties, or will promptly bring this issue to the Court's attention.

- AKW- 003169: A "Declaration of Allocation Letter" allegedly from Medcare, stating that "we here by confirm that Kitchen winner has fully exclusivity for Medcare in USA."

***Good Cause Exists to Allow Rock Fintek Sufficient Time to Complete Discvoery***

Although the barrage of late-produced documents in itself constitutes sufficient good cause to allow Rock Fintek a short amount of additional time past November 16 to complete discovery, the professional commitments of Rock Fintek's counsel between now and November 16, including multiple depositions *in this case*, even more strongly support such a finding. In particular:

- 10/26:  Deposition of Joseph Mendlowits is scheduled in this case.
- 10/27:  Deposition in another matter in advance of an 11/6 arbitration.
- 10/30:  Expert deposition in another matter.
- 10/31-11/3:  Full days of trial preparation efforts, including client and witness preparation sessions.
- 11/6-11/10:  Full arbitration trial days. *See* Exhibit B (JAMS Scheduling Order).
- 11/13:  Deposition of Ascension Health in this case.
- 11/14:  Hershey Weiner not available (Rock Fintek is available).
- 11/15:  Deposition of Medline Industries in this case.
- 11/16:  Hershey Weiner out of the country (Rock Fintek is available).[5]

For Mr. Banon, Rock Fintek offered to complete his deposition on November 20, but counsel has refused on the grounds that discovery closes (one business day earlier).

In addition, Adorama Parties have recently disclosed two new fact witnesses - Yeshayahu Baruch Zirkind on September 20 and Bezalel Gombo on October 20. Adorama has agreed to produce Mr. Zirkind for deposition but has been delayed in doing so by circumstances in Israel where Mr. Zirkind lives. For Mr. Gombo, Adorama has taken the position that Rock Fintek needs to subpoena him, which Rock Fintek did promptly on October 21 and is awaiting a response.

Finally, the parties are still working to schedule third-party depositions of at least Arik Maimon, Avrio Logistics and Ms. Chunrong Li. While these depositions are not expected to be lengthy, good cause exists to allow these non-party depositions to be completed past the November 16 date, given the schedules of these third parties as well as the circumstances described above.

Accordingly, Rock Fintek respectfully request that the Court either order that Mr. Weiner and Mr. Banon sit for depositions on November 14 and 16, within the existing deadline or allow Rock Fintek a reasonable amount of time past the discovery deadline to complete those depositions, and allow the parties sufficient time to schedule and complete remaining third party depositions.

---

[5] The parties have asked Medline to move its deposition to 11/16 and, if agreeable, Mr. Weiner's deposition may be conducted on 11/15, not requiring the Court's intervention.

Respectfully submitted,

/s/Phillip Rakhunov
Phillip Rakhunov

cc:     All counsel (via ECF)