

THE LAW OFFICE OF
## AVRAM E. FRISCH LLC

**New Jersey Office**
1 University Plaza
Suite 119
Hackensack, NJ 07601

**New York Office**
150 Broadway
Suite 900
New York, NY 10038

**Avram E. Frisch Esq. – Admitted in NY and NJ.  Mail to NJ address.**

October 25, 2023

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

<u>**Via  Electronic Filing**</u>

   Re: Kitchen Winners NY Inc. v. Rock Fintek LLC, Case No. 22-cv-05276-PAE

Dear Judge Engelmayer:

   This firm represents JNS Capital Holdings LLC and Joel Stern.  I write in regard to the most recent correspondence from counsel for Rock Fintek LLC seeking yet another extension of fact discovery.  Mr. Rakhunov has consistently refused to prioritize this matter, and has sought several extensions of time while citing his other commitments.  His current request ignores that this case has been pending for well over a year, and as he acknowledged my clients are in full compliance with their discovery obligations.

   This action has been conducted by Mr. Rakhunov in the most burdensome way possible, while he seeks to increase the costs of litigation for all parties.  As discovery of Mr. Stern is complete, it is evident that none of the many allegations of misconduct directed at Mr. Stern are factually correct, and Mr. Stern is eager to submit a summary judgment motion in this matter, and will do so promptly at the conclusion of fact discovery.  Further extensions burden Mr. Stern and JNS and Mr. Rakhunov's correspondence fails to justify that burden, especially in light of the Court's last order that further extensions would only be granted for truly extraordinary circumstances.

   What Mr. Rakhunov also ignores is that he refused to conduct any discovery during the period when the parties motions to dismiss were pending.  This failure, which wasted months, is unreasonable in light of the fact that the motions did not seek to dismiss his case in its entirety.  As such, Mr. Rakhunov wasted valuable time.  Now he writes a truly confusing request, at first seeking to conduct two depositions after the current end of fact discovery, but then suggesting he has several additional third party depositions to conduct as well.  All of this is unreasonable in light of the length of the case and Mr. Rakhunov's failures to engage in discovery diligently.

   As an initial matter, there is no agreement for Mr. Stern to appear for further depositions, and no such agreement will be forthcoming.  Mr. Stern appeared for approximately six hours and forty minutes of time over two days.  Mr. Rakhunov asked for

 201.289.5352    866.883.9690   ✉ frischa@avifrischlaw.com   🌐 www.avifrischlaw.com

Page **2** of **2**

additional time, but has not given any justification for why Mr. Stern should require more than seven hours, and he will not appear voluntarily as Mr. Rakhunov has said that depending on what is said he might seek this Court's permission to further extend the deposition.  As such, I have notified Mr. Rakhunov that Mr. Stern will not appear for any further time absent a court order.

The information set forth by Mr. Rakhunov demonstrates his lack of diligence.  The supposedly late disclosed witnesses were disclosed on September 20 and October 20.  This is well before the conclusion of discovery, and both would be willing to appear.  Mr. Rakhunov cancelled several scheduled depositions of the Kitchen Winner parties, and as such could have attempted to schedule other depositions on those days.  Notably, Mr. Rakhunov gives no reason why a deposition of each of these parties is necessary when he has yet to depose the primary representative of Kitchen Winners, Mr. Wiener.

Mr. Rakhunov's subpoena to Mr. Bannon specifically directed that documents be produced at the deposition, so the documents are not apparently late.  Mr. Rakhunov canceled the scheduled deposition for no reason whatsoever.  As to the issues with the production of Mr. Wiener's emails, JNS takes no position, but do not believe that the late production necessitated the delay of his deposition.

The other third parties that Mr. Rakhunov wants to schedule are tangential witnesses at best.  Furthermore, they were well known to Mr. Rakhunov and he could have been more diligent in serving and enforcing subpoenas.  Arik Maimon was a broker who was hired by Rock Fintek to be an intermediary with Kitchen Winners.  His existence has been no secret and he is currently suing Rock Fintek for unpaid fees.  Mr. Rakhunov made no efforts to enforce his subpoena in this matter, and there is no indication that Mr. Maimon will ever voluntarily appear.  Extending discovery for the hope that he might show up or that Mr. Rakhunov will move to compel his appearance at some point in the future is unreasonable.

Similarly, Chunrong Li is an individual who was paid by Rock Fintek to locate suppliers of PPE during the pandemic and she is the individual who indirectly introduced Rock Fintek to JNS.  Rock Fintek has known about her involvement from the very beginning of this action and has made no effort to obtain compliance with their subpoena or to get Ms. Li to voluntarily appear.  Finally, Avrio Logistics is a warehouse company that stored some of the goods for JNS and Kitchen Winners.  A subpoena was only recently sent to them, even though they had been known from the very beginning of discovery.

Extensions to cover for Mr. Rakhunov's lack of effort in this case are simply unfair to Mr. Stern and JNS.  Rock Fintek continues to look for something to support its unreasonable claims and to continue to drag the matter out. It is time for discovery to end so that the parties can move forward with summary judgment motions, expert discovery and maybe even mediation.

Very truly yours,

Avram E. Frisch

Avram E. Frisch

Cc: All Counsel



THE LAW OFFICE OF
AVRAM E. FRISCH LLC