

**ALEXANDER J. SPERBER**
DIRECT LINE: 212-981-8449
EMAIL: asperber@lipsiuslaw.com

80-02 Kew Gardens Road
Suite 1030
Kew Gardens, New York 11415
Telephone: 212-981-8440
Facsimile: 888-442-0284
www.lipsiuslaw.com

October 26, 2023

**VIA ECF**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

    Re:    **Kitchen Winners NY Inc. v. Rock Fintek LLC,**
              **Case No. 22-cv-05276-PAE**
              **Our File No: 5529.0002**

Dear Judge Englemayer:

       This firm represents plaintiff and counterclaim-defendant Kitchen Winners NY Inc., as well as third-party defendants Adorama Inc., and Joseph Mendlowitz (collectively "Defendants"). Defendants respectfully submit this letter in response to Rock Fintek LLC's ("Rock Fintek") request for an extension of the present discovery deadlines. (ECF No. 108.)

       Defendants respectfully submit that Rock Fintek's fourth request for an extension of time to complete discovery is entirely unwarranted. On July 27, 2023, in response to Rock Fintek's first request, the Court refused Rock Fintek's request for a four-month extension. (ECF No. 97.) On August 2, 2023, in response to Rock Fintek's second request, the Court reluctantly granted an extension, noting that "there will be no further extensions absent extraordinary circumstances." (ECF No. 101.) On September 25, 2023, in response to Rock Fintek's third request, the Court granted a final extension, unequivocally writing that "[t]he parties are on notice, however, that in light of this lengthy extension, on top of previous extensions granted, there will be no further extensions absent truly extraordinary circumstances." (ECF No. 107.)

       In its fourth request, Rock Fintek has fallen far short of the "truly extraordinary circumstances" required by the Court. Rock Fintek instead conflates its aspersions as to supplemental productions made by Defendants with its Counsel's schedule, and the wholly unrelated scheduling of multiple third-party depositions.

Lipsius-BenHaim Law, LLP
October 26, 2023
Page **2** of **3**

       As noted in Rock Fintek's September 22, 2023 letter to the Court, Rock Fintek asked Defendants to conduct an additional search of Joseph Weiner's email accounts to ensure that all responsive documents were produced. While Defendants believed that Rock Fintek's request was vastly over broad, Defendants nevertheless agreed to conduct the requested search. Defendants worked diligently to review thousands of emails containing the search terms requested by Rock Fintek, along with untold numbers of attachments, as expeditiously as possible. While Defendants hoped to complete the review within one week, the review ended up taking longer than expected. Accordingly, rather than produce a large number of documents all at once at the end of the review, Defendants opted to provide supplemental productions to Rock Fintek on a rolling basis so that Rock Fintek's counsel could begin reviewing them as soon as possible. That process was entirely complete as of October 24, 2023, more than three weeks before the end of discovery.

       The parties had previously agreed to conduct the depositions of Joseph Weiner, Joseph Mendlowitz, and non-party Mendel Banon in early October. Rock Fintek opted to cancel those depositions; each of the witnesses was prepared to appear and testify. While it is perhaps understandable why counsel wanted to move the deposition of Mr. Weiner, given Rock Fintek's request for an additional search of his email accounts, there was absolutely no basis for cancelling the other two depositions.

       On October 4th, I emailed counsel for Rock Fintek and asked him to provide new dates on which he was available to depose those individuals. I did not hear back from him until October 18th. I responded the following day that Mr. Mendlowitz was available on October 26th, and Mr. Weiner was available the entire next week.[1] My subsequent telephone conversation with counsel for Rock Fintek was the first time I heard that he had **two** full weeks blocked off when he would be unable to take any depositions.

       Since then, I have made every effort to accommodate counsel's schedule. On October 24th I again asked counsel for dates that he is available to depose Mr. Weiner and Mr. Banon. Counsel still has not provided any potential dates that he is available to take non-party Banon's deposition prior to the end of fact discovery. Meanwhile, Defendants have consented to counsel's request that the parties attempt to reschedule the deposition of non-party Medline Industries so that Mr. Weiner can be deposed on November 15th. We are waiting to hear from that non-party as to whether it would agree to that request.

       Given Rock Fintek's decision to cancel the previously scheduled depositions of Mr. Weiner and Mr. Banon, and its subsequent decision not to provide new dates until its own counsel's calendar was nearly entirely booked, its belated request for an order compelling Mr. Weiner and Mr. Banon to sit for depositions on the only two dates open on counsel's calendar – without regard for their own schedules or the schedules of the other attorneys in this action – is particularly audacious and should be denied.

---

[1] Mr. Mendlowitz's deposition took place earlier today.

Lipsius-BenHaim Law, LLP
October 26, 2023
Page **3** of **3**

      Rock Fintek also asserts that it needs additional time to take the depositions of Yeshayahu Baruch Zirkind, Bezalel Gombo, Arik Maimon, Avrio Logistics and Ms. Chunrong Li, yet it has not provided any basis for its failure to schedule these depositions within the time already allotted by the Court. Rock Fintek was on notice since July that the Court was highly unlikely to grant any further extensions. Presumably, Rock Fintek was also on notice as to the schedule of its Counsel. Indeed, Rock Fintek made reference to its Counsel's trial schedule in its previous requests for extensions. There was nothing preventing Rock Fintek from scheduling all the outstanding depositions at any point in the three months since July 27, 2023. Far from an October surprise, the trial schedule was known to Rock Fintek throughout.[2]

      To state the obvious, there is no relationship whatsoever between Defendants supplemental productions and Rock Fintek's failure to schedule the depositions of these non-party witnesses.

      As the Court noted in its July 27, 2023 Order, this case has been pending for nearly a year-and-a-half. Defendants have an interest in moving this action forward. While Defendants are making every effort to accommodate counsel's busy schedule, Defendants respectfully submit that discovery should end on November 16, 2023, as currently scheduled, so that Defendants Adorama, Inc. and Joseph Mendlowitz can make their anticipated motion for summary judgment.

      We thank the Court for its continued attention to this action.

      Respectfully,

**LIPSIUS-BENHAIM LAW, LLP**

Alexander J. Sperber, Esq.

---

[2] Rock Fintek claims that "Adorama" has agreed to produce Mr. Zirkind for a deposition. That assertion is untrue. Defendants have offered to speak with Mr. Zirkind and find out his availability for a remote deposition. Mr. Zirkind, however, does not work for Defendants and Defendants do not have the power to "produce" him for a deposition. Rock Fintek has opted not to subpoena his attendance.