

# LIPSIUS-BENHAIM LAW, LLP

80-02 Kew Gardens Road
Suite 1030
Kew Gardens, New York 11415
Telephone: 212-981-8440
Facsimile: 888-442-0284
www.lipsiuslaw.com

**ALEXANDER J. SPERBER**
DIRECT LINE: 212-981-8449
EMAIL: asperber@lipsiuslaw.com

October 26, 2023

**VIA ECF**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

    Re:   **Kitchen Winners NY Inc. v. Rock Fintek LLC,**
           **Case No. 22-cv-05276-PAE**
           **Our File No: 5529.0002**

Dear Judge Englemayer:

      This firm represents plaintiff and counterclaim-defendant Kitchen Winners NY Inc., as well as third-party defendants Adorama Inc., and Joseph Mendlowitz (collectively "Defendants"). Defendants respectfully submit this letter motion seeking an order compelling defendant/counterclaim-plaintiff Rock Fintek LLC ("Rock Fintek") to produce a full and unredacted copy of its bank records. The parties have met-and-conferred regarding this dispute, but have been unable to reach a resolution.

      Rock Fintek has alleged, as the basis for its claims against Defendants, that it had a contract with Ascension Health Alliance ("Ascension"), pursuant to which Ascension agreed to pay Rock Fintek approximately $37 million for 200 million nitrile gloves. Rock Fintek's counterclaim and third-party complaint against Defendants contends that Defendants provided Rock Fintek with non-conforming gloves and that, as a result, Ascension refused to pay Rock Fintek approximately $2 million of that $37 million contract.

      According to a letter from Ascension itself, however, Ascension did pay Rock Fintek approximately $37 million.

      Rock Fintek's own Amended Initial Disclosures assert that Defendants

> are liable for the amounts totaling approximately $2 million that
> Ascension Health was required to but did not pay to Rock Fintek for

Lipsius-BenHaim Law, LLP
October 26, 2023
Page **2** of **3**

> the gloves that were subject of the SPA between Rock Fintek and the Adorama Parties, upon discovering the non-conforming nature of the gloves.

(Exhibit A, attached hereto.) Its Disclosures then continue by noting that:

> The supporting documentation for this damages calculation has been produced by Rock Fintek in the form of bank account statements reflecting the payments from Ascension as compared to Rock Fintek's invoice to Ascension.

(*Id.*) Thus, in order for Defendants to be able to assess the validity of Rock Fintek's damages claims, Defendants need Rock Fintek's bank records. Rock Fintek, however, has produced bank records so heavily redacted that they are rendered simply unusable. A sample of the redacted bank records are attached hereto as Exhibit B. Another sample, wherein the redactions appear to have been made in white – making it extremely difficult to even identify the redactions – is attached hereto as Exhibit C. No log has been provided explaining the redactions.

Beyond the sheer incomprehensibility of the bank records in their current form, the redactions force Defendants to take Rock Fintek at its word that it has produced records of all relevant transactions. Even an inadvertent redaction of a single relevant line in the hundreds of pages of bank records might spell the difference between Defendants being liable for $2 million and Defendants being liable for nothing.

There is simply no way for Defendants to know whether Rock Fintek's redactions are accurate and appropriate.

The foregoing is compounded by the fact that Rock Fintek is already alleged to have made improper redactions to its bank records in an action currently pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, captioned *Rock Fintek LLC v. Andrew Kotsovos, Michael Boback, and First Holdings Group, LLC*, Case No. 2020-016234-CA-01. In that case, the court has scheduled a two-day evidentiary hearing on the defendants' pending motions for sanctions against Rock Fintek.[1] Accordingly, Defendants in this action have very little faith in Rock Fintek's redacted bank statements.

In *Conopco, Inc. v. Wein*, 2007 U.S. Dist. LEXIS 53314 at *5 (S.D.N.Y. July 23, 2007), the Court compelled the production of bank records, holding that

---

[1] Attached hereto as Exhibit D is a filing by the defendants in that action. The Court is referred to Section A(2), arguing for sanctions, in which the defendants *inter alia* explain that "Rock Fintek actually used its redactions to conceal numerous bank account entries relevant to this lawsuit, including obscuring $4,454,012.18 in payments by First Holdings' procured customers, and information that would demonstrate that material aspects of the deposition testimony of Rock Fintek's owner and its COO was false." Attached hereto as Exhibit E is a copy of the court's subsequent order scheduling a two-day evidentiary hearing on the motion for sanctions.

Lipsius-BenHaim Law, LLP
October 26, 2023
Page **3** of **3**

>    There is no dispute that Wein has a privacy interest in her personal financial affairs; yet, even the confidentiality of personal financial matters must yield to the Federal Rules of Civil Procedure, which govern the discovery of information relevant to the claims and defenses in a federal court action. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Thus, to the extent that the financial information Plaintiff seeks is relevant, it must be produced. Its confidentiality can be protected by a variety of means, most notably the Confidentiality Order entered in this action.

Here, any privacy interest that Rock Fintek arguably possesses must similarly yield to the Federal Rules of Civil Procedure. Moreover, Rock Fintek's confidentiality concerns can be assuaged by the confidentiality order entered into by the parties at Rock Fintek's own request. Simply put, these bank records stand at the core of Rock Fintek's claims against Defendants, and Defendants are entitled to fully investigate the accuracy of what Rock Fintek is asserting.

As such, there is no basis for Rock Fintek's continued withholding of unredacted bank records. Defendants respectfully request that the Cort compel their production.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

**LIPSIUS-BENHAIM LAW, LLP**

Alexander J. Sperber, Esq.