IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

      Case No.:     2020-016234-CA-01
      Division:     43

ROCK FINTEK, LLC,

      Plaintiff/Counter-Defendant,

vs.

ANDREW KOTSOVOS, MICHAEL BOBACK, AND FIRST
HOLDINGS GROUP, LLC,

      Defendants/Counterclaim-Plaintiff.

_____/

## DEFENDANTS'/COUNTERCLAIM-PLAINTIFF'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendants/Counterclaim-Plaintiff[1] (collectively here, "First Holdings") file this opposition to Plaintiff/Counter-Defendant Rock Fintek's July 10, 2023 motion for protective order, and state:

**I.   IT IS FOR THE COURT, AND NOT ROCK FINTEK, TO DECIDE THE CONSEQUENCES TO ROCK FINTEK OF ROCK FINTEK'S VIOLATIONS OF MULTIPLE DISCOVERY ORDERS.**

Rock Fintek's motion is its latest attempt to avoid any consequences arising from its violations of multiple discovery orders from November 2021, June 2022, and August 2022. Rock Fintek posits that because it attested in January 2023 to finally making a complete production at that time, it can now unilaterally declare First Holdings' motion for sanctions "moot." But Rock Fintek previously filed multiple affidavits in June 2022 falsely asserting it had made complete production at that time. And even in January 2023, Rock Fintek was still withholding substantial additional documents it later produced in February 2023, further violating this Court's orders. The

---

[1] First Holdings Investment LLC is incorrectly identified in the caption and introductory paragraph of the complaint as "First Holdings Group, LLC."

CASE NO.: 2020-016234-CA-01

Court made clear to Rock Fintek multiple times in the discovery orders and at the hearings that it would preclude Rock Fintek from using any evidence withheld after November 2021 and strike Rock Fintek's claims for violating the orders. And the deposition Rock Fintek now seeks to avoid goes directly to the issues the Court has outlined for the hearing on the motions for sanctions:

> THE COURT: …I'm going to set an evidentiary hearing on the motions for sanctions. Whether or not there have been willful violations of my orders remains to be seen, but my orders were very clear and unequivocal in what they commanded, and we're going to see if they were complied with, and if not, why not. And we're going to have a causal hearing and I'm going to determine whether there were deliberate and contentious violations of my multiple discovery orders. And then if that motion is granted and the pleadings are stricken and there's other dispositive relief, we'll go one direction. If it's denied or if it's denied with some lesser sanctions or granted with some lesser sanctions, like monetary sanctions, et cetera, then we'll talk about when we're going to schedule the case for trial.

(Hr'g Tr. 6:24-7:18, Dec. 6, 2022.)[2]

Rock Fintek's motion also raises boilerplate objections to the deposition topics, which should be overruled for that reason alone, along with other meritless objections and requests for relief. There is no basis for Rock Fintek to be protected from deposition on topics relating to the pending motions for sanctions, in advance of the evidentiary hearing.

**II.    ROCK FINTEK REPEATEDLY VIOLATED MULTIPLE DISCOVERY ORDERS, DELAYING THIS CASE, AND JUSTIFYING SANCTIONS, AND ALSO FILED MULTIPLE FALSE AFFIDAVITS OF COMPLIANCE.**

The Court entered multiple orders against Rock Fintek on motions to compel and for sanctions, which Rock Fintek then demonstrably and admittedly violated. Rock Fintek even filed false affidavits of compliance in attempts to avoid the fulsome production required by the Court's

---

[2] At the December 2022 hearing, the Court advised that the Court would be setting an evidentiary hearing through the Division's judicial assistant. (Hr'g Tr. 10:13-19, Dec. 6, 2022.) On December 20, 2022, following telephone conversations and emails between counsel, First Holdings provided a list of designation topics for the Rock Fintek witness(es) who would be testifying at the evidentiary hearing. But the Division Judge did not set the evidentiary hearing prior to his March 2023 retirement. An interim judge covered the Division until the current Division Judge took over in June 2023.

