
NEW YORK    BOSTON
www.psdfirm.com

**POLLACK SOLOMON DUFFY LLP**
43 West 43rd Street, Suite 174, New York, NY 10036
617-439-9800
prakhunov@psdfirm.com

October 31, 2023

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

      Re:    *Kitchen Winners NY Inc. v. Rock Fintek LLC*, Case No. 22-cv-05276-PAE
               <u>**Response to Letter Motion Seeking Bank Records**</u>

Dear Judge Engelmayer:

      We write on behalf of Rock Fintek LLC in opposition to the letter motion by the Adorama Parties, seeking to compel Rock Fintek to produce a full unredacted set of its bank records. The motion should be denied as **MOOT** and as an improper effort to compromise privacy interests of non-parties in financial transactions having *nothing whatsoever* with this case.

***Adorama Parties' Motion is Moot***

      Adorama Parties' sole stated reason for the intrusive discovery they seek by their letter motion is to "assess the validity" of Rock Fintek's damages claim that it was underpaid by Ascension Health for gloves by approximately $2 million by ensuring that a record of every Ascension payment had been produced.[1] Putting aside the existence of less intrusive means to confirm completeness of such records, Adorama Parties' motion is mooted by Rock Fintek's further clarification of damages theories through its Second Amended Rule 26 Disclosures. *See* <u>Exhibit 1</u> (redline reflecting amendments to damages disclosure).

      In particular, in efforts to sharpen and confirm its calculations on the pertinent portion of its damages claim, Rock Fintek has clarified in its amended damages disclosure that, as alleged, the approximately $2 million of damages flow from the 178,270 excess boxes of gloves from the Adorama Parties that were outside of the parties contract, for which Rock Fintek unwittingly paid at $11.50 per box. *See* First Amended Counterclaim (ECF 43) at ¶ 77 ("Adorama and Kitchen

---

[1] Notably, Rock Fintek's primary measure of damages in this case is not the $2 million overpayment for excess gloves, but tens of millions of dollars in harm caused by the destruction of Rock Fintek's business relationship with Ascension Health through the delivery of non-conforming gloves.

Winners delivered approximately 178,270 boxes of gloves to Rock Fintek that were in excess of the quantity required under the SPA, for which Rock Fintek unwittingly paid more than $2 million, and for which the Adorama and Kitchen Winners are liable."); Exhibit 2 (Rock Fintek's 10/31/2023 Disclosures). In other words, Rock Fintek does not seek to recover for any underpayments *by Ascension*, but seeks to recover the overpayment of approximately $2 mm by Rock Fintek *to Adorama* for extra-contractual products. Indeed, the Adorama Parties had conceded this overage in contemporaneous communications (*see* Exhibit 3) and have been aware of this alleged measure of damages since the filing of Rock Fintek's initial counterclaim and third party complaint in June 2022. *See* ECF 5, ¶ 54. Adorama Parties have not and do not take the position that Rock Fintek's bank records are somehow required to validate damages arising out of Rock Fintek's payments *to Adorama* and the quantity of gloves that Adorama sold to Rock Fintek, information to which Adorama has equal access. Accordingly, the Adorama Parties' letter motion is moot and should be denied on that ground alone.

***The Adorama Parties' Motion Is an Improper Intrusion into Irrelevant Financial Transactions Involving Non-Parties***

In addition to being moot, the Adorama Parties' letter motion seeks irrelevant records of transactions having *nothing whatsoever* to do with this case, including disclosure of identities and financial transactions of non-parties whose privacy interests would be unnecessarily and unreasonably compromised. Particularly in light of the clarification of Rock Fintek's damages, this is not a case where Rock Fintek's banking history has any probative value. *See Mackenzie Architects, P.C. v. VLG Real Ests. Devs., LLC*, No. 115CV1105TJMDJS, 2017 WL 4898743, at *3 (N.D.N.Y. Mar. 3, 2017) (denying production of unredacted bank records where "the specific production of bank records creates the high potential to disclose a whole host of irrelevant and confidential business related information."); *Foundation for Global Sports Development v. United States Olympic Cmtee.*, No. 2:20-CV-04782 FMO, 2021 WL 6618556, at *9 (C.D. Cal. Jun. 24, 2021) (explaining that courts have "permitted relevancy redactions, especially when the redacted information plainly has no potential relevancy to the litigation or is particularly sensitive."). Again, Adorama Parties have not stated any grounds for their motion other than the Ascension underpayment theory, which is now moot.

In addition, the Adorama Parties greatly overstate any purported difficulty in reading the redacted bank statements. First, the Adorama Parties' reference to redactions "made in white" is simply misleading. Rock Fintek's document production makes clear, and Rock Fintek's counsel has explained to Adorama and JNS Parties' counsel during a call, that the "white" redactions were not made as part of this litigation but were included in bank statements that Rock Fintek circulated by email in June and July 2021 as part of the underlying events. *See* Exhibit 4 (sample email and attachment). Second, the bank statements that Rock Fintek produced in this litigation are far from "unusable," setting out all payments from Ascension and payments to suppliers and logistics providers related to PPE sold to Ascension, obviating the need for other parties to sift through hundreds or more of irrelevant transactions with third parties. Indeed, given Rock Fintek's primary damages theory, it would be to Rock Fintek's significant disadvantage to omit any Ascension payments from disclosure.

Finally, the Adorama Parties' reference to a frivolous motion filed by an adversary in an unrelated Florida State litigation is a non-sequitur with respect the issue before the Court. Rock Fintek has vigorously opposed that motion in Florida, which Florida *opposing counsel* set for an evidentiary hearing, and on which Rock Fintek expects to prevail. *See* Exhibit 5 (Florida opposition papers); Exhibit 6 (Rock Fintek's Motion for Protective Order in Florida).

Accordingly, Rock Fintek respectfully requests that the Court deny as moot and improperly intrusive the Adorama Parties' request for wholesale production of Rock Fintek's bank records, or schedule a telephonic conference to discuss this matter.

                          Respectfully submitted,

                          /s/Phillip Rakhunov
                          Phillip Rakhunov

cc:     All counsel (via ECF)