**EXHIBIT 6**

|  |  |
|---|---|
| ROCK FINTEK, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>ANDREW KOTSOVOS, MICHAEL BOBACK, and FIRST HOLDINGS GROUP, LLC,<br><br>    Defendants. | IN THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA<br><br>CASE NO.: 2020-016234-CA-01 |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Plaintiff, Rock Fintek, LLC ("Plaintiff" or "Rock Fintek"), pursuant to Florida Rule of Civil Procedure 1.280, files this Motion for Protective Order as to *Defendants'/Counterclaim-Plaintiff's Notice of Taking Deposition on Topics Relating to Pending Motion for Sanctions* ("Deposition Notice") filed by Defendants'/Counterclaim-Plaintiff, Andrew Kotsovos, Michael Boback and First Holdings Group, LLC (collectively, "Defendants"), as follows:

**I.    Introduction**

Defendants seek to take the deposition of Plaintiff in furtherance of a pending *unscheduled* motion for sanctions ("Motion for Sanctions") which seeks the most severe penalty of striking Plaintiff's pleadings. Defendants continue to pursue this extraordinary remedy despite the fact that the discovery issues that were the basis of the Motion for Sanctions are now *moot*[1]. This is nothing more than the Defendants' attempt to get multiple bites at discovery which is improper under Florida law. In taking the deposition, in furtherance of the Motion for Sanctions, the

---

[1] *See Rock Fintek, LLC's Memorandum in Opposition to Defendants/Counter-Plaintiff's Motion for Sanctions*, dated February 28, 2023 ("Opposition to Mtn for Sanctions"), which is incorporated herein.

Defendants intentionally and improperly seek to invade the attorney-client and work-product privileges in the hopes of finding evidence Defendants think exists to support the striking of pleadings.

Rock Fintek's representatives have already been extensively deposed for 26.5 hours over 4 days and Rock Fintek has produced approximately 6000 documents. Notably since Plaintiff's last production of documents approximately six (6) months ago, Defendants have not identified any missing information. Accordingly, this attempted deposition is pure harassment and has no bearing on the merits of the case. This Court should not reward Defendants' continued efforts to distract from the issues of this case by indulging Defendants' repeated fishing expeditions related to the Motion for Sanctions. As such, a protective order should be entered precluding the deposition.

## II.     Background

1. On April 18, 2022, Defendants filed their *first* motion for sanctions in this action alleging discovery violations.

2. On August 9, 2022, Defendants filed their *second* motion for sanctions in this action alleging discovery violations.

3. On September 12, 2022, Defendants filed their *third* motion for sanctions in this action alleging discovery violations.

4. On October 14, 2022, Defendants filed their *fourth* motion for sanctions in this action alleging discovery violations.

5. On December 5, 2022, undersigned counsel made their appearance in this matter on behalf of Plaintiff.

CASE NO.: 2022-018503 CA (21)

6. Between December 23, 2022 and February 21, 2023, Plaintiff served six separate document productions, producing approximately 6000 documents (in addition to documents that had been previously produced by Plaintiff's prior counsel), and served revised interrogatory responses in short order all of which addressed Defendants' claimed discovery violations.

7. Importantly, to date, Defendants have not identified any missing or incomplete information since the production described in the preceding paragraph.

8. On May 23, 2023, Defendants filed their Deposition Notice seeking the deposition of Rock Fintek's designee regarding a dozen different matters relating to the alleged discovery violations which are now *moot*. A copy of the Deposition Notice is attached as **Exhibit A**.

