

# LIPSIUS-BENHAIM LAW, LLP

80-02 Kew Gardens Road
Suite 1030
Kew Gardens, New York 11415
Telephone: 212-981-8440
Facsimile: 888-442-0284
www.lipsiuslaw.com

**ALEXANDER J. SPERBER**
DIRECT LINE: 212-981-8449
EMAIL: asperber@lipsiuslaw.com

November 30, 2023

**VIA ECF**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

          Re:    *Kitchen Winners NY Inc. v. Rock Fintek LLC*,
                  Case No. 22-cv-05276-PAE
                  <u>Our File No: 5529.0002</u>

Dear Judge Englemayer:

      This firm represents third-party defendants Adorama Inc. ("Adorama"), and Joseph Mendlowitz ("Mendlowitz") (collectively, the "Adorama Parties"). The Adorama Parties respectfully submit this letter, in accordance with Rule (3)(H) of the Court's Individual Rules and Practices, to request a pre-motion conference for leave to file a motion for summary judgment on Rock Fintek LLC's ("Rock Fintek") third-party claims against them.

      As an initial matter, the Adorama Parties incorporate all the arguments raised by JNS Capital Holdings LLC, Joel Stern, and Kitchen Winners in their own pre-motion letters.

      Rock Fintek asserted claims against Adorama for (a) breach of contract; (b) breach of the covenant of good faith and fair dealing; (c) unjust enrichment; and (d) breach of warranty, all arising from Kitchen Winners NY Inc.'s ("Kitchen Winners") sale of medical gloves (the "Gloves") to Rock Fintek. Rock Fintek also asserted a claim against Mendlowitz for breach of warranty. The Adorama Parties are entitled to summary judgment dismissing each of these claims.

      While the parties have contemplated expert discovery to determine whether the gloves at issue in this dispute met certain specifications, summary judgment is appropriate even before expert discovery because the quality of the gloves is immaterial to the claims at issue.

### Breach of Contract

      Rock Fintek cannot succeed on its breach of contract claim against Adorama because: (a) Adorama was not a seller under the Sales and Purchase Agreement ("SPA"); (b) Rock Fintek failed to provide timely notice of breach to Adorama; and (c) Rock Fintek suffered no damages.

      Adorama had no obligations under the SPA. The singular noun "Seller" is a defined term, unambiguously referring only to Kitchen Winners. Adorama appears in the SPA solely as the

1

agreed-upon entity to whom the deposit would be paid. Indeed, Adorama is specifically referenced, by name, when the parties intended to indicate it. No provision of the SPA required Adorama to take any actions, so there is no basis to claim that it breached the agreement.

To muddy these otherwise clear waters, Rock Fintek asserted a host of untrue allegations including, *inter alia*, that (1) "Mendlowitz, acting on behalf of Adorama, provided a document to Rock Fintek in which he instructed and stated that 'Kitchen Winners NY, Inc. are authorized to act on our [Adorama's] behalf to procure Nitrile gloves as discussed subject to contract,'" (FATC at ¶ 22); (2) Mendel Banon was an employee and agent of Adorama (*id*. at ¶ 23); (3) Adorama somehow guaranteed Kitchen Winners' performance under the SPA (*see id.* at ¶ 63); (4) Kitchen Winners was an alter ego of Adorama (*id*. at ¶ 20); and (5) "Adorama ... had apparently agreed to refund the $1,035,000 overcharge" (*id.* at ¶ 79).

None of the assertions are true. In its Third-Party Complaint, Rock Fintek defined Adorama, Kitchen Winners, Joseph Weiner, and Joseph Mendlowitz collectively as the "Adorama Sellers." Using this sleight of hand, Rock Fintek conflated Kitchen Winners with Adorama and Mendlowitz. Rock Fintek's owner, however, admitted at his deposition that he never met, texted, emailed, or exchanged WhatsApp communications with anyone at Adorama. Indeed, not a single communication was produced during discovery between Adorama and Rock Fintek.

It is axiomatic that if Adorama had no obligations under the SPA, Rock Fintek cannot prevail on its breach of contract claim against it. *See Jennings v. Hunt Cos., Inc*., 367 F. Supp. 3d 66, 71 (S.D.N.Y. 2019) ("a breach of contract action may only be maintained against a party to the contract").

Even if Rock Fintek could show that Adorama had some kind of obligations under the SPA, its breach of contract claim would still fail because Rock Fintek never provided Adorama with timely notice of breach. Under UCC § 2-607(3)(a), "[w]here a tender has been accepted the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." *See also Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 283 (E.D.N.Y. 2021) (granting motion to dismiss because plaintiff failed to provide notice of breach).

Here, Rock Fintek accepted the Gloves by both (a) failing to make an effective rejection after a reasonable opportunity to do so, and (b) reselling them. *See* UCC § 2-606(1)(b) and (c). Thereafter, Rock Fintek never provided Adorama with any notice of breach prior to filing its third-party complaint nearly a year after the underlying transactions were complete.

Finally, as discussed below, Rock Fintek's claim for breach of contract fails because it has no damages.

### **Breach of Covenant of Good Faith and Fair Dealing**

Rock Fintek's breach of the covenant of good faith and fair dealing suffers from the same fatal defects as its claims for breach of contract. *See, e.g,, Hadami, S.A. v. Xerox Corp.*, 272 F. Supp. 3d 587, 598 (S.D.N.Y. 2017) ("a claim for breach of the implied covenant of good faith and

fair dealing must be dismissed when there is no valid and enforceable contract between the parties"); *Vogel v. TakeOne Network Corp.*, 2023 U.S. Dist. LEXIS 144922, at *17 (S.D.N.Y. Aug. 16, 2023) ("there is no contract in which to imply a covenant of good faith and fair dealing, and his claim for breach of such implied covenant must also be dismissed").

### Unjust Enrichment

Rock Fintek's claim for unjust enrichment must fail for the simple reason that Adorama was not enriched at Rock Fintek's expense. Rock Fintek successfully resold the Gloves to its customer at the price it had negotiated with that customer before ever entering into the SPA.

### Breach of Warranty

Rock Fintek alleged that "Adorama . . . and Mendlowitz . . . provided Rock Fintek with written express warranties, including that the specific quantities of gloves being sold to Rock Fintek were MedCare brand nitrile/NBR medical grade Examination grade gloves bearing an FDA 510(k) certification." (FATC at ¶ 179.)

Discovery has established that no such written guarantees were ever provided by either Mendlowitz or anyone else at Adorama. As the existence of a material statement amounting to a warranty is the first element of any breach of warranty claim, *Housey v. P&G*, 21-cv-2286 (NRB), 2022 U.S. Dist. LEXIS 53603, at *7 (S.D.N.Y. Mar. 24, 2022), and as Adorama and Mendlowitz never provided the written statements that Rock Fintek alleged, Rock Fintek's claim is baseless.

Finally, Rock Fintek never provided Adorama or Mendlowitz with timely notice of any purported breach of warranty. Timely notice is a prerequisite of any claim for breach of warranty. *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 244 (S.D.N.Y. 2020) ("to assert a breach of express warranty claim under New York law, 'a buyer must provide the seller with timely notice of the alleged breach of warranty.'"); *Clemmons v. Upfield US, Inc.*, 2023 U.S. Dist. LEXIS 57135, *24-25 (S.D.N.Y. March 31, 2023) ("Because Clemmons does not allege that he provided notice in a timely manner, his express warranty claim fails and will be dismissed").

### Rock Fintek Suffered No Damages

The Adorama Parties are also entitled to summary judgment dismissing Rock Fintek's claims, because Rock Fintek suffered no damages. Even if Rock Fintek could show that the Gloves did not meet the contractual specifications, Rock Fintek still resold the gloves to its customer and was paid in full. *See e.g.*, *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (damages is an element of a breach of contract claim). Further, to the extent that Rock Fintek claims that it is entitled to future lost profits, it cannot meet the stringent requirements imposed by New York law—namely, its purported loss is not "capable of proof with reasonable certainty"; its imagined damages are highly speculative; and such damages were not within the contemplation of the parties. *See Lovely Peoples Fashion v. Magna Fabrics*, 95 Civ. 8450 (AGS)(THK), 1998 U.S. Dist. LEXIS 11197, at *15 (S.D.N.Y. July 22, 1998).

Accordingly, the Adorama Parties respectfully request that the Court grant them leave to file a motion for summary judgment on Rock Fintek's third-party claims against them. We thank the Court for its continued attention to this action.

Lipsius-BenHaim Law, LLP
November 30, 2023
Page **4** of **4**

        Respectfully submitted,

        **LIPSIUS-BENHAIM LAW, LLP**

        Alexander J. Sperber, Esq.