

NEW YORK    BOSTON
www.psdfirm.com

**POLLACK SOLOMON DUFFY LLP**
48 Wall Street, 31st Floor New York, NY 10005
617-439-9800
prakhunov@psdfirm.com

December 7, 2023

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   *Kitchen Winners NY Inc. v. Rock Fintek LLC*, Case No. 22-cv-05276-PAE
      **Objection to JNS Parties' Request to File Summary Judgment Motion (ECF 123)**

Dear Judge Engelmayer:

Pursuant to Paragraph 3(H) of Your Honor's individual practices, Rock Fintek LLC respectfully objects to the requests for leave to file a summary judgment motion submitted by JNS Capital Holdings LLC ("JNS") and Joel Stern. As the other parties have done in their letters, Rock Fintek incorporates by reference the arguments set forth in Rock Fintek's responses to the letters submitted by Kitchen Winners NY, Inc, Adorama Inc., and Joseph Mendlowitz, including on damages theories and the timeliness of the notice of breach, and does not repeat duplicative arguments herein.

Discovery has established to a near certainty that Stern, as alleged, made multiple fraudulent representations of fact to induce Rock Fintek into overpaying to JNS for non-conforming gloves. Stern has acknowledged in his deposition testimony and in contemporaneous communications produced in discovery that Rock Fintek contracted to purchase only Medcare brand *medical examination grade nitrile gloves with an FDA 510K certification*, which met ASTM D6319 Standard Specifications. Documentary evidence and testimony demonstrates beyond dispute that Stern knowingly and deliberately delivered polyvinyl chloride "protection" gloves that did not meet the required specifications. Documents such as bills of lading, detailed packing slips and emails between Stern, Hershey Weiner, Mendel Banon and various logistics providers demonstrate beyond doubt that Stern knew that the gloves he sold to Rock Fintek failed to meet the specifications that he knew were required by Rock Fintek's hospital client.

**The Fraud Claim Against Stern, Individually, Survives Summary Judgment**

Discovery has strengthened Rock Fintek's fraud claim against Stern. The record evidence confirms beyond dispute that Stern had contemporaneous knowledge of the non-conforming nature of the gloves that he would be selling to Rock Fintek, before the transactions, which he misrepresented unambiguously in writing to Rock Fintek's Thomas Kato and Bradley Gilling in WhatsApp messages and orally. Stern admitted receiving packing slips from logistics providers

that plainly describe the gloves sold to Rock Fintek as non-conforming "protection" gloves. The record evidence links fraudulently "stickered" boxes of gloves to gloves sold by Stern and JNS, including through container numbers on packing slips and invoices, lot numbers listed on glove boxes and photographs taken at various warehouses.

Stern's position that the fraud claim *against him* cannot proceed because it is duplicative of the contract claim *against JNS* has been squarely rejected in New York. *See Sun Prod. Corp. v. Bruch*, No. 10 CIV. 4816 SAS, 2011 WL 5120307, at *5 (S.D.N.Y. Oct. 28, 2011), aff'd, 507 F. App'x 46 (2d Cir. 2013) ("The rule barring duplicative claims of fraud and breach of contract is only applicable where the two claims are asserted against a common defendant."); *Advanced Knowledge Tech, LLC v. Fleitas*, No. 21-CV-992 (PKC), 2021 WL 6126966, at *3 (S.D.N.Y. Dec. 28, 2021) ("fraud claim is not duplicative of a breach of contract claim because it is asserted against Fleitas who is sued in his individual capacity and is not a party to the contract") (citing *Forty Cent. Park S., Inc. v. Anza*, 130 A.D.3d 491, 492 (1st Dep't 2015)); *see also Bd. of Managers of Beacon Tower Condo. v. 85 Adams St., LLC*, 136 A.D.3d 680, 681-82 (2d Dep't 2016) (members of limited liability companies, such as corporate officers, may be held personally liable if they participate in the commission of a tort in furtherance of company business). Stern cannot escape liability for having caused JNS to engage in a fraudulent transaction, particularly while also claiming that he is not liable on JNS's contract covering that transaction.

**Joel Stern Should Be Held Individually Liable for JNS's Breach of Contract**

As detailed above, the record confirms that Stern made fraudulent statements related to transactions on which Stern used JNS to serve as the contracting party. The law does not permit Stern to hide behind the JNS corporate form to avoid liability for knowingly and intentionally selling fake medical gloves to Rock Fintek. To maintain a veil piercing claim in New York against a member of a limited liability company, evidence must indicate, as it does here, that the member exercised complete domination and control over the company and abused the privilege of doing business in that form to perpetrate a wrong or injustice. *See Grammas v. Lockwood Assoc., LLC*, 95 A.D.3d 1073, 1075 (2d Dept 2012). Factors to be considered in determining whether an individual has abused the privilege of doing business in the corporate or LLC form include the failure to adhere to LLC formalities, inadequate capitalization, commingling of assets, and the personal use of LLC funds. *Id.*

Here, the record evidence shows that Stern formed and used JNS specifically and solely for the purpose of engaging in sales of Medcare brand gloves, including fraudulent sales to Rock Fintek, that JNS did not observe corporate formalities, and that JNS no longer has assets sufficient to meet its obligations, including for knowingly selling non-conforming gloves. Moreover, Stern is the sole member and manager of JNS who unquestionably exercised complete control over the transaction at issue. *Gold v. 22 St. Felix, LLC*, 219 A.D.3d 588, 590 (2d Dep't 2023) (veil piercing available when owners exercised complete domination of the LLC in respect to the transaction attacked and such domination was used to commit a fraud or wrong against the party seeking to pierce the corporate veil causing injury).

Stern's reliance on *Morris v. New York State Dep't of Tax'n & Fin.*, 82 N.Y.2d 135 (1993) is unavailing. There, the Court of Appeals recognized the fact-intensive nature of veil piercing

analysis and expressly on the factual finding of, unlike here, "no evidence of an intent to defraud…." *Id.*, 82 N.Y.2d at 143. On this record, the veil piercing determination is for the jury.

**A Jury Can Easily Find that JNS Breached Contractual Obligations to Rock Fintek**

JNS's argument that Rock Fintek "has no ability to track" the gloves it and Stern sold to Rock Fintek is preposterous on this record where overwhelming evidence links the chain of non-conforming gloves from JNS and Stern's warehouses to Rock Fintek's trucks to the Medline warehouses by, among other things, unique container and lot numbers located on bills of lading, packing slips, invoices, glove boxes, testing reports, contemporaneous communications between Stern and warehouse staff, and photographs and videos evidencing labels on pallets of gloves that were printed by Stern's contracted warehouse workers bearing container numbers associated with Stern's products. The record evidence proving that the JNS Parties delivered non-conforming "protection" gloves is clear and overwhelming, precluding any chance of the JNS Parties' success on summary judgment.

**A Jury Should Determine the Damages Suffered by Rock Fintek**

Finally, as detailed in Rock Fintek's response to Kitchen Winners' letter, the record supports Rock Fintek's damages claims against the JNS Parties for massive losses incurred from the destruction of Rock Fintek's lucrative business relationship with Ascension and ongoing exposure to liability for Ascension's claims regarding these gloves.

Accordingly, Rock Fintek respectfully requests that the Court deny JNS Capital Holdings LLC's and Joel Stern's request for leave to file a summary judgment motion, which would be futile.

Respectfully submitted,

*/s/Phillip Rakhunov*
Phillip Rakhunov

cc:   All counsel (via ECF)