

NEW YORK    BOSTON
www.psdfirm.com

**POLLACK SOLOMON DUFFY LLP**
48 Wall Street, 31st Floor New York, NY 10005
617-439-9800
prakhunov@psdfirm.com

December 7, 2023

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

      Re:    *Kitchen Winners NY Inc. v. Rock Fintek LLC*, Case No. 22-cv-05276-PAE
**Objection to Adorama's Request to File Summary Judgment Motion (ECF 124)**

Dear Judge Engelmayer:

      Pursuant to Paragraph 3(H) of Your Honor's individual practices, Rock Fintek LLC respectfully objects to the request for leave to file a summary judgment motion submitted by Adorama Inc. and Joseph Mendlowitz. As the other parties have done in their letters, Rock Fintek incorporates by reference the arguments set forth in Rock Fintek's responses to the letters submitted by Kitchen Winners NY, Inc., JNS Capital Holdings LLC and Joel Stern, including on damages theories, and does not repeat duplicative arguments herein.

      Discovery has established that Adorama was a party as a "Seller" under the parties' Sales and Purchase Agreement ("SPA") or that at least an ambiguity exists on that point, and that Adorama knowingly breached the SPA. There is no dispute that the SPA required delivery of only Medcare brand *medical examination grade nitrile gloves with an FDA 510K certification* that met ASTM D6319 Standard Specifications. Evidence demonstrates that the sellers instead delivered polyvinyl chloride "protection" gloves with no detectable nitrogen levels[1] that did not meet the specification that sellers knew were required by Rock Fintek's hospital client. Packing slips and emails that included Adorama, its agents, and various logistics providers demonstrate that Adorama and Mr. Mendlowitz knew (or at least recklessly disregarded) that the gloves sold to Rock Fintek failed to meet the specifications required by Rock Fintek and its hospital client. Indeed, Adorama admitted at Mr. Mendlowitz's deposition that Adorama continues to sell nitrile examination gloves on its website to this day. Any motion by Adorama for summary judgment is therefore futile.

---

[1] Rock Fintek also expects to produce expert reports from a statistician and from a testing laboratory confirming this.

**Adorama Inc. is Liable as a Seller under the SPA**

Adorama cannot obtain summary judgment to avoid its obligations as a Seller under the SPA. At most, the SPA is ambiguous as to the scope of Adorama's obligations, which ambiguity cannot be resolved on summary judgment, particularly where either Adorama or Kitchen Winners drafted the SPA. *See 67 Wall St. Co. v. Franklin Nat. Bank*, 37 N.Y.2d 245, 249 (1975) ("in cases of doubt or ambiguity, a contract must be construed most strongly against the party who prepared it"); *Amusement Bus. Underwriters v. American Intl. Group*, 66 N.Y.2d 878, 880 (1985) (when contract is ambiguous, its construction presents a question of fact that may not be resolved on summary judgment); *TOMRA of N. Am., Inc. v. Count & Crush, LLC*, No. 118CV1266LEKDJS, 2023 WL 6066034, at *4 (N.D.N.Y. Sept. 18, 2023) ("If the contract is ambiguous, and if the opposing party proffers a reasonable interpretation and submits supporting extrinsic evidence over which there is a genuine dispute, summary judgment is precluded.").

As it did at the pleadings stage, Adorama selectively relies on the preamble to the SPA, but ignores that Paragraph 2 of the SPA and the signature page unequivocally bind Adorama as a signatory to the SPA as a "Seller." Paragraph 2 of the SPA requires that "Buyer *shall pay Seller* in full by wire transfer of funds for each container Delivered to the Seller's warehouse." (emphasis added). Adorama has admitted that *every* payment for gloves under the SPA was made *to Adorama* and not to Kitchen Winners. Messrs. Kato and Gilling both testified that prior to signing the SPA, they had at least one conference call with an Adorama executive where Adorama agreed to be a party to the SPA obligated for its performance. To that end, Adorama signed the SPA as a "Seller" in the signature block. The mere fact that Mr. Mendlowitz testified contrary to Messrs. Kato and Gilling with respect to their communications and the reasons for Adorama signing onto the SPA and receiving all payments under the SPA does not create an entitlement to summary judgment but constitutes a question of fact for the jury. If any dispute exists that Adorama is a seller under the SPA, that dispute is for the jury.

**Breach of Warranty Claims Survive Summary Judgment**

As a party and signatory to the SPA, Adorama simply ignores the warranties it made to Rock Fintek in the SPA regarding the specifications of the gloves at issue. Adorama also ignores record evidence that it (directly and through brokers and agents) provided written warranties about the specifications of the gloves, including cherry-picked excerpts from testing reports and a purported FDA 510K approval letter to be sent to Rock Fintek's hospital client, which misrepresented the nature of the gloves and falsely warranted compliance with ASTM D6319 specifications.

Furthermore, Adorama's argument that Rock Fintek did not timely lodge a complaint about the defective products is not susceptible to summary judgment on the breach of contract or warranty claims. Adorama ignores evidence that Rock Fintek provided notice of defects in gloves *immediately* upon learning of those defects from its client, and ignores evidence that that Rock Fintek did not have a reasonable opportunity to inspect the gloves including due to COVID safety restrictions. Record evidence demonstrates that those notices were immediately forwarded by Mr. Weiner to Mr. Mendlowitz. In any event, under New York law, what constitutes a "reasonable time" for a buyer to inspect and provide notice of non-conforming goods is "generally held to

present questions of fact for the jury." *Sherkate Sahami Khass Rapol (Rapol Const. Co.) v. Henry R. Jahn & Son, Inc.*, 701 F.2d 1049, 1051 (2d Cir. 1983) (collecting cases); *Cottonaro v. Southtowns Indus., Inc.*, 213 A.D.2d 993, 994, 625 N.Y.S.2d 773 (1995). Nothing here justifies departing from the general rule.

**Good Faith and Fair Dealing Claim Against Adorama Survives Summary Judgment**

Just as Rock Fintek's breach of contract claim against Adorama survives, so does the claim for breach of covenant of good faith and fair dealing, premised on extra-contractual extortionate conduct, including conditioning delivery of contracted-for gloves on Rock Fintek paying improper transportation and insurance costs and conditioning contractually required return of overcharges and payment of a rebate on Rock Fintek buying 2 million more boxes of gloves from Adorama and Kitchen Winners for an additional $18 million. Indeed, discovery has revealed that Adorama's Mr. Mendlowitz was more involved in the extortionate communications that previously suspected, being kept apprised by email of those efforts by Mr. Weiner.

**A Jury Should Determine the Damages Suffered by Rock Fintek**

Finally, as detailed in Rock Fintek's response to Kitchen Winners' letter, the record supports Rock Fintek's damages claims of (1) massive losses incurred from the destruction of Rock Fintek's lucrative business relationship with Ascension; (2) ongoing exposure to Ascension; (3) an unpaid contractual rebate of $750,000; and (4) Rock Fintek's overpayment to Adorama Parties for approximately $2 million of gloves for which Rock Fintek did not get paid.

Accordingly, Rock Fintek respectfully requests that the Court deny Adorama's and Mr. Mendlowitz's request for leave to file a summary judgment motion, which would be futile.

Respectfully submitted,

*/s/Phillip Rakhunov*
Phillip Rakhunov

cc: All counsel (via ECF)