

NEW YORK    BOSTON
www.psdfirm.com

**POLLACK SOLOMON DUFFY LLP**
43 West 43rd Street, Suite 174, New York, NY 10036
617-439-9800
prakhunov@psdfirm.com

March 4, 2024

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   *Kitchen Winners NY Inc. v. Rock Fintek LLC*, Case No. 22-cv-05276-PAE
      **Letter Motion Seeking to Maintain Confidentiality of Certain Bank Records**

Dear Judge Engelmayer:

  We write on behalf of Rock Fintek LLC pursuant to Paragraph 4.B.2 of Your Honor's Individual Rules and Practices in Civil Cases to request that the Court issue an Order maintaining confidentiality over Rock Fintek's wholesale bank records that Adorama, Inc., Kitchen Winners NY Inc. and Joseph Mendlowitz (the "Adorama Parties") filed under seal in support of their respective motions for summary judgment. In particular, this letter motion concerns materials contained in docket entries ECF 141-20 through ECF 141-30, consisting of Exhibits "N" and "O" to the Declaration of Alexander J. Sperber (ECF 141).

  Rock Fintek's wholesale unredacted bank records should remain sealed. The vast majority of those records are not "judicial documents" because they are not relevant to the resolution of the pending summary judgment motions and unsealing those materials would compromise privacy interests of non-parties in financial transactions having *nothing whatsoever* with this case. To be clear, Rock Fintek has no objection to public disclosure of those portions of bank records that relate to the transactions at issue in this lawsuit.

  On November 3, 2023, upon the Adorama Parties' motion to compel, the Court ordered Rock Fintek to produce a full and unredacted copy of its bank records under on an attorneys'-eyes-only basis to counsel in this case. ECF 116. As the Court may recall, the stated reason underlying the Adorama Parties' motion to compel was to "assess the validity" of Rock Fintek's damages claims in connection with payments Rock Fintek received from Ascension Health. Rock Fintek complied with the Court's Order. Since then, none of the other parties has sought to modify the confidentiality designation on those records.

On February 16, 2024, the Adorama Parties filed respective summary judgment motions and attached, under seal, Rock Fintek's entire bank records that were produced in discovery with only the primary account numbers redacted. As expected, the only references in the Adorama Parties' summary judgment papers to Rock Fintek's bank records concern transactions with Ascension Health. The unrelated financial transactions reflected in bank records, such as those between Rock Fintek and unrelated parties, distributions to Rock Fintek's principal and payments to various individuals that had performed services for Rock Fintek, among others, are completely irrelevant to the Court's judicial function in this case and would implicate privacy rights of Rock Fintek's various vendors and contractors, as well as its principal member.

The law in this Circuit supports Rock Fintek's position. First, in determining whether the presumption of access under common law applies, the court must first determine whether a filed document is a "judicial document." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Here, given the limited relevance to the resolution of this case, Rock Fintek's wholesale banking records are not "judicial documents" that are subject to public disclosure. *See Trump v. Deutsche Bank AG*, 940 F.3d 146, 152 (2d Cir. 2019) ("Because the sealed letter (more precisely, the only portion of the letter that is sealed) is not relevant to any issue in the underlying appeal, it is not a 'judicial document' within the meaning of the decisions requiring unsealing of documents filed with a court."); *Giuffre v. Maxwell*, No. 15 CIV. 7433 (LAP), 2020 WL 133570, at *1 (S.D.N.Y. Jan. 13, 2020) ("The Court of Appeals has made it clear that 'the mere filing of a paper or document with the court is insufficient to render that paper a judicial document.'") (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).

Second, financial and banking records are private and "have historically not been subject to public access in the United States." *See Strauss v. Credit Lyonnais, S.A.*, Nos. 06–CV–702 (DLI)(MDG), 07–CV–914 (DLI)(MDG), 2011 WL 4736359, at *4 (E.D.N.Y. Oct. 6, 2011); *United States v. Strevell*, No. 05-CR-477(GLS), 2009 WL 577910, at *4 (N.D.N.Y. Mar. 4, 2009) ("Numerous courts have found privacy interests worthy of protection such as business and financial records ... with no public [access] ramifications."); *Prescient v. MJ Publ'g Trust*, 487 F. Supp. 2d 374, 375 (S.D.N.Y. 2007) (sealing bank checks attached to summary judgment motion); *In re Orion Pictures*, 21 F.3d 24 (2d Cir. 1994) (holding "commercial information" would remain under seal).

In meet and confer efforts, the Adorama Parties have raised purported burdensomeness of redacting irrelevant portions of bank records as the primary justification for filing the unredacted records in their entirety. Such a minimal burden is plainly insufficient to overcome important privacy rights. If instructed to do so by the Court, Rock Fintek stands prepared to make any such redactions to ensure that only pertinent portions of private financial records are placed into public record. No prejudice to the parties or to the public would result from maintaining confidentiality over completely irrelevant portions of Rock Fintek's bank records.

Accordingly, Rock Fintek respectfully requests that the Court allow this letter motion and order that the financial records identified by their docket numbers above remain under seal. In the alternative, Rock Fintek stands ready to provide redacted versions of those records to be placed in the public record.

Respectfully submitted,

/s/Phillip Rakhunov
Phillip Rakhunov

cc: All counsel (via ECF)