# **EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KITCHEN WINNERS NY INC., *Plaintiff*, -against- ROCK FINTEK LLC, *Defendant*. ROCK FINTEK LLC, *Counterclaim/Third Party-Plaintiff*, -against- KITCHEN WINNERS NY INC., *Counterclaim-Defendant*, and ADORAMA INC., HERSHEY WEINER, JOSEPH MENDLOWITZ, JNS CAPITAL HOLDINGS LLC and JOEL STERN, *Third-Party Defendants*. | Civil Action No. 22-cv-05276-PAE |

**AFFIDAVIT OF JOSEPH WEINER**

I, **JOSEPH WEINER**, declare the following to be true under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746:

1. I am a consultant and manager at Kitchen Winners NY Inc. ("Kitchen Winners"), a party in the above-captioned matter. I submit this affidavit in further support of plaintiff and

1

counterclaim-defendant Kitchen Winners' motion for summary judgment against defendant and counterclaim-plaintiff Rock Fintek LLC ("Rock Fintek"). I submit this affidavit based upon my personal knowledge.

2. In support of its opposition to the motions for summary judgment filed by Kitchen Winners and third-party defendants Joseph Mendlowitz and Adorama Inc. (collectively "the Adorama Parties"), Rock Fintek submitted a Declaration of Thomas Kato dated March 15, 2024 (the "Kato Aff.").

3. According to paragraph 29 of the Kato Aff., Mr. Kato alleges that before entering into the SPA, he "participated in numerous telephone calls with Joseph 'Hershey' Weiner during which calls [he] told Weiner very clearly that the large glove order contemplated under the SPA was for Rock Fintek's hospital client that could only accept properly labelled FDA 510(k) approved nitrile medical examination gloves meeting ASTM D-6319 specifications."

4. However, I unequivocally deny ever being told by Mr. Kato that the gloves Rock Fintek purchased under the SPA was for its "hospital client that could only accept properly labelled FDA 510(k) approved nitrile medical examination gloves meeting ASTM D-6319 specifications."

5. Mr. Kato further testifies in paragraph 31 of the Kato Aff. that he told me that "the end buyer of the gloves was an important hospital client of Rock Fintek – the second largest hospital systems in the United States – that had placed a purchase order for a large quantity of gloves and was likely to continue buying significant amounts of gloves and other PPE through Rock Fintek with a potential for significant profit for all parties involved if Rock Fintek delivered good products." Mr. Kato also claims to have told me that Rock Fintek had "recently been a victim of a fraudulent transaction in Thailand," and "that the money that was stolen in Thailand was a part of the large deposit made by this same hospital client and that Rock Fintek was pursuing

2

claims against the Thailand supplier to the full extent of the law, including through civil and criminal actions." Finally, Mr. Kato also testifies that he told each of the sellers, including Kitchen Winners, "that delivering fake or non-conforming products to our client, particularly after the $6.2 million theft of my client's deposit, would be devastating to Rock Fintek's business and would expose Rock Fintek and everyone involved in the deal to significant liability to the fullest extent of the law."

6. However, I once again deny ever being told by Mr. Kato any of the information contained in paragraph 31 of the Kato Aff.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 4/5/24

JOSEPH WEINER