# **EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
<u>**SOUTHERN DISTRICT OF NEW YORK**</u>

| | |
|---|---|
| KITCHEN WINNERS NY INC.,<br><br>                    *Plaintiff*,<br><br>   -against-<br><br>ROCK FINTEK LLC,<br>         *Defendant*.<br><br>ROCK FINTEK LLC,<br><br>             *Counterclaim and Third-<br>             Party Plaintiff*,<br><br>   -against-<br><br>KITCHEN WINNERS NY INC.,<br><br>             *Counterclaim Defendant*,<br><br>   and<br><br>ADORAMA INC., HERSHEY WEINER, JOSEPH MENDLOWITZ, JNS CAPITAL HOLDINGS LLC and JOEL STERN<br><br>             *Third-Party Defendants*. | Civil Action No. 22-cv-05276-PAE<br><br><br><br><br><br><u>**DECLARATION OF JOSEPH MENDLOWITZ IN SUPPORT OF ADORAMA'S MOTION FOR SUMMARY JUDGMENT**</u> |

Pursuant to 28 U.S.C. § 1746, I, **JOSEPH MENDLOWITZ**, declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1.     I am the director of multiple departments at Adorama Inc. ("Adorama"), the Third-Party Defendant in the above-captioned action. I submit this declaration, based upon my personal

1

knowledge, in further support of Adorama's Motion for Summary Judgment against Rock Fintek LLC ("Rock Fintek").  I submit this declaration based upon my personal knowledge.

2. In support of its opposition to the motions for summary judgment filed by Kitchen Winners and third-party defendants Joseph Mendlowitz and Adorama Inc. (collectively "the Adorama Parties"), Rock Fintek submitted a Declaration of Thomas Kato dated March 15, 2024 (the "Kato Aff.").

3. According to paragraph 26 of the Kato Aff., Mr. Kato alleges that non-party Mendel Banon ("Banon") "consistently held himself out as a duly authorized representative of Kitchen Winners and Adorama, using those names interchangeably."

4. Banon was never an employee of Adorama.

5. Banon was never a broker of Adorama.

6. Banon was never authorized to make any representations on Adorama's behalf.

7. I never represented to Thomas Kato or Bradley Gilling that Banon was an employee or broker of Adorama or that Banon was authorized to make any representations on Adorama's behalf.

8. As a matter of fact, I never had any conversations with Thomas Kato or Bradley Gilling.

9. Accordingly, I respectfully request that the Court grant Adorama's motion for summary judgment.

Dated: April 5, 2024

_____
JOSEPH MENDLOWITZ