UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KITCHEN WINNERS NY INC.,

                  Plaintiff,

      -v-

ROCK FINTEK LLC,

                  Defendant.

---

ROCK FINTEK LLC,

                  Third-Party Plaintiff and
                  Counter Claimant,

      -v-

KITCHEN WINNERS NY INC.,

                  Counterclaim Defendant,

JNS CAPITAL HOLDINGS LLC and ADORAMA, INC.,

                  Third-Party Defendants.

---

22 Civ. 5276 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On August 6, 2024, this Court issued a decision resolving the parties' motions for summary judgment. Dkt. 164. As relevant here, the decision left intact one claim by Rock Fintek LLC (for breach of contract) against JNS Capital Holdings LLC ("JNS") and no claims by Rock Fintek against Joel Stern, a former principal of JNS's. *Id.*

On September 11, 2024, this Court received a letter motion from JNS and Stern asking the Court to enter judgment, and impose nominal damages, against them pursuant to Fed. R. Civ.

P. 54(b). Dkt. 167. This step, they explained, would eliminate costly district court litigation while expediting Rock Fintek's anticipated appeal as to Stern. *Id.*

The Court is receptive to entering an order consistent with this proposal, provided that Rock Fintek consents in writing to it. To that end, the Court directs counsel for JNS and Mr. Stern to confer with counsel for Rock Fintek to draft and execute a proposed stipulation and order to that effect, for the Court's approval. The judgment should identify the claim(s) as to which liability is being entered against JNS and Stern. Further, in light of Rock Fintek's stated interest in appealing the Court's dismissal of the claims against Stern, the proposed stipulation and order should also address, *inter alia*, the parties' agreement as to the effect of an appellate reversal of that dismissal (e.g., whether, on such a reversal, the judgments of liability against Rock Fintek and Stern to which the parties have stipulated remain in place).

Separately, to the extent entry of judgment is sought to facilitate a forthcoming appeal, the Court reminds counsel that the Second Circuit discourages piecemeal appellate litigation, particularly where the claim(s) at issue on an appeal involve questions of law and fact not "entirely distinct" from claims pending below. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17 (2d Cir. 1997) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) ("Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."). Thus, although the entry of judgment would stand to reduce litigation costs for Rock Fintek, JNS, and Stern, counsel should not assume that it would necessarily expedite the appeal.

For avoidance of doubt, all deadlines in this case remain in place.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 16, 2024
       New York, New York