UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KITCHEN WINNERS NY INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| ROCK FINTEK LLC, | ) |
| Defendant, | ) Civil Action No. 22-cv-05276-PAE |
| ROCK FINTEK LLC, | ) |
| Counterclaim and Third-Party Plaintiff, | ) |
| v. | ) |
| KITCHEN WINNERS NY INC, | ) |
| Counterclaim Defendant, | ) |
| and | ) |
| ADORAMA INC., HERSHEY WEINER, JOSEPH MENDLOWITZ, JNS CAPITAL HOLDINGS LLC and JOEL STERN, | ) |
| Third-Party Defendants. | ) |

**ROCK FINTEK LLC'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING UNRELATED TRANSACTIONS**

Defendant and third-party/counterclaim plaintiff Rock Fintek LLC respectfully submits this motion *in limine* to preclude Kitchen Winners NY Inc. ("Kitchen Winners") and Adorama, Inc. ("Adorama") from introducing documentary evidence or testimony regarding unrelated financial transactions, including from Joel Stern regarding transactions between Rock Fintek and

Joel Stern and his company JNS Capital Holdings LLC.

In support hereof, Rock Fintek states as follows:

## Background

1. Rock Fintek has previously brought claims against Joel Stern and his company JNS Capital Holdings LLC in connection with defective gloves that JNS had sold to Rock Fintek.

2. Following the Court's summary judgment rulings and well before the present submissions, Rock Fintek, JSN and Stern had reached settlement terms regarding the remaining claims between them.

3. Kitchen Winners has admitted that the disputes between JNS and Rock Fintek are not relevant to the claims remaining in this lawsuit (*see* Joint Pretrial Order, FN3), yet has identified Joel Stern as a witness on its witness list to testify about Rock Fintek's history of payments to JNS (*id.*, § viii(A)) and has listed JNS financial and bank records on its exhibit list.

## Argument

First, because payments between Rock Fintek and JNS have no bearing on the remaining claims in this lawsuit, Kitchen Winners and Adorama should be precluded from introducing documentary evidence related to Rock Fintek's payments to or transactions with JNS as irrelevant. *See* Fed. R. Evid. 401.

Second, to the extent that Kitchen Winners contends that any purported timeliness issues with payments between JNS and Rock Fintek are relevant to support Kitchen Winners' position here regarding the parties' disputes over timeliness issues, such evidence is plainly inadmissible as character evidence under Rule 404(a), and because its minimal relevance is substantially outweighed by the danger of prejudice, confusion of the issues, and undue delay. *See Kozak v. Liberty Mar. Corp.*, No. 20-CV-3684 (MMH), 2024 WL 1558809, at *6 (E.D.N.Y. Apr. 10, 2024)

(citing Fed. R. Evid. 404(a) & 403)).

## Conclusion

Based on the foregoing, Rock Fintek respectfully requests that the Court grant this motion and preclude Kitchen Winners *in limine* from offering at trial documentary evidence or testimony regarding irrelevant transactions between Rock Fintek and other parties, including JNS and Stern.

Dated: November 14, 2024              Respectfully submitted,

/s/Phillip Rakhunov
Phillip Rakhunov
Lauren Riddle (*pro hac vice*)
POLLACK SOLOMON DUFFY LLP
48 Wall Street, 31st Floor
New York, NY 10005
Telephone: (212) 493-3100
Facsimile: (212) 434-0109
prakhunov@psdfirm.com
lriddle@psdfirm.com

**Certificate of Service**

      The undersigned certifies that this document is being served on counsel on all parties via ECF on November 14, 2024.

/s/ Phillip Rakhunov