UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KITCHEN WINNERS NY INC., <br><br> Plaintiff, <br><br> v. <br><br> ROCK FINTEK LLC, <br><br> Defendant, <br><br>――――――――――――――――<br><br>ROCK FINTEK LLC, <br><br> Counterclaim and Third-Party Plaintiff, <br><br> v. <br><br> KITCHEN WINNERS NY INC, <br><br> Counterclaim Defendant, <br><br> and <br><br> ADORAMA INC., HERSHEY WEINER, JOSEPH MENDLOWITZ, JNS CAPITAL HOLDINGS LLC and JOEL STERN, <br><br> Third-Party Defendants. | Civil Action No. 22-cv-05276-PAE |

**ROCK FINTEK LLC'S MOTION *IN LIMINE* TO PRECLUDE ADMISSION OF EVIDENCE REGARDING PURPORTED PAYMENTS TO WENZY, INC., AND THE TESTIMONY OF AN UNIDENTIFIED WENZY, INC. PRINCIPAL AT TRIAL**

Defendant and third-party/counterclaim plaintiff Rock Fintek LLC respectfully submits this motion *in limine* to preclude Kitchen Winners NY Inc. ("Kitchen Winners") and Adorama, Inc. ("Adorama") from calling as a trial witness an unnamed "principal of Wenzy, Inc.," which does not appear to be a legitimate trucking company and has evaded the service of a subpoena in

this case and from introducing as documentary evidence in this case invoices purportedly from an entity known as "wenzy, inc." ("wenzy") as well as the purported pay stubs of Kitchen Winners' payments to wenzy which were produced on the day of close of discovery and in barely legible "screenshot" form with no authentication or an opportunity for deposition questioning.

In support hereof, Rock Fintek states as follows:

**Background**

1. In this breach of contract case, Kitchen Winners seeks the recovery from Rock Fintek of hundreds of thousands of dollars for unpaid shipments of the gloves at issue, along with associated storage expenses. *See* ECF No. 1-1 (Complaint), ¶ 16; Exhibit A (Kitchen Winners' Amended Rule 26 Disclosures).

2. Of that amount, more than approximately $382,000 is attributable to purported shipping services performed by an entity identified on invoices as "wenzy inc." purportedly located at "26 seven springs rd #201 Monroe NY 10950." Exhibit B (wenzy inc. invoices).

3. Rock Fintek has questioned the legitimacy of the wenzy inc. invoices and charges and has disputed that wenzy inc. is even a real trucking company when disputes between the parties arose well before this litigation. *See* Exhibit C (June 18, 2021 internal email); Exhibit D (June 18, 2021 email from Rock Fintek to Kitchen Winners) ("What is Wenzy Inc? There is little information on this company. The invoices sent are not from the actual trucking company.").

4. In other words, Kitchen Winners has known from before it filed this lawsuit that the legitimacy of the wenzy invoices and charges for which it seeks damages would be significant issues in dispute in this litigation.

5. Nonetheless, Kitchen Winners did not identify any witnesses associated with wenzy in its Rule 26 disclosures during this litigation and did not produce any documents

concerning wenzy's purported trucking services during the discovery period, despite basing its damages claims on those invoices, ongoing Rule 26 obligations, and document requests plainly calling for that information.

6. Indeed, at his deposition, Kitchen Winners' representative Hershey Weiner could not provide any information about wenzy, other than he believed it was a company owned either by his wife or his friend's wife, testified that he didn't use that company for a "very long time," and even claimed not to remember that wenzy provided trucking services for which Kitchen Winners seeks hundreds of thousands in damages. Exhibit E (Weiner Excerpts) ("Q: Has Wenzy, Inc. ever provided trucking services? A: Not that I recall-I don't recall.").

7. When Rock Fintek sought to subpoena wenzy during the course of this litigation at its registered location, that address appeared to have been a private residence in the past but was vacant. Exhibit F (subpoena); Exhibit G (Affidavit of attempted service and cover email from process server).

8. Indeed, the "wenzy inc." invoices look nothing like invoices provided by other (legitimate) trucking companies but look identical in form to invoices provided *by Kitchen Winners* for gloves. *Compare, e.g.,* Exhibit B (wenzy invoices), *with* Exhibit H (Kitchen Winners invoice for gloves), with Exhibit I (ACL and DelExpress invoices).

9. Moreover, in violation of its Rule 26 obligations and commitments to produce responsive documents in its responses to discovery requests, Kitchen Winners failed to produce in discovery any documents substantiating the exorbitant trucking costs reflected in the wenzy invoices including any support for Kitchen Winners' contention that it actually paid those invoices. *See* Exhibit J (excerpts of Kitchen Winners' discovery responses) at Nos. 1, 2, 53.

10. Instead, on November 17, 2023, the day *discovery closed* and a day *after the*

*completion of* the deposition questioning of Kitchen Winners' corporate representative, Kitchen Winners produced what appear to be barely legible screenshots of some sort of documents that Kitchen Winners now seeks to use at trial as proof of payment for the purported wenzy inc. trucking services. *See* Exhibit K.

**Argument**

Kitchen Winners should be precluded from calling at trial an unnamed representative of wenzy and should be precluded from offering the wenzy invoices and the belatedly disclosed unauthenticated documents purporting to show payments by Kitchen Winners to wenzy.

The exhibit purporting to demonstrate that Kitchen Winners had paid wenzy inc. should be precluded because it was not produced in discovery and because it cannot be authenticated. Federal Rule of Civil Procedure 37(c)(1) provides that a "party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." The Rule is designed to avoid surprise or trial by ambush. *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (quotation omitted).

The sanction of preclusion under Rule 37(c)(1) is "automatic absent a determination of either substantial justification or harmlessness." *Id.* (citations omitted). Substantial justification means "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Id.* (quoting *Henrietta D. v. Giuliani*, No. 95 Civ. 0641, 2001 WL 1602114, at *5 (E.D.N.Y. Dec. 11, 2001)). The burden of proving substantial justification rests with the party which has failed to disclose information. *See Wright v. Aargo Sec. Servs., Inc.*, 99 Civ. 9115, 2001 WL 1035139, at *2 (S.D.N.Y. Sept. 7,

4

2001). Here, no reasonable persons could disagree that Kitchen Winners at all times knew or should have known that documents underlying the specious wenzy invoices were crucial for Kitchen Winners to establish its damages claims, yet Kitchen Winners failed to produce any documents to substantiate the legitimacy or even authenticity of wenzy invoices during the parties' business relationship and during this litigation. Indeed, this Court has already recognized the questionable nature of the wenzy invoices, and should now preclude Kitchen Winners from relying on these unauthenticated inadmissible materials at trial. *See* ECF No. 164 (Opinion and Order) at 32 (citing *Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs. Inc.*, 952 F. Supp. 2d 542, 572-74 (S.D.N.Y. 2013) (invoices likely inadmissible at trial, and improperly considered at summary judgment, where a qualified witness, familiar with the business's record-keeping system, had not testified when or how invoices were made)).

Similarly, Kitchen Winners should be precluded from calling as a witness at trial an unnamed representative of wenzy whom Kitchen Winners failed to identify as a person with pertinent knowledge in its Rule 26 disclosures. Indeed, even to this date, Kitchen Winners has not identified an actual witness but simply refers in its witness list to a mysterious unnamed "Principal of Wenzy Inc." who would purportedly appear to authenticate wenzy documents. Nor can Kitchen Winners claim any excusable neglect or oversight in failing to disclose in discovery a wenzy witness, particularly where Rock Fintek made diligent efforts to serve wenzy with a subpoena to no avail. As one federal court explained,

> The witnesses, however, cannot evade service yet at the same time expect to testify at trial. Plaintiffs cannot expect to avoid all responsibility for arranging depositions of their own potential trial witnesses and yet at the same time have access to those same witnesses and present them as witnesses at trial, after the witnesses sought to evade service of deposition subpoenas. Nothing prevents Defendant from filing a motion in limine to preclude these witnesses from testifying at trial.

5

*Hamilton v. TBC Corp.*, No. CV1701060DMGJEMX, 2018 WL 9815592, at *2 (C.D. Cal. Sept. 24, 2018).

In short, it would be unfair and unduly prejudicial to Rock Fintek if Kitchen Winners is allowed to call at trial an unnamed wenzy representative and to rely on highly questionable invoices and barely legible unauthenticated purported records of payment, which it failed to produce timely in discovery yet on which it claims to rely to prove a significant portion of its alleged damages.

## Conclusion

Based on the foregoing, Rock Fintek respectfully requests that the Court grant this motion and preclude Kitchen Winners *in limine* from offering the wenzy inc. invoices and purported records of payment into evidence, and preclude Kitchen Winners from calling the unidentified "Principal of Wenzy Inc." as a witness at trial.

Dated:   November 14, 2024                    Respectfully submitted,

/s/Phillip Rakhunov
Phillip Rakhunov
Lauren Riddle (*pro hac vice*)
POLLACK SOLOMON DUFFY LLP
48 Wall Street, 31st Floor
New York, NY 10005
Telephone: (212) 493-3100
Facsimile: (212) 434-0109
prakhunov@psdfirm.com
lriddle@psdfirm.com

**<u>Certificate of Service</u>**

   The undersigned certifies that this document is being served on counsel on all parties via ECF on November 14, 2024.

                     <u>/s/ Phillip Rakhunov</u>