IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KITCHEN WINNERS NY INC., <br><br> *Plaintiff*, <br><br> -against- <br><br> ROCK FINTEK LLC, <br><br> *Defendant*. <br><br> ROCK FINTEK LLC, <br><br> *Counterclaim and Third-Party Plaintiff*, <br><br> -against- <br><br> KITCHEN WINNERS NY INC., <br><br> *Counterclaim Defendant,* <br><br> and <br><br> ADORAMA INC., HERSHEY WEINER, JOSEPH MENDLOWITZ, JNS CAPITAL HOLDINGS LLC and JOEL STERN <br><br> *Third-Party Defendants.* | Civil Action No. 22-cv-05276-PAE |

**AMENDED DISCLOSURE STATEMENT OF PLAINTIFF/COUNTERCLAIM-DEFENDANT KITCHEN WINNERS NY INC. AND THIRD-PARTY DEFENDANTS ADORAMA INC. AND JOSEPH MENDLOWITZ PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a)(1) and 26(e)**

Plaintiff/Counterclaim-Defendant Kitchen Winners NY INC. ("Kitchen Winners") and Third-party Defendants Adorama Inc. and Joseph Mendlowitz make the following disclosures pursuant to Rule 26 (a)(1) and Rule 26(e) of the Federal Rules of Civil Procedure:

1

## DISCLOSURE NO. 1

*The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.*

## RESPONSE:

| NAME AND CONTACT INFORMATION | SUBJECT(S) OF INFORMATION |
| --- | --- |
| Bradly Gilling<br>Telephone: 248-891-6060<br>Email: bg@rockfintek.com<br>Address: 1680 Michigan Avenue, Suite 800<br>Miami Beach, FL 33139 | Mr. Gilling has knowledge of the following subjects: (a) the Sales and Purchase Agreement ("SPA"); (b) the operations of Rock Fintek LLC ("Rock Fintek"); (c) payments made and owed to Kitchen Winners; (d) Kitchen Winner's performance pursuant to the SPA. |
| Thomas H. Kato<br>Email: tk@rockfintek.com; t@mhub.com<br>Address: 1680 Michigan Avenue, Suite 800<br>Miami Beach, FL 33139 | Mr. Kato has knowledge of the following subjects: (a) the Sales and Purchase Agreement; (b) the operations of Rock Fintek; (c) payments made and owed to Kitchen Winners; (d) Kitchen Winner's performance pursuant to the SPA. |
| Ana Gajic<br>Telephone: 305-501-3000<br>Email: ana@rockfintek.com<br>Address: 1680 Michigan Avenue, Suite 800<br>Miami Beach, FL 33139 | Ms. Gagic has knowledge of the following subjects: (a) the Sales and Purchase Agreement; (b) the operations of Rock Fintek; (c) payments made and owed to Kitchen Winners; (d) Kitchen Winner's performance pursuant to the SPA. |
| Shalom Arik Maimon<br>Email: ariknext@gmail.com | Mr. Maimon has knowledge of the following subjects: (a) the Sales and Purchase Agreement; (b) payments made and owed to Kitchen Winners; (c) Kitchen Winner's performance pursuant to the SPA. |
| Ascension Health Alliance | Ascension Health has knowledge of the following subjects: (a) the location of the gloves; (b) Rock Fintek's disposition of the gloves; and (c) the quality of the gloves. |
| Logic Imports | Logic Imports has knowledge of the following subject: some of the invoices and costs relating to the sale of the gloves. |
| Medline Industries, LP | Medline has knowledge of the following subjects: (a) the current location of the gloves; (b) Rock Fintek's disposition of the gloves. |

| | |
|---|---|
| Global Tooling Solutions | Global Tooling Solutions has knowledge of the following subjects: (a) the manufacturing of the gloves; (b) the quality of the gloves; (c) the 510K Certification; and (d) the relationship between all the entities located in China at issue. |
| Anna Grinvald<br>Phone: 86-136-2261-7084<br>Email: anna@gts-hk.net | Ms. Grinvald has knowledge of the following subjects: (a) the manufacturing of the gloves; (b) the quality of the gloves; (c) the 510K Certification; and (d) the relationship between all the entities located in China at issue. |
| Hershey Weiner<br>c/o Lipsius-BenHaim Law, LLP | Mr. Weiner has knowledge of the following subjects: (a) the Sales and Purchase Agreement; (b) the operations of Kitchen Winners; (c) payments made and owed to Kitchen Winners; (d) Kitchen Winner's performance pursuant to the SPA |
| Joseph Mendlowitz<br>c/o Lipsius-BenHaim Law, LLP | Mr. Medlowitz has knowledge of the following subjects: (a) the Sales and Purchase Agreement; (b) the operations of Adorama Inc.; (c) payments made and owed to Kitchen Winners; (d) Kitchen Winner's performance pursuant to the SPA |
| Mendel Banon<br>Email: mendelbanon@gmail.com | Mr. Banon has knowledge of the following subjects: (a) the Sales and Purchase Agreement; (b) payments made and owed to Kitchen Winners; (c) Kitchen Winner's performance pursuant to the SPA. |
| Del Express Inc.<br>63 Flushing Ave<br>Brooklyn NY 11205<br>718-237-2445<br>info@delx.com | Del Express has knowledge concerning the shipping, delivery, and storage of the gloves at issue. |
| Dimerco Express Corp.<br>1351 Veterans Parkway<br>Clarksville IN 47129<br>931-807-2509 | Dimerco Express has knowledge concerning the shipping, delivery, and storage of the gloves at issue. |
| ACL America, Inc.<br>200 East Alondra Blvd.<br>Gardena, CA 90248 | ACL America, Inc. has knowledge concerning the shipping, delivery, and storage of the gloves at issue. |

**DISCLOSURE NO. 2**

*A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.*

**RESPONSE:**

The following categories of documents constitute Defendants' good faith effort to identify documents that may support its claims or defenses to the extent that such documents can or have been identified at this stage in the litigation. Defendants reserve the right to identify additional documents and to object to the production of any documents described herein on any basis permitted under the Federal Rules of Civil Procedure and any other applicable law or privilege:

- All communications between Rock Fintek, on the one hand, and Kitchen Winners, Adorama, Ascension Health, Perle Technologies, Global Tooling Services, Logic Imports, JNS Capital, Joel Stern, on the other hand, related to the sale of gloves.

- All contracts between Rock Fintek, on the one hand, and Kitchen Winners, Adorama, Ascension Health, Perle Technologies, Global Tooling Services, Logic Imports, JNS Capital, Joel Stern, on the other hand, related to the sale of gloves.

- All documents related to Kitchen Winners' procurement of the gloves.

- All documents relating to Kitchen Winners' sale of the gloves to Rock Fintek.

- All documents relating to Kitchen Winners' delivery of the gloves to Rock Fintek.

- All documents relating to Rock Fintek's payment for the gloves.

- All documents concerning any physical or chemical testing conducted by Rock Fintek on the gloves.

- All documents relating to Rock Fintek's attempted rejection or return of the gloves.

- All documents relating to Rock Fintek's sale of the gloves to any third party.

- All documents relating to Rock Fintek's purported damages caused by its allegation that the gloves did not conform with the SPA.

### DISCLOSURE NO. 3

*A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.*

### RESPONSE:

Third Party Defendants Adorama Inc. and Joseph Mendlowitz do not seek any damages in this action.

Kitchen Winners NY INC. seeks monetary relief in this matter in the form of actual damages as well as attorneys' fees. However, the amount of certain said relief is yet to be fully determined based on the discovery that is in the midst of being conducted. Kitchen Winners NY INC. reserves the right to assess damages at a later stage once discovery has progressed.

At this stage, Kitchen Winners NY INC. seeks the following relief:

1. An award of compensatory damages for the cost of the gloves that Rock Fintek breached the contract by refusing to pay, in the amount of $403,470.00, plus pre-judgment and post-judgment interest at the highest legal rate;

2. An award of compensatory damages for the monies expended by Defendants for shipment of the gloves, along with associated storage expenses, in the sum of $630,763.92, plus pre-judgment and post-judgment interest at the highest legal rate;

3. An award of Kitchen Winners NY INC.'s reasonable attorneys' fees, which it incurred and continues to incur;

4. Reimbursement of Kitchen Winners NY INC.'s reasonable expert fees; and

5. For such other and further relief that this Court deems just and proper including, but not limited to, prospective damages to Kitchen Winner's good name and standing in the industry caused by Rock Fintek's claims in this action.

**DISCLOSURE NO. 4**

*Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

**RESPONSE:**

Defendants are unaware of any insurance agreement that may be available to satisfy a judgment in this action. Kitchen Winners is owner of a policy of credit insurance from Euler Hermes North America Insurance Company ("Euler"), but Euler has asserted that it would only compensate Kitchen Winners in the event that (a) it obtains a judgment against Rock Fintek; and (b) Rock Fintek refuses to pay that judgment.

Dated: Kew Gardens, New York
      June 29, 2023

**LIPSIUS-BENHAIM LAW, LLP**
*Attorneys for Kitchen Winners NY INC., Adorama Inc. and Joseph Mendlowitz*

By: _____
Ira S. Lipsius
Alexander J. Sperber
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, New York 11415
Telephone: (212) 981-8440
Facsimile: (888) 442-0284