IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KITCHEN WINNERS NY INC., <br><br> *Plaintiff,* <br><br> -against- <br><br> ROCK FINTEK LLC, <br><br> *Defendant.* <br><br> ROCK FINTEK LLC, <br><br> *Counterclaim and Third-Party Plaintiff,* <br><br> -against- <br><br> KITCHEN WINNERS NY INC., <br><br> *Counterclaim Defendant,* <br><br> and <br><br> ADORAMA INC., HERSHEY WEINER, JOSEPH MENDLOWITZ, JNS CAPITAL HOLDINGS LLC and JOEL STERN <br><br> *Third-Party Defendants.* | Civil Action No. 22-cv-05276-PAE <br><br><br> **PLAINTIFF/COUNTERCLAIM-DEFENDANT KITCHEN WINNERS RESPONSE TO DEFENDANT/COUNTERCLAIM-PLAINTIFF'S DOCUMENT REQUESTS** |

**PLEASE TAKE NOTICE** that, Plaintiff/Counterclaim-Defendant Kitchen Winners NY INC. ("Kitchen Winners"), as and for its response to the document requests (the "Requests") issued by Defendant and Counterclaim-Plaintiff Rock Fintek LLC ("Rock Fintek"), states as follows:

**GENERAL OBJECTIONS**

1

1. Kitchen Winners objects to Rock Fintek's Requests to the extent they conflict with or exceed the scope of the Federal Rules of Civil Procedure, the Local Rules of this Court, or applicable case law.

2. Kitchen Winners objects to Rock Fintek's Requests to the extent that they seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges. Any inadvertent production of any such document or information shall not constitute a waiver of any privilege applicable thereto or to any similar documents or information. Similarly, the voluntary production of privileged document(s) or information shall not operate as a waiver of privilege as to any other documents or communications.

3. Kitchen Winners objects to Rock Fintek's Requests to the extent that the information or production of documents sought is overly broad, unduly burdensome, vague, ambiguous, confusing, misleading, or incomprehensible.

4. Kitchen Winners objects to Rock Fintek's Requests to the extent that they seek production of documents or information which is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

5. Kitchen Winners objects to Rock Fintek's Requests to the extent they are oppressive, unduly burdensome, or would require an unreasonable investigation on the part of Kitchen Winners.

6. Kitchen Winners objects to Rock Fintek's Requests to the extent that they require the disclosure of confidential, proprietary, or otherwise protected business and commercial information. To the extent Kitchen Winners responds to requests to which it objects, such objections are not waived. These responses are made without waiver of, and with preservation

of, all issues as to the competency, relevancy, materiality, privilege, and admissibility of these responses as evidence for any purpose.

7. Kitchen Winners objects to Rock Fintek's Requests to the extent that they seek information outside of the scope of knowledge of Kitchen Winners including, without limitation, information within the knowledge of Rock Fintek or any third-parties.

8. Kitchen Winners objects to Rock Fintek's Requests to the extent that they ask Kitchen Winners to provide information that is, or should be, within the knowledge of Rock Fintek.

9. Kitchen Winners objects to Rock Fintek's Requests to the extent that they seek legal conclusions rather than factual statements.

10. Kitchen Winner's objections shall be deemed to continue throughout the responses to specific Requests that follow, even where they are not further referred to in such responses.

11. Kitchen Winners expressly retains the right to supplement these responses should the need be warranted.

**RESPONSES TO DOCUMENT REQUESTS TO KITCHEN WINNERS, INC.**

1. All documents that you intend to introduce as evidence in this litigation.

**Answer**: Kitchen Winners objects to this request as premature. Kitchen Winners is, at this early point in the litigation, unaware of all the documents it intends to introduce as evidence. Kitchen Winners further objects to this request to the extent that it seeks production of documents that are already in Rock Fintek's possession.

Notwithstanding the foregoing objections, Kitchen Winners will search for and produce non-privileged documents responsive to this request.

2.  All non-privileged documents and communications concerning Rock Fintek's claims, your claims, and/or your defenses alleged in this matter.

**Answer**: Kitchen Winners objects to this request as premature. Kitchen Winners is, at this early point in the litigation, unaware of all documents that concern its claims and defenses in this matter.

Notwithstanding the foregoing objections, Kitchen Winners will search for and produce non-privileged documents responsive to this request.

3.  All non-privileged documents and communications concerning Rock Fintek.

**Answer**: Kitchen Winners objects to this request on the grounds that it overly-broad, as it is unlimited as to time and as it seeks the production of documents that are neither relevant nor calculated to lead to the discovery of relevant documents. Kitchen Winners further objects to this request to the extent that it seeks production of documents that are already in Rock Fintek's possession.

Notwithstanding the foregoing objections, Kitchen Winners will search for and produce non-privileged documents responsive to this request.

4.  All non-privileged documents and communications concerning Ascension Health.

**Answer**: Kitchen Winners objects to this request on the grounds that it overly-broad, as it is unlimited as to time and as it seeks the production of documents that are neither relevant nor calculated to lead to the discovery of relevant documents. Kitchen Winners further objects to this request to the extent that it seeks production of documents that are already in Rock Fintek's possession.

Notwithstanding the foregoing objections, Kitchen Winners does not possess documents responsive to this request.

5.  All documents and communications concerning the SPA, including but not limited to drafts and redlines.

**Answer**: Kitchen Winners objects to this request to the extent that it seeks confidential or proprietary business or financial information and to the extent that it seeks information protected by the attorney-client privilege or the work product privilege. Kitchen Winners further objects to this request to the extent that it seeks production of documents that are already in Rock Fintek's possession.

Notwithstanding the foregoing objections, Kitchen Winners will search for and produce non-privileged documents responsive to this request.

4

6. All documents and communications concerning the gloves sold to Rock Fintek pursuant to the SPA.

**Answer**: Kitchen Winners objects to this request to the extent that it seeks confidential or proprietary business or financial information. Kitchen Winners further objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product privilege. Kitchen Winners further objects to this request to the extent that it seeks production of documents that are already in Rock Fintek's possession.

Notwithstanding the foregoing objections, Kitchen Winners will search for and produce non-privileged documents responsive to this request.

7. All documents and communications concerning the differences or similarities between the gloves labelled as "protection" gloves and gloves labelled as "examination" gloves sold to Rock Fintek.

**Answer**: Kitchen Winners objects to this request to the extent that it seeks confidential or proprietary business or financial information. Kitchen Winners further objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product privilege. Kitchen Winners further objects to this request to the extent that it seeks production of documents that are already in Rock Fintek's possession.

Notwithstanding the foregoing objections, Kitchen Winners does not possess documents responsive to this request. Kitchen Winners will continue to search its files and will produce responsive documents if they are located.

8. All documents and communications with or concerning parties other than Rock Fintek to whom Kitchen Winners or Adorama had sold MedCare or LevMed brand gloves.

**Answer**: Kitchen Winners objects to this request to the extent that it seeks the production of documents which are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

9. Documents sufficient to identify other purchasers of MedCare or LevMed gloves in 2020 and 2021.

**Answer**: Kitchen Winners objects to this request to the extent that it seeks confidential or proprietary business or financial information. Kitchen Winners further objects to this

49. Documents sufficient to identify all bank accounts into which funds paid by Rock Fintek were deposited.

**Answer**: Kitchen Winners objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product privilege. Kitchen Winners objects to this request to the extent that it seeks the production of documents which are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Kitchen Winners further objects to this request to the extent that it seeks production of information already in Rock Fintek's possession.

Notwithstanding the foregoing objections, Kitchen Winners will search for and produce non-privileged documents responsive to this request.

50. All documents and communications concerning or reflecting the quantity of gloves sold to Rock Fintek.

**Answer**: Kitchen Winners objects to this request to the extent that it seeks production of documents protected by the attorney-client or work product privileges.

Notwithstanding the foregoing objections, Kitchen Winners will search for and produce non-privileged documents responsive to this request.

51. All documents and communications concerning or reflecting shipping records for the gloves sold to Rock Fintek, including but not limited to bills of lading, invoices and proofs of delivery.

**Answer**: Kitchen Winners objects to this request to the extent that it seeks production of documents protected by the attorney-client or work product privileges.

Notwithstanding the foregoing objections, Kitchen Winners will search for and produce non-privileged documents responsive to this request.

52. Documents sufficient to identify each warehouse where gloves sold to Rock Fintek were held or stored prior to being sold to Rock Fintek.

**Answer**: Kitchen Winners will search for and produce documents responsive to this request.

53. Documents sufficient to identify the full names and last known contact information for any individuals directly or indirectly employed with or contracted by Kitchen

16

Winners or Adorama in connection with the glove transactions at issue, including but not limited to warehouse workers and truck drivers.

> **Answer**: Kitchen Winners objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product privilege. Kitchen Winners objects to this request to the extent that it seeks the production of documents which are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Kitchen Winners further objects to this request on the grounds that it is unlimited as to time.
>
> Notwithstanding the foregoing objections, Kitchen Winners will search for and produce non-privileged documents responsive to this request.

54. All documents and communications concerning an entity known as Logic Imports.

> **Answer**: Kitchen Winners objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product privilege. Kitchen Winners objects to this request to the extent that it seeks the production of documents which are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Kitchen Winners further objects to this request on the grounds that it is unlimited as to time and subject matter.
>
> Notwithstanding the foregoing objections, Kitchen Winners will search for and produce non-privileged documents responsive to this request.

55. All documents and communications concerning an entity known as Perle Technologies.

> **Answer**: Kitchen Winners objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work product privilege. Kitchen Winners objects to this request to the extent that it seeks the production of documents which are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Kitchen Winners further objects to this request on the grounds that it is unlimited as to time and subject matter.
>
> Notwithstanding the foregoing objections, Kitchen Winners will search for and produce non-privileged documents responsive to this request.

56. All documents and communications concerning any investigation by any authorities into the authenticity or quality of any personal protective equipment sold by Kitchen Winners or Adorama.

**Answer**: Kitchen Winners objects to this request to the extent that it seeks production of documents protected by the attorney-client or work product privileges. Kitchen Winners further objects to this request on the grounds that it is unlimited as to time.

Notwithstanding the foregoing objections, Kitchen Winners does not possess documents responsive to this request.

Dated: Kew Gardens, New York
April 28, 2023

        **LIPSIUS-BENHAIM LAW LLP**
        *Attorneys for Plaintiff/Counterclaim Defendant Kitchen Winners NY Inc.*

By: _____
      Ira S. Lipsius
      Alexander J. Sperber
      80-02 Kew Gardens Road, Suite 1030
      Kew Gardens, New York 11415
      Telephone: 212-981-8440
      Facsimile: 888-442-0284
      ilipsius@lipsiuslaw.com
      asperber@lipsiuslaw.com