CASE NO.: 2020-016234-CA-01

orders. For example, in June 2022, Rock Fintek filed two affidavits (including one from its counsel), falsely asserting it had fully complied with the Court's orders. But Rock Fintek's motion admits that as of June 2022, it was withholding from production at least 6,000 additional responsive documents it only produced 6-8 months later, and only after First Holdings filed their currently-pending renewed motion for sanctions. Likewise, in January 2023, Rock Fintek filed three more affidavits (one from its counsel), again attesting to full compliance, while it was still withholding at least an additional 1,900 electronic documents and/or pages of responsive documents it later produced through the end of February 2023.[3]

### A. Rock Fintek violated multiple discovery orders regarding First Holdings' November 2020 first document request.

With respect to the November 2020 first request for documents, Rock Fintek demonstrably violated two Court Orders and filed two false affidavits (*see* Docs. 179, 181,) violating both (1) the Court's November 3, 2021 Order on First Holdings' Motion to Compel (Doc. 99,)[4] and (2) the Court's June 28, 2022 Order on First Holdings' Motion for Sanctions for Rock Fintek's failure to comply with the November 3, 2021 Order. (Doc. 183.) (*See* First Holdings' Aug. 9, 2022 Renewed Mot. for Sanctions, Doc. 198.)

#### 1. *The Court's November 3, 2021 Order on the first motion to compel.*

In November 2021, on First Holdings' first motion to compel, the Court ordered Rock Fintek to produce "all documents… of and relating to everything it did to fulfill orders for customers procured by First Holdings (including Prisma Health, NYC, Meijer, and Next

---

[3] Based on Rock Fintek's history of false affidavits of compliance in this case, there is a good faith basis to believe the requested deposition may reveal that Rock Fintek continues to withhold responsive documents.

[4] In July 2021, because of the Court's time constraints related to the Surfside building collapse cases, the Court appointed Judge Rosa Rodriguez (Ret.) as Special Magistrate. (Doc. 76.) The Special Magistrate issued a report on the motion to compel in September 2021. (Doc. 85.)

CASE NO.: 2020-016234-CA-01

Industries), including but not limited to correspondence, invoices, and documents of its selection, purchase, payment, transport, and delivery of the PPE masks, within 20 days." (Doc. 99 at 2.) The Order also required Rock Fintek to, "for each of its response to requests for production that state that '[a]ll responsive documents in [Rock Fintek's] possession will be produced,' but for which it produced none,… either produce all responsive documents in its possession, custody, or control or amend its response to state that it has none." (Doc. 99 at 3.) The Order also required Rock Fintek to produce "all documents… relative to the Prisma Health transaction" *by end of the day on November 3, 2021*, advising Rock Fintek *that if it failed to comply, "the Court will strike Rock Fintek's claim for damages relative to Prisma Health and Rock Fintek will be precluded from using in this action, including at trial, any such documents it fails to timely produce, absent a showing of good cause."* (Doc. 99 at 2.)

2. **<u>Rock Fintek's partial and belated production following the Court's November 3, 2021 Order.</u>**

After the November 2021 Order, Rock Fintek produced some documents on November 3 and 4, 2021. Then, despite the Court's November 3, 2021 deadline, Rock Fintek produced some "supplemental" documents on November 24, 2021. And four months after the deadline, on March 1 and 2, 2022, Rock Fintek produced additional documents. Then, on May 5, 2022—six months after the Court's November 2021 deadline, and after First Holdings had moved for sanctions—Rock Fintek produced still more documents.

Part of Rock Fintek's production at that time was selected pages from its bank account records that it also unilaterally redacted for alleged irrelevance, and *not* privilege. But Rock Fintek actually used its redactions to conceal numerous bank account entries relevant to this lawsuit, including obscuring $4,454,012.18 in payments by First Holdings' procured customers, and information that would demonstrate that material aspects of the deposition testimony of Rock

4

CASE NO.: 2020-016234-CA-01

Fintek's owner and its COO was false. For this very reason, "[l]itigants are not charged with carte blanche 'to willy-nilly redact information from otherwise responsive documents in the absence of privilege, merely because the producing party concludes on its own that some words, phrases, or paragraphs are somehow not relevant.'" *Classic Soft Trim, Inc. v. Albert*, 2021 WL 724974, at *7 (M.D. Fla. Feb. 10, 2021) (citations omitted).

Rock Fintek also only (and belatedly) produced documents from *one* of its suppliers, but *not* its other suppliers. (*See* Doc. 156, Apr. 18, 2022 Mot. for Sanctions.) And although the supplier documents are in a native electronic form (*see* Doc. 156's Ex. 3 RF20011), Rock Fintek refused to produce the emails communicating those documents. Also, Rock Fintek's sole owner (Kato 9/9/21 Dep. 12:18-23,) claimed that—after delivering masks—suppliers asked for (and Rock Fintek paid) additional amounts above the invoice amounts (Kato 12/2/21 Dep. 196-97), but Rock Fintek produced no documentation *from any supplier* of any such additional charges. He also claimed Rock Fintek has Prisma Health masks "still sitting in China," (Kato 12/2/21 Dep. 183,) but Rock Fintek produced no documentation supporting his assertion. In addition, Rock Fintek's COO testified that Rock Fintek has documentation (both actual documents and information on its invoicing software) of the number of each type of masks delivered to each customer, including the amount actually loaded on trucks for transport, as well as bills of lading, delivery receipts signed at delivery, and discrepancy reports/truck counts. (Gilling 12/1/21 Dep. 349-52.)[5] But it failed to produce those documents and information.

---

[5] Rock Fintek also argues the Rule 1.310(b)(6) deposition regarding topics relevant to the motions for sanctions should be barred because its owner and its COO were deposed over the course of multiple days in 2021. That argument must fail, if for no other reasons that (1) Rock Fintek now admits that at the time of those depositions in 2021, it was withholding more than 6,000 responsive documents which it produced only more than a year later, long after the Court's discovery orders, and (2) the issues for the hearing on the pending motions for sanctions include analysis of whether Rock Fintek's violations of the discovery orders were willful and deliberate. In addition, as noted herein, the additional production following the depositions of Rock Fintek's owner and its COO (and production from non-parties) demonstrates Rock Fintek's

CASE NO.: 2020-016234-CA-01

### 3. *The Court's June 28, 2022 Order on the first motion for sanctions.*

On April 18, 2022, First Holdings filed their first Motion for Sanctions. (Doc. 156.) The Court announced its rulings at the hearing on the motion on June 22, 2022. The June 28, 2022 Order reflects the rulings announced at the hearing, and include requiring Rock Fintek to file an affidavit attesting to specific information, including for the affiant to describe what efforts Rock Fintek made to gather documents the Court ordered produced, (Doc. 183 ¶ 1(c),) require production and removal of redactions from any information ordered to be produced by the Court's November 3, 2021 Order. (Doc. 183 ¶ 2.) The June 28, 2022 Order also sets forth specific sanctions for violation. (Doc. 183 ¶ 3.) The Order provides:

> (1) On or before 5 p.m. on Tuesday, June 28, 2022, Plaintiff/Counter-Defendant Rock Fintek, LLC must certify in an affidavit from it (and not its counsel), served on counsel and filed with the Court:
>
>   (a) that it has produced all documents in its possession, custody, or control that were ordered to be produced by the Court's November 3, 2021 Order (Doc. 99),
>
>   (b) that no documents have been redacted to omit any information that the Court ordered it to produce in the Court's November 3, 2021 Order (Doc. 99), and
>
>   (c) that it has made a diligent search for all documents in its possession, custody, or control that were ordered to be produced by the Court's November 3, 2021 Order (Doc. 99), *describing what efforts have been made to gather those documents.*
>
> (2) If Plaintiff/Counter-Defendant Rock Fintek, LLC has any documents that are within the scope of the Court's November 3, 2021 Order (Doc. 99) that it has not yet produced or has redacted from any documents any information that were ordered to be produced by the Court's November 3, 2021 Order (Doc. 99), it must produce those documents on or before 5 p.m. on Tuesday, June 28, 2022.

---

witnesses were not testifying truthfully as to various material issues raised in this lawsuit, and that Rock Fintek's affidavits of compliance (at a minimum, those from 2022) were false. Also, Rock Fintek filed its Second Amended Complaint after those depositions. And no Rule 1.310(b)(6) deposition has yet been taken.

CASE NO.: 2020-016234-CA-01

> (3) If the Court determines that Plaintiff/Counter-Defendant Rock Fintek, LLC by 5 p.m. on Tuesday, June 28, 2022:
>
>> (a) did not make a diligent search for all documents in its possession, custody, or control that were ordered to be produced by the Court's November 3, 2021 Order (Doc. 99),
>>
>> (b) did not produce all documents in its possession, custody, or control that were ordered to be produced by the Court's November 3, 2021 Order (Doc. 99), or
>>
>> (c) redacted any information that is clearly subject to production within the scope of the Court's orders,
>
> the Court will strike Plaintiff/Counter-Defendant Rock Fintek, LLC's pleadings with no further rounds of argument, and proceed with a trial on damages on the Counterclaim.

(Doc. 183 ¶ 1) (emphasis added.)

Despite the Court's specific directions in the order, Rock Fintek demonstrably violated the Court's June 28, 2022 Order just as it had the November 3, 2021 Order. First, Rock Fintek refused to provide in the affidavit it filed on June 28, 2022 (Doc. 181) any description of any efforts Rock Fintek made to gather documents the Court ordered Rock Fintek to produce. Thus, on its face, the affidavit violated the Order. The affidavit also misrepresented that Rock Fintek had produced all documents and that it had unredacted all information it was ordered to produce. In fact, Rock Fintek continued to violate the Order by concealing from its bank account records $4,454,012.18 in payments by First Holdings' procured customers ($3,459,430.18 from Prisma, $950,630 from Meijer, and $43,952 from Next Industries),[6] and by withholding more than 6,000 additional documents as it admits in its motion.

---

[6] A single-page summary sheet Rock Fintek chose to unmask on June 28, 2022 (Ex. 4 (RF30794) to First Holdings' Aug. 9, 2022 Renewed Mot. for Sanctions, Doc. 198,) referenced the additional payments that Rock Fintek was continuing to conceal. Likewise, even the few *unredacted* bank records Rock Fintek produced on June 28, 2022 demonstrated Rock Fintek's previous representations to the Court in the June 17, 2022 affidavit it filed with the Court (Doc. 179,) of having produced all responsive documents, were untrue.

CASE NO.: 2020-016234-CA-01

The November 3, 2021 Order also required Rock Fintek to, "for each of its response to requests for production that state that '[a]ll responsive documents in [Rock Fintek's] possession will be produced,' but for which it produced none,… either produce all responsive documents in its possession, custody, or control or amend its response to state that it has none." (Doc. 99 at 3.)[7] But Rock Fintek did not comply. For example, Rock Fintek had produced no "internal communications relating to any of the Defendants" (Doc. 63 at Req. #9); and no documents "supporting the allegations of Paragraph 13 of the Complaint" that "*Defendants unilaterally*, without authority from or approval by Rock Fintek, *changed the price approved by Rock Fintek for masks to be delivered to customers*," "As to… Prisma Health, *Defendants unilaterally reduced the price* of 6 million masks by eighteen cents per mask," and "*canceled delivery of 1,465,000 K95 masks agreed to be purchased by Prisma Health*." (Doc. 63 at Req. #43; Compls. ¶ 13);[8] "reflecting and/or relating to the professional standards alleged in paragraphs 18, 23, and/or 28 of the Complaint" (Doc. 63 at Req. #46);[9] or "evidencing, reflecting and/or relating to the oral contract alleged in [Counts II and III] of the Complaint." (Doc. 63 at Reqs. #49-#50.)

In addition, Rock Fintek used its selective redactions to obscure $4,454,012.18 in payments by First Holdings' procured customers (for which it would owe First Holdings commissions), and also as a weapon to conceal information that could contradict its claim that certain transfers were expenses relating to masks for First Holdings' procured customers and that would contradict the deposition testimony of Rock Fintek's owner and its COO.

---

[7] Rock Fintek's responded that "All responsive documents in Plaintiff's possession will be produced" as to Requests #1-#6, #9-#10, #12, #14-#15, #19-#21, #25-#27, #31, #41-#43, #45-#47, #49-#50.

[8] Contrary to Rock Fintek's allegations, the documents produced to date demonstrate Prisma Health canceled shipments due to Rock Fintek's failure to timely deliver and overpricing, and Prisma Health and Rock Fintek then agreed for Prisma Health to purchase additional 3-ply masks, some then at lower prices.

[9] On January 1, 2023, Rock Fintek amended its response to Request #46, to say "none."

8

CASE NO.: 2020-016234-CA-01

Specifically, Rock Fintek was asserting money transfers it made in March 2020 prior to any order or payment from Prisma Health or any other of First Holdings' procured customers (Ex. 6 (RF30770-73) to First Holdings' Aug. 9, 2022 Renewed Mot. for Sanctions, Doc. 198,) were for purchases for Prisma Health, although that was contrary to its COO's testimony. (Gilling Dep. 86.) *And until December 23, 2022, Rock Fintek continued to conceal proximate incoming transfers that demonstrate those transfers instead didn't relate to any customer procured by First Holdings*. Rock Fintek likewise used its *selective redacting to attempt to show that money transfers it made months after the Prisma Health deliveries* (nearly $1.5 million in August 2020, $1.5 million in September 2020, $156,000 in December 2020, and more in April/July 2021), related to purchases for First Holdings' procured customers, although they actually did not.

    **B.    Rock Fintek also violated the Court's August 28, 2022 discovery order regarding First Holdings' second discovery requests.**

With respect to the November 2021 second request for documents and first sets of interrogatories, Rock Fintek violated the Court's August 28, 2022 Order (Doc. 207) adopting the Special Magistrate's August 10, 2022 Report of proceedings held on July 14, 2022 (Doc. 201,) which required Rock Fintek to produce documents and provide compliant interrogatory answers by August 31, 2022, which is the date Rock Fintek itself proposed at the July 14, 2022 Special Magistrate hearing. (*See* First Holdings' Sept. 12, 2022 Motion for Sanctions, Doc. 210.) As Rock Fintek admits in its motion, it did not until December 23, 2022 provide amended interrogatory answers and it produced supplemental documents in December 2022 through February 2023.

**III.    ROCK FINTEK'S OBJECTIONS TO THE SPECIFIC AREAS OF INQUIRY ALSO FAIL.**

Rock Fintek's motion lists objections to each topic of inquiry in the notice of deposition. The objections are boilerplate—stating that various topics are "overbroad, vague, ambiguous" without an explanation describing why, and otherwise fail.

9

CASE NO.: 2020-016234-CA-01

> A. **Rock Fintek's objections to deposition topic 1 (Rock Fintek's written responses to discovery requests) are improper boilerplate objections or otherwise fail.**

Rock Fintek objects that topic 1 is "overbroad, vague, ambiguous, duplicative" without an explanation describing why. Such boilerplate objections are improper. *See Carson v. City of Ft. Lauderdale*, 173 So. 2d 743, 745 (Fla. 2d DCA 1965); *Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009) ("[B]oilerplate objections may border on a frivolous response to discovery requests."); *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) ("[B]oilerplate objections [are] legally inadequate or meaningless."). Objections stating that a request is "vague," "overly broad," or "unduly burdensome" are meaningless standing alone, and objections that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why. *Consumer Elec. Assoc. v. Compras & Buys Magazine, Inc.*, No. 08-21085-CIV, 2008 WL 4327253 at *2-3 (S.D. Fla. Sept. 18, 2008). A party objecting on these grounds must explain its reasoning in a specific and particularized way. *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008) ("Parties shall not recite a formulaic objection followed by an answer to the request. It has become common practice for a party to object on the basis of any of the above reasons, and then state that 'notwithstanding the above,' the party will respond to the discovery request, subject to or without waiving such objection. Such objection and answer preserves nothing, and constitutes only a waste of effort and the resources of both the parties and the court."); *Mullins v. Encore Senior Living II, LLC*, 2007 WL 4098851 (N.D. Fla. 2007).

Rock Fintek also argues the topic should be barred because its owner and its COO were deposed over the course of multiple days in 2021. That argument must fail, if for no other reasons that (1) at the time of those depositions in 2021, Rock Fintek now admits it was withholding more than 6,000 responsive documents which it produced only after the Court then entered the discovery

CASE NO.: 2020-016234-CA-01

orders, and (2) the issues for the hearing on the pending motions for sanctions include analysis of whether Rock Fintek's violations of the discovery orders were willful and deliberate. In addition, as noted herein, the additional production following the depositions of Rock Fintek's owner and its COO demonstrates they were not testifying truthfully as to various issues raised in this lawsuit and Rock Fintek's affidavits of compliance (at a minimum, those it filed in 2022) were false. Also, Rock Fintek filed its Second Amended Complaint after those depositions, and no Rule 1.310(b)(6) deposition has yet been taken.

Rock Fintek's final objection, that the topic "seeks to invade the attorney-client and work product privileges," also cannot preclude the deposition. First, there is plainly inquiry on this topic that is not privileged. Second, if Rock Fintek has privilege objections to particular questions, those should be raised at the deposition. Third, Rock Fintek should not be permitted to use assertion of privilege as a shield to attempt to avoid sanctions without any inquiry into the veracity of such assertions (that is, theoretically, asserting that its counsel kept it ignorant of the orders, while blocking any inquiry into the communications). Fourth, the question of Rock Fintek's notice and knowledge of the discovery orders and notice and knowledge that the actions taken violated the orders is a precise subject of inquiry under *Kozel v. Ostendorf*, 629 So. 817, 818 (Fla. 1993), which adopted the "set of factors" for determining whether dismissal with prejudice is warranted for acts of disobedience, including "whether the client was personally involved in the act of disobedience." *Ham v. Dunmire*, 891 So. 2d 492, 501-02 (Fla. 2004) (holding that litigant involvement in violating court orders is not a prerequisite for imposing the sanction of dismissal with prejudice under *Kozel*.); *Schlitt v. Currier*, 763 So. 2d 491, 493 (Fla. 4th DCA 2000) (remanding for trial court to "conduct an evidentiary hearing on the question of [the litigant's] notice or knowledge of his attorney's conduct, and if knowledge is found, for a finding as to whether the actions were willful

CASE NO.: 2020-016234-CA-01

and deliberate") (disapproved of in part by *Ham* "to the extent [it] stand[s] for the proposition that litigant involvement in violating court orders constitutes a prerequisite for imposing the sanction of dismissal with prejudice."); *Perlmuter v. Olympus Ins. Co.*, 264 So. 3d 997, 998 (Fla. 4th DCA 2019) (affirming dismissal where trial court found litigant responsible for actions and for not being responsive to attorney's numerous requests for information necessary for compliance with orders).

      **B.**      **Rock Fintek's objections to deposition topic 2 (Rock Fintek's searches for information and documents) fail.**

Rock Fintek's motion argues it should be protected from inquiry on this topic because counsel and the Court should be limited to the bare-bones, unexamined latest declarations by its bookkeeper and counsel. First, both also filed affidavits of complete production in June 2022 that Rock Fintek's motion now admits were untrue. Second, the most recent declarations are bare bones and fail to detail why Rock Fintek represented wrongly to the Court in other affidavits that its production was complete, although its production was not. Inquiry into the extent of the prior and more recent searches and as to the locations of the additional 6,000 documents produced 6-8 months after the prior affidavits, and into the timing of the searches in relation to the productions is all proper to determine why Rock Fintek violated the multiple discovery orders.

And, as stated above, (1) there is plainly inquiry on this topic that is not privileged, (2) if Rock Fintek has privilege objections to particular questions, those should be raised at the deposition, (3) Rock Fintek should not be permitted to use assertion of privilege as a shield to attempt to avoid sanctions without any inquiry into the veracity of such assertions, and (4) the question of Rock Fintek's notice and knowledge of the discovery orders and notice and knowledge that the actions taken violated the orders is a precise subject of inquiry under *Kozel*.

CASE NO.: 2020-016234-CA-01

**C.** **Rock Fintek's objections to deposition topics 3-5 (Rock Fintek's recordkeeping and documentation, its production and redactions, and efforts to comply with discovery orders) fail.**

Rock Fintek's arguments that it should be protected from inquiry on these topics because counsel and the Court should be limited to the bare-bones, unexamined latest declarations by its bookkeeper and counsel fails for the same reasons as with topic 2. Both declarants also filed affidavits of complete production in June 2022 that Rock Fintek's motion now admits were untrue. The most recent declarations are bare bones and fail to detail why Rock Fintek represented wrongly to the Court in other affidavits that its production was complete, although its production was not. Inquiry into the extent of the prior and more recent searches and as to the locations of the additional 6,000 documents produced 6-8 months after the prior affidavits, and into the timing of the searches in relation to the productions is all proper to determine why Rock Fintek violated the multiple discovery orders. There is plainly inquiry on these topics that is not privileged. If Rock Fintek has privilege objections to particular questions, those should be raised at the deposition. Rock Fintek should not be permitted to use assertion of privilege as a shield to attempt to avoid sanctions without any inquiry into the veracity of such assertions. And the question of Rock Fintek's notice and knowledge of the discovery orders and notice and knowledge that the actions taken violated the orders is a precise subject of inquiry under *Kozel*.

In addition, Rock Fintek's argument that all documents as to which it asserts privilege are identified on a privilege log is not correct, for example, with respect to the fraudulent document attached as Exhibit A to Rock Fintek's first Amended Complaint, which is a subject of Defendants' first affirmative defense for Rock Fintek's fraud on the Court.

Lapin & Leichtling, LLP, 255 Alhambra Circle, Suite 600, Coral Gables, Florida 33134 (305) 569-4100

CASE NO.: 2020-016234-CA-01

### D. Rock Fintek's objection to deposition topics 6 and 10-12 (any noncompliance Rock Fintek claims is the responsibility of its former counsel) fails.

Rock Fintek argues these areas of inquiry require testimony regarding what Rock Fintek told its prior counsel and what its prior counsel told it. First, these are fair subjects of inquiry. Second, there is plainly inquiry on these topics that is not privileged and, if Rock Fintek has privilege objections to particular questions, those should be made at the deposition. Rock Fintek should not be permitted to use assertion of privilege as a shield to attempt to avoid sanctions without any inquiry into the veracity of such assertions. And the question of Rock Fintek's notice and knowledge of the discovery orders and notice and knowledge that the actions taken violated the orders is a precise subject of inquiry under *Kozel*.

### E. Rock Fintek's objection to deposition topic 7 (the documents identified on Rock Fintek's privilege and redaction logs) fails.

Rock Fintek first raises boilerplate objections to this area of inquiry that are insufficient and improper. *See Carson*, 173 So. 2d at 745; *Steed*, 308 F. App'x at 371 ("[B]oilerplate objections may border on a frivolous response to discovery requests."); *Adelman*, 276 F.R.D. at 688 ("[B]oilerplate objections [are] legally inadequate or meaningless."); *Consumer Elec. Assoc.*, 2008 WL 4327253 at *2-3; *Guzman*, 249 F.R.D. at 401; *Mullins*, 2007 WL 4098851.

Second, Rock Fintek argues this area of inquiry invades privileges. But there is plainly inquiry on this topic that is not privileged and, if Rock Fintek has privilege objections to particular questions, those should be made at the deposition. Rock Fintek should not be permitted to use assertion of privilege as a shield to attempt to avoid sanctions without any inquiry into the veracity of such assertions. And the question of Rock Fintek's notice and knowledge of the discovery orders and notice and knowledge that the actions taken violated the orders is a precise subject of inquiry under *Kozel*. In addition, Rock Fintek's argument that all documents as to which it asserts privilege are identified on a privilege log is not correct, for example, with respect to the fraudulent Exhibit A

CASE NO.: 2020-016234-CA-01

to Rock Fintek's first Amended Complaint, which is a subject of Defendants' first affirmative defense for Rock Fintek's Fraud on the Court.

  **F. Rock Fintek's objection to deposition topics 8-9 (Rock Fintek's manufacturing of the fraudulent document attached to its first Amended Complaint) fails.**

Rock Fintek first raises boilerplate objections to these areas of inquiry that are insufficient and improper. *See Carson*, 173 So. 2d at 745; *Steed*, 308 F. App'x at 371 ("[B]oilerplate objections may border on a frivolous response to discovery requests."); *Adelman*, 276 F.R.D. at 688 ("[B]oilerplate objections [are] legally inadequate or meaningless."); *Consumer Elec. Assoc.*, 2008 WL 4327253 at *2-3; *Guzman*, 249 F.R.D. at 401; *Mullins*, 2007 WL 4098851.

Second, Rock Fintek argues its witnesses have already been asked about the fraudulent document at deposition, but neither witness answered how the document was manufactured or whether that was done by what person(s), whether at Rock Fintek or elsewhere. And, despite the Court's Order and the related pending motion for sanctions against Rock Fintek, Rock Fintek has never produced a single document that it communicated either internally nor to its counsel the fraudulent version of the document that was Exhibit A to Rock Fintek's first Amended Complaint, and which is a subject of First Holdings' first affirmative defense for Rock Fintek's fraud on the Court. And there is no reference to any such communication on any privilege log Rock Fintek produced. The Court's August 26, 2022 Order (Doc. 207) adopted the Special Magistrate's Report as to the two document requests specifically asking for the information (Doc. 201), and required:

> With respect to Requests #7 and #8 [of the Second Request for Production],[10]
> Rock Fintek should produce all non-privileged responsive documents, amend

---

[10] "Request 7. All internal Rock Fintek communications of and regarding the document attached as Exhibit A to Rock Fintek's Amended Complaint, and any drafts or prior versions thereof. <u>Response</u>: Other than e-mails with [Rock Fintek's] attorney, none exist that have not already been produced. Request 8. All communications of and regarding the document attached as Exhibit A to Rock Fintek's Amended Complaint, and any drafts or prior versions thereof. <u>Response</u>: Other than e-mails with [Rock Fintek's] attorney, none exist that have not already been produced." (Doc. 157, First Holdings' Apr. 18, 2022 Mot.

CASE NO.: 2020-016234-CA-01

> its responses to identify by name or bates number the documents produced in response to each request, and provide a privilege log with respect to any documents from prior to the filing of this lawsuit that have been withheld on the basis of a claimed privilege.

(Docs. 201, 207.) The only thing that is known about the fraudulent version of the document Rock Fintek sued upon and attached to its Amended Complaint is that it was manufactured using an underlying document with a signature from Defendant Michael Boback that Mr. Boback emailed to Rock Fintek's COO, Bradley Gilling. Rock Fintek's response to both requests was evasive, but stated that the fraudulent document was communicated by email with its attorney. (*See* n.9.) But Rock Fintek has not produced any internal or external communication of that document by Mr. Gilling or anyone else at Rock Fintek—or listed any on a privilege log. Rock Fintek cannot evade discovery of whether it was Mr. Gilling who manufactured the fraudulent version, or regarding why Rock Fintek would serve responses to requests for production asserting that Rock Fintek communicated the fraudulent document with its counsel. Rock Fintek produced no such document then, but on January 6, 2023 it amended its responses (Doc. 223) and produced as its sole responsive document a May 2020 email chain with its attorney, which supposedly only conveyed to its attorney a non-fraudulent version of it. And with respect to the hearing on the motion for sanctions, Rock Fintek cannot by claiming to assert a privilege, avoid inquiry regarding its search for the origin of the fraudulent version and how it came to attach the fraudulent document to its Amended Complaint, whether that origin is with Mr. Gilling, Mr. Kato, someone else at Rock Fintek, or its attorney(s). Moreover, Rock Fintek has amended its complaint since the 2021

---

to Compel at 4.) On January 6, 2023, Rock Fintek amended its responses to state "All responsive documents in Rock Fintek's possession, custody or control are located in Bates labels RF041952 through RF041958," (Doc. 223,) which document is an email chain from within Rock Fintek and then supposedly conveyed a non-fraudulent version of the document to its attorney on May 17, 2020, 2½ months before it filed its lawsuit.

Lapin & Leichtling, LLP, 255 Alhambra Circle, Suite 600, Coral Gables, Florida 33134 (305) 569-4100

CASE NO.: 2020-016234-CA-01

depositions and produced 6,000 documents since then that should have produced but was withholding, so it cannot avoid the depositions.[11]

### G. Rock Fintek's request for its fees and costs to be paid is meritless.

Rock Fintek also asks the Court to limit the deposition to "time and scope" and that its attorneys' fees and costs for the deposition be paid in advance. Rock Fintek cites no legal basis for its request, and there is none. Like the multiple discovery orders Rock Fintek violated, the multiple motions to compel and for sanctions for its failure to comply with orders required for it to produce the 6,000 documents it had been withholding for more than two years even when doing so violated the Court's orders, which production Rock Fintek claims (again, as it did so falsely in June 2022) is now complete, Rock Fintek is to blame for any attorneys' fees and costs that have arisen from its violations of the discovery orders including relating to the pending motions for sanctions. It would be improper for Rock Fintek to in any way benefit from its own violation of the orders, and delay of the proceedings, including through its request that its own fees and costs be paid. If anything, the Court should determine what costs Rock Fintek must pay for repeatedly violating multiple discovery orders. Rock Fintek's meritless request should be denied.

WHEREFORE, Defendants/Counterclaim-Plaintiff request this Honorable Court deny Plaintiff/Counter-Defendant Rock Fintek's motion for protective order in full, order Plaintiff/Counter-Defendant Rock Fintek to appear for the Rule 1.310(b)(6) deposition on topics relating to the motions for sanctions at a date and time convenient for Defendants/Counterclaim-Plaintiff, and grant Defendants/Counterclaim-Plaintiff such other and further relief as the Court deems just and proper.

---

[11] In January 2022, months after the 2021 depositions, and after more than a year of pursuing claims arising from the fraudulent document it (or someone on its behalf) manufactured, Rock Fintek filed a Second Amended Complaint that dropped the fraudulent document as the basis for its claims, tacitly admitting it had persisted on a fraudulent claim arising from a fraudulent document.

Lapin & Leichtling, LLP, 255 Alhambra Circle, Suite 600, Coral Gables, Florida 33134 (305) 569-4100

CASE NO.: 2020-016234-CA-01

   **WE HEREBY CERTIFY** that this 31<u>st</u> day of July, 2023, the foregoing was filed with the Florida Courts e-filing Portal, and served on all those on the Service List, either via Notices of Electronic Filing generated by the ePortal system or another authorized manner.

            Respectfully submitted,

            LAPIN & LEICHTLING, LLP
            *Counsel for Defendants Andrew Kotsovos, Michael Boback, and First Holdings Investment LLC*
            255 Alhambra Circle, Suite 600
            Coral Gables, Florida 33134
            Telephone No.:  (305) 569-4100

           By: <u>s/ Adam B. Leichtling</u>
             ADAM B. LEICHTLING
             Florida Bar No.: 984175
             ALeichtling@LL-lawfirm.com
             eservice@LL-lawfirm.com

            **SERVICE LIST**

Michael I. Feldman, Esq.
mif@khllaw.com
mschneider@khllaw.com
eservicemia@khllaw.com
Salvatore H. Fasulo, Esq.
shf@khllaw.com
KRINZMAN HUSS LUBETSKY FELDMAN & HOTTE
Alfred I. duPont Building
169 E. Flagler Street, Suite 500
Miami, Florida 33131
Telephone No.:  (305) 854-9700
*Counsel for Plaintiff/Counter-Defendant*