### III. Memorandum of Law

#### i. *A Protective Order is Necessary and Proper*

Florida Rule of Civil Procedure 1.280(c) provides that, for good cause shown, the court "may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires." Additionally, Rule 1.410(c) permits the Court to "quash or modify the subpoena if it is unreasonable or oppressive." "Florida law is clear that Courts are "accorded broad discretion in the treatment of discovery problems through the employment of the protective provisions contemplated by Rule 1.280." *Waite v. Wellington Boats, Inc.*, 459 So. 2d 425, 426 (Fla. 1st DCA 1984). It is well-settled that, in order to be effective, a subpoena must seek information that is relevant to the issues presented before the court. *See Juul Labs, Inc. v. Feldman*, 338 So. 3d 1 (Fla. 4th DCA 2022) (trial court order should have granted motion for protective order because evidence sought was irrelevant); *Diaz-Verson v. Walbridge Aldinger Co.*, 54 So. 3d 1007 (Fla. 2d DCA 2010).

CASE NO.: 2022-018503 CA (21)

Here, the discovery sought by Defendants is duplicative, unreasonable, oppressive, harassing, and wholly irrelevant to the salient issues in the case. Plaintiff has completely responded to all of the Defendants' discovery requests as well as provided declarations of its bookkeeper, its corporate representative, and its prior counsel related to the alleged discovery violations. Defendants have full and complete discovery responses, and for the reasons stated in the Opposition to the Motion for Sanctions, the Motion for Sanctions fails to rise to the level of the ultimate sanction. *See* Opposition to Motion for Sanctions. Defendants are merely attempting to improperly invoke the Motion for Sanctions as a basis for additional discovery, which should not be allowed by the Court. For all these reasons and as more particularly set forth below, Plaintiff respectfully requests a protective order be entered precluding the deposition.

      **ii.** **The Discovery Sought Invades Attorney-Client and Work Product Privileges, is Cumulative, and is Harassing**

The additional depositions that the Defendants seek to take are violative of the attorney-client and work product privileges and are cumulative as more specifically set forth by each of the areas of inquiry identified on the Deposition Notice addressed in turn below:

1. *Rock Fintek's written responses to discovery requests in this lawsuit.*

This request on its face is overbroad, vague, ambiguous, duplicative and seeks to invade the attorney-client and work product privileges.

Plaintiff and its representatives have sat for multiple days of depositions. Bradley Gilling sat for two days of depositions: (a) September 8, 2021 for 9 hours and (b) December 1, 2021 for approximately 6 hours. Thomas Kato also sat for two days of depositions: (c) September 9, 2021 for 8.5 hours and (d) December 2, 2021 for approximately 3 hours. All in, Plaintiff's representatives were deposed for 4 days covering 26.5 hours. Plaintiff was extensively deposed on

4

the subjects addressed in their discovery responses and seeking to retake those depositions would be duplicative and harassing.

Moreover, to the extent that Defendants seek the deposition in furtherance of the Motion for Sanctions by inquiring with the Plaintiff about its communications with counsel and their discovery obligations, such testimony is protected by the attorney-client and work product privileges, and Defendants do not cite any case law that would allow them to circumvent these privileges  Accordingly, a protective order is appropriate.

> 2. *Rock Fintek's searches for information and documents in response to the discovery requests in this lawsuit, including what searches were done, who did what and when, and how the searches were done.*

First this is duplicative as the information was already provided in the Declaration of Gajic Declaration("Gajic Declaration"), a copy of which is attached as **Exhibit B,** and the Declaration of Cory Mauro, Esq. ("Mauro Declaration"), a copy of which is attached as **Exhibit C**.  In seeking to take this deposition in preparation for its Motion for Sanctions which seeks to strike the pleadings of Plaintiff, Defendants seek to discover the communications between Plaintiff and their attorney in an improbable deep sea fishing expedition to find some sort of instructions from Plaintiff about intentionally disregarding their discovery obligations.  Inquiring about any communications between Plaintiff and its counsel would violate the attorney-client and work product privileges. Accordingly, a protective order is appropriate.

> 3. *Rock Fintek recordkeeping and documentation relating to the transactions set forth in the pleadings filed in this lawsuit, including Rock Fintek's complaints and affirmative defenses, and the counterclaim.*

Again, this area of inquiry is duplicative and unnecessary in light of depositions previously taken, the Gajic Declaration and the Mauro Declaration, and the discovery produced.  All of the records of Rock Fintek related to this matter have either been produced or identified on a privilege

log.  As such, the additional duplicative testimony is unnecessary and harassing, and Defendants should be precluded from delving into this area of inquiry.

> 4. *Rock Fintek's production of documents and/or information, including what was produced and when, what was withheld or redacted and when, and who did what and when (including the decisions regarding what to produce, withhold, and redact, and implementing those decisions).*

This request is essentially duplicative of the prior request, however,  Defendants make it perfectly clear that their *intent* is to delve into attorney-client communications and violate the attorney-client and work product privileges These inquiries into the communications regarding those instructions about decisions of what to produce, etc. would blatantly violate the attorney-client and work product privileges, making  a protective order  appropriate.

> 5. *Rock Fintek's efforts to comply with the Court's Discovery Orders, including what was done, who did what and when, what additional documents and/or information was produced, and why were any additional documents not produced earlier.*

This area of inquiry is objectionable for the same reasons as area of inquiry No.'s 3 & 4. Additionally, Both the Gajic Declaration, the Declaration of Cory Mauro, Esq.  *See* **Exs B and C**. The testimony sought would invade the attorney-client and work product privileges and such inquiry must not be allowed.  Accordingly, a protective order is appropriate.

> 6. *Any noncompliance with the Court's Discovery Orders that Rock Fintek contends is the responsibility of its former counsel.*

This area of inquiry necessarily requires testimony about what Mr. Mauro told Rock Fintek and what Rock Fintek told Mr. Mauro.  Such communications are protected by the attorney-client privilege and cannot be inquired into, making a protective order is appropriate.

> 7. *The documents identified on Rock Fintek's privilege and redaction log(s), including the log produced January 6, 2023.*

This request on its face is overbroad, vague, ambiguous, duplicative and seeks to invade the attorney-client and work product privileges.

The documents identified on Rick Fintek's Privilege Log are documents either expressly identified as being to or from its counsel or confidential bank records unrelated to the transactions at issue in this litigation. The decision to include such documents on a privilege log necessary requires inquiry into the communications between client and counsel and any such testimony would invade the attorney-client and work product privileges. If Defendants want to challenge the appropriateness of the documents being placed on a privilege log, the proper way to do so is to make a motion identifying any perceived deficiencies with the privilege log or the classification of documents listed therein. Defendants have not done so, and they cannot blatantly violate the attorney-client and work product privileges by setting a deposition to inquire about the documents listed therein as Defendants did do. Accordingly, a protective order is appropriate.

> 8. *Rock Fintek's manufacturing of the document attached as Exhibit A to Rock Fintek's December 18, 2020 Amended Complaint, and any drafts or prior versions thereof, including with respect to the last page of the Exhibit A.*

This request is objectionable on its face as it contains a legal conclusion. Furthermore, it is vague, ambiguous, harassing duplicative and seeks to invade the attorney-client and work product privileges.

The referenced Exhibit A to the Amended Complaint is a Brokerage Agreement. Moreover, Defendants have previously inquired regarding this document. Defendants did so in the September 8, 2021 deposition of Bradley Gilling when they started a line of questioning by asking, "What involvement with drafting that document did you have." *See* Gilling Sept 8, 2021 Depo Transcript pg. 144, ln 19-20, copy attached as **Exhibit D**. Defendants did so again the following day in the September 9, 2021 deposition of Thomas Kato when they started a line of

questioning by asking, "I'm going to show you what I showed Mr. Gilling yesterday. This is an email, dated May 11, of 2020, from Mr. Gilling to Mr. Boback, and the subject is Rock Fintek broker agreement. Do you see that?" See Kato September 9, 2021 Depo Transcript pg. 131, ln 3-7, copy attached as **Exhibit E**. As defendants have already been deposed on this issue multiple times, this area of inquiry is duplicative and harassing. Accordingly, a protective order is appropriate.

9. *Rock Fintek's communications of and regarding the document attached as Exhibit A to Rock Fintek's December 18, 2020 Amended Complaint, and any drafts or prior versions thereof, including with respect to the last page of the Exhibit A.*

This request on its face is overbroad, vague, ambiguous, duplicative and seeks to invade the attorney-client and work product privileges. Furthermore, the arguments raised in response to No. 8 are incorporated herein.

10. *Rock Fintek's documentation or other evidence of any noncompliance with the Court's Discovery Orders that Rock Fintek contends is the responsibility of its former counsel.*

This area of inquiry necessarily requires testimony about what Mr. Mauro told Rock Fintek and what Rock Fintek told Mr. Mauro. Such communications are protected by the attorney-client privilege and cannot be inquired into, making a protective order is appropriate. There is no legal basis for this request and the Court should deny same by the entry of a protective order.

11. *If Rock Fintek contends any noncompliance with the Court's Discovery Orders is the responsibility of its former counsel, Rock Fintek's communications with its former counsel of and relating to the discovery requests and responses.*

This area of inquiry necessarily requires testimony about what Mr. Mauro told Rock Fintek and what Rock Fintek told Mr. Mauro. Such communications are protected by the attorney-client privilege and cannot be inquired into. Accordingly, a protective order is appropriate.

> 12. *If Rock Fintek contends any noncompliance with the Court's Discovery Orders is the responsibility of its former counsel, Rock Fintek's communications with its former counsel of and relating to the Court's Discovery Orders and compliance.*

Similar to the areas of inquiry identified in paragraphs 10 and 11, any attempts to invade the attorney-client privilege, as this area of inquiry does, is improper, making a protective order.

Accordingly, all of the areas of inquiry set forth in the Deposition Notice are objectionable and Defendants should be precluded from proceeding with the deposition.

**IV.     Conclusion**

The areas of inquiry set forth in Deposition Notice are objectionable, as described above. Defendants have no basis to invade the attorney-client and work product privileges. Rather, this is just a fishing expedition unrelated to the merits of the case that will only lead to duplicative discovery and harassment. Moreover, the issues Defendants seek to inquire about are moot. Defendants should not be permitted to continue to abuse the discovery process through duplicative and harassing discovery requests that are unrelated to and of "the issues presented before the court." *See Juul Labs, Inc. v. Feldman*, 338 So. 3d 1 (Fla. 4th DCA 2022). Therefore, this Court should quash the Deposition Notice and/or strictly limit the scope of testimony to the actual issues in the case.

In the event the Court permits the deposition to go forward, Defendants should be limited in time and scope as well as required to pay Plaintiff's attorneys' fees and costs, in advance, as well as all costs of the court reporter, including the ordering of any transcripts.

Undersigned counsel certifies that good faith efforts were made to resolve this Motion without necessitating court intervention, pursuant to Florida Rule of Civil Procedure 1.380, however, such efforts were unsuccessful.

CASE NO.: 2022-018503 CA (21)

WHEREFORE, Plaintiff, ROCK FINTEK, LLC, respectfully requests this Court enter an Order precluding the deposition of scheduled for July 21, 2023; and for such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of July, 2023, that a true and correct copy of the foregoing was filed with the Court and served on the parties through the use of the Florida Courts e-Filing Portal in accordance with rule 2.516, Florida Rules of Judicial Administration.

KRINZMAN HUSS LUBETSKY
FELDMAN & HOTTE
Alfred I. duPont Building
169 E. Flagler Street, Suite 500
Miami, Florida 33131
Telephone: (305) 854-9700
Facsimile: (305) 854-0508
Primary email:  mif@khllaw.com
shf@khllaw.com
mschneider@khllaw.com
Secondary email: eservicemia@khllaw.com

By: _____
Michael I. Feldman, Esq.
Florida Bar No. 665541
Salvatore H. Fasulo, Esq.
Florida Bar No. 143952

10