**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

KITCHEN WINNERS NY INC.,

Plaintiff,

v.

ROCK FINTEK LLC,

Defendant,

ROCK FINTEK LLC,

Counterclaim and Third-Party Plaintiff,

v.

KITCHEN WINNERS NY INC,

Counterclaim Defendant,

and

ADORAMA INC., HERSHEY WEINER, JOSEPH MENDLOWITZ, JNS CAPITAL HOLDINGS LLC and JOEL STERN,

Third-Party Defendants.

Civil Action No. 22-cv-05276-PAE

**JOINT PRETRIAL ORDER**

Defendant and third-party/counterclaim plaintiff Rock Fintek LLC, plaintiff/counterclaim defendant Kitchen Winners NY Inc. ("Kitchen Winners"), and third-party defendant Adorama, Inc. ("Adorama") respectfully submit this pretrial order.[1]

**i.        Full Caption of the Action.**

Set forth above.

**ii.       The names, law firms, addresses, and telephone and fax numbers of trial counsel.**

*Counsel for Rock Fintek:*

Phillip Rakhunov
Lauren Riddle (*pro hac vice*)
POLLACK SOLOMON DUFFY LLP
48 Wall Street, 31st Floor
New York, NY 10005
Telephone: (212) 493-3100
Facsimile: (212) 434-0109
prakhunov@psdfirm.com
lriddle@psdfirm.com

*Counsel for Kitchen Winners & Adorama:*

Ira S. Lipsius
David BenHaim
Alexander J. Sperber
Meir Z. Goldberg
Yisroel Steinberg
LIPSIUS-BENHAIM LAW, LLP
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, New York, 11415
Tel: 212-981-8440
Fax: 888-442-0284
Email: iral@lipsiuslaw.com
dbenhaim@lipsiuslaw.com
asperber@lipsiuslaw.com
mzgoldberg@lipsiuslaw.com
ysteinberg@lipsiuslaw.com

---

[1] Rock Fintek has reached a settlement with JNS Capital Holdings LLC and Joel Stern.

**iii. Subject Matter Jurisdiction.**

On or about May 17, 2022, Kitchen Winners commenced an action in the Supreme Court State of New York, New York County, alleging that Rock Fintek failed to pay Kitchen Winners the full amount owed for gloves and associated shipping costs that Rock Fintek purchased at the height of the Covid-19 pandemic. Rock Fintek was served in the State Court Action on or about May 25, 2022.

Rock Fintek removed this case from the New York County Supreme Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332. Rock Fintek then impleaded Adorama and former defendants JNS Capital Holdings LLC and Stern.

Plaintiff Kitchen Winners is a New York corporation with its principal place of business in Brooklyn, New York. Third party defendant Adorama Inc. is a New York corporation with principal places of business located at 1134 53rd Street, Brooklyn, New York 11219 and 42 W 18th St, New York, NY 10011. Thus, Kitchen Winners and Adorama are citizens of New York for purposes of establishing diversity jurisdiction.[2]

Rock Fintek maintains that it is a Delaware limited liability company whose sole member is Thomas Kato, an individual domiciled in and a citizen of the State of Florida. Thus, Rock Fintek is a citizen of Florida for purposes of establishing diversity jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citizenship of a limited liability company is determined by the citizenship of its members). Accordingly, complete diversity exists. 28 U.S.C. §1332(a)(3).

The parties' claims and counterclaims expressly allege amounts that meet the amount in controversy requirement of 28 U.S.C. §1332(a). Kitchen Winners seeks approximately $1,000,000

[2] Former third-party defendants JNS Capital Holdings LLC and Joel Stern are citizens of New York.

in damages for alleged transportation costs and for unpaid gloves, and Rock Fintek seeks approximately $2.75 million in damages for an unpaid rebate and overpayments for gloves.

All parties agree that subject matter jurisdiction is present in this Court.

**iv. A brief summary by each party of the claims and defenses that the party asserts remain to be tried.**

**KITCHEN WINNERS STATES AS FOLLOWS:**[3]

At the height of the Covid-19 Pandemic, Kitchen Winners sold millions of gloves to Rock Fintek. Initially, Kitchen Winners sold gloves to Rock Fintek without a written agreement in what has been termed "one-off agreements." Thereafter, in April 2021, Kitchen Winners and Rock Fintek entered into a Sales and Purchase Agreement ("SPA"), pursuant to which Kitchen Winners agreed to sell Rock Fintek an additional 150,000,000 gloves. After Kitchen Winners delivered those 150,000,000 gloves to Rock Fintek, Rock Fintek requested that Kitchen Winners continue to provide it with even more gloves – which Kitchen Winners did.

Kitchen Winners maintains that Rock Fintek owes an outstanding bill of approximately one and a half million dollars for the gloves and associated trucking and storage costs. Rock Fintek is contractually obligated under the terms of the SPA to pay for the trucking and storage costs. Additionally, as to the gloves delivered in excess of the SPA, Rock Fintek was unjustly enriched – at Kitchen Winners' expense – when it refused to pay Kitchen Winners for the gloves for which Rock Fintek was fully paid by its customer.

Rock Fintek has asserted that Kitchen Winners owes it $750,000 as a rebate under paragraph 8 of the SPA. That paragraph, however, only required Kitchen Winners to pay a rebate to Rock Fintek if Rock Fintek timely made all payments due under the agreement. Rock Fintek

[3] Kitchen Winners and Adorama do not discuss herein the dispute between Rock Fintek and JNS, which is irrelevant to the claims between Rock Fintek and Kitchen Winners/Adorama.

did not do so.  Further, Rock Fintek cannot assert a claim for breach of contract against Kitchen Winners, given that Rock Fintek itself is in breach of the SPA – namely, by failing to "arrange for and pay the cost of ground transportation after customs clearance" as required by paragraph 5 of the SPA.

Rock Fintek also claims that Kitchen Winners must refund the amounts that Rock Fintek paid it in excess of the SPA.  Presumably this is a claim for unjust enrichment.  However, Kitchen Winners provided Rock Fintek gloves in return for that money – gloves that Rock Fintek resold to its customer, Ascension.  Accordingly, any claim of unjust enrichment is wholly unfounded.

**ADORAMA STATES AS FOLLOWS**

Joseph Weiner and Joseph Mendlowits knew each other as members of the same community.  Joseph Mendlowitz is a director of several departments at Adorama Inc.  Adorama and Mendlowits were not related in any way to the "one-off" transactions between Kitchen Winners and Rock Fintek.  Those were for smaller orders and Kitchen Winners did not need outside funding in order to finance those.

Prior to entering into the SPA with Rock Fintek, however, Kitchen Winners reached out to Adorama and requested that Adorama loan Kitchen Winners the funds necessary to finance the purchase of the upcoming contemplated glove order.  In order to secure its loan, Adorama appeared on the SPA in its capacity as lender.  Accordingly, Rock Fintek was required to pay the initial deposit to Adorama.  Adorama had no other obligations under the SPA.  Mendlowits never communicated with Rock Fintek or its principals.

Rock Fintek has asserted a claim against Adorama for breach of contract.  Rock Fintek contends that Adorama is liable for Kitchen Winners' failure to pay it the rebate described above.  However, in addition to the defenses the Kitchen Winners is asserting, Adorama also maintains

paragraph 8 of the SPA only obligated the "Seller" to provide a rebate. "Seller" is defined to solely refer to Kitchen Winners. Accordingly, Adorama could not have breached that provision.

To the extent that Rock Fintek is also asserting a claim against Adorama arising from the payments that it made in excess of the amount required by the SPA, Adorama raises the same defenses as Kitchen Winners. Adorama also maintains that it had no role in connection with those post-contract transactions. Any money that it received from Rock Fintek in connection with that transaction was immediately passed on to Kitchen Winners. Accordingly, Adorama was not enriched – whether justly or unjustly – from those transactions at all.

**KITCHEN WINNERS AND ADORAMA PROVIDE THE FOLLOWING PROCEDURAL HISTORY**

Kitchen Winners commenced this action via summons and complaint dated May 17 , 2022, asserting claims of breach of contract and unjust enrichment against Rock Fintek.

Rock Fintek counterclaimed and brought third-party claims, impleading Hershey Weiner, Adorama, Joseph Mendlowitz, JNS, and Joel Stern. Rock Fintek alleged the following causes of action: (i) breach of contract, (ii) breach of the covenant of good faith and fair dealing, (iii) fraud in the inducement, (iv) negligent misrepresentation, (v) unjust enrichment, (vi) tortious interference with existing and prospective business relations, (vii) conspiracy, and (viii) breach of warranty – all arising out of Rock Fintek's allegations that the gloves failed to meet the required specifications.

By Memorandum and Order dated March 31, 2023, this Court dismissed Rock Fintek's causes of action against Kitchen Winners, Adorama, Weiner, and Mendlowitz for (i) fraud, (ii) negligent misrepresentation, (iii) tortious interference with with existing and prospective business relations, and (iv) fraud. By that same Order, the Court dismissed Rock Fintek's cause of action for breach of warranty against Joseph Weiner – thereby eliminating all claims against him.

Following discovery, Kitchen Winners and Adorama moved for summary judgment. By Memorandum and Order dated August 6, 2024, this Court dismissed Rock Fintek's causes of action for (i) breach of warranty against Kitchen Winners, Adorama, and Mendlowitz, eliminating this cause of action entirely, and (ii) covenant of good faith and fair dealing against Adorama.

Following the Courts' decisions on the motion to dismiss and summary judgment, the following causes of action remain to proceed to trial:

- Kitchen Winners cause of action against Rock Fintek for breach of the SPA, arising out of Rock Fintek's refusal to pay the trucking and associated storage costs;
- Kitchen Winners cause of action against Rock Fintek for unjust enrichment, arising out of Rock Fintek's refusal to pay for the gloves that it requested in excess of the SPA;
- Rock Fintek's cause of action against Kitchen Winners and Adorama for breach of the SPA;
- Rock Fintek's cause of action against Kitchen Winners and Adorama for unjust enrichment;
- Rock Fintek's cause of action against Kitchen Winners for breach of contract arising out of the one-off transactions – limited to nominal damages only.
- Rock Fintek's cause of action against Kitchen Winners for breach of covenant of good faith and fair dealing – limited to nominal damages only.

**ROCK FINTEK STATES AS FOLLOWS:**

Rock Fintek contends that Kitchen Winners and Adorama are liable to Rock Fintek as Sellers under a Sales and Purchase Agreement ("SPA") for an unpaid contractual rebate of $750,000; and under the SPA or, alternatively, under an unjust enrichment theory for Rock Fintek's overpayment for approximately $2 million of gloves for which Rock Fintek did not get

paid by its hospital client. Rock Fintek contends that Sellers breached the SPA by failing to provide the contractually required MedCare brand Nitrile medical examination gloves with FDA 510(k) clearance, but knowingly sold Rock Fintek low quality cheap Polyvinylchloride blend gloves with no detectible levels of Nitrile and failing ASTM D-6319 testing. Sellers knew that nearly half of the gloves at issue were not even labelled as required "examination" gloves but were labelled as cheaper "protection" gloves, which alone made those gloves unsuitable for their intended hospital use.

In addition, Rock Fintek maintains claims against Kitchen Winners for breach of the covenant of good faith and fair dealing and for breaches of contract regarding the one-off glove transactions that preceded the SPA.

Additionally, Rock Fintek contends that Kitchen Winners cannot succeed on its counterclaims for certain unpaid amounts for the non-conforming gloves and transportation costs because Kitchen Winners first materially breached its contractual obligations while Rock Fintek substantially complied with its obligations under the SPA by paying more than $20 million for gloves and transportation services, which excuses Rock Fintek's further performance. *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 186 (2d Cir. 2007) (citing *Hadden v. Consol. Edison Co. of N.Y.*, 34 N.Y.2d 88, 96 (1974)) ("a party's performance under a contract is excused where the other party has substantially failed to perform its side of the bargain or, synonymously, where that party has committed a material breach."). Furthermore, Kitchen Winners' damages are inaccurate and contradicted by documentary evidence.

Rock Fintek has resolved its claims with JNS and Stern and therefore those claims will not proceed to trial. In addition, given the Court's rulings on summary judgment, Rock Fintek's damages theory of lost profits will not be tried. Rock Fintek reserves all appellate rights in

connection in connection with the summary judgment rulings as they pertain to Adorama and Kitchen Winners.

Rock Fintek does not disagree with the procedural history outlined above.

**v.        Number of Trial Days; Jury.**

All parties seek a trial by jury. The parties estimate the trial to take 7 full trial days, which includes jury selection.

**vi.       Trial by Magistrate.**

The parties have not all consented to a trial by a magistrate judge.

**vii.      Stipulated Facts.**

The parties disagree regarding the nature of the Joint Statement of Undisputed Facts ("JSUF") filed on January 16, 2024 at Docket No. 135. Kitchen Winners and Adorama maintain that all facts stipulated in that document are binding at trial. Rock Fintek does not dispute the binding nature of the stipulated facts but believes that many of the statements contained within the JSUF are not appropriate to include in a statement of stipulated facts for jury's consideration, such as, for example, contentions and incomplete excerpts from testimony contained within the JSUF. Kitchen Winners and Adorama intend to file a motion in limine regarding this issue.

Subject to this dispute, the parties agree to include the following paragraphs from the JSUF as stipulated trial facts, but reserve all rights with respect to how this information is introduced to the jury.

1.        Kitchen Winners NY Inc. is a corporation formed under the laws of the State of New York.

2.        Kitchen Winners was originally formed for the purpose of selling kitchen accessories online.

3.      At the onset of the Covid-19 pandemic, Kitchen Winners expanded its business to focus on the sale of Personal Protective Equipment ("PPE").

4.      Joseph Weiner, also known as Hershey Weiner, is the husband of Yitty Weiner and runs the day-to-day operations of Kitchen Winners.

5.      Adorama Inc. is a corporation formed under the laws of the State of New York.

6.      Joseph Mendlowitz is a director of multiple departments at Adorama.

7.      Rock Fintek LLC is a Limited Liability Company.

8.      Thomas Kato is the sole member of Rock Fintek.

9.      Bradley Gilling was the Chief Operating Officer at Rock Fintek at relevant times.

10.      Thomas Kato never met in person, texted, emailed, or exchanged WhatsApp communications with Joseph Mendlowitz.

11.      Bradley Gilling never met in person, texted, emailed, or exchanged WhatsApp communications with Joseph Mendlowitz.

12.      Rock Fintek has not produced any text messages, emails, or WhatsApp communications between any Rock Fintek employee or representative, on the one hand, and any Adorama employee, on the other hand.

13.      Rock Fintek has not produced any text messages, emails, or WhatsApp communications between any Rock Fintek employee or representative, on the one hand, and Joseph Mendlowitz, on the other hand.

14.      Rock Fintek has not produced any records of Zoom meetings with any Adorama employees or representatives.

15.      Rock Fintek has not produced any records of Zoom meetings with Joseph Mendlowitz.

16. Rock Fintek has not produced any records of WhatsApp calls with any Adorama employees.

17. Rock Fintek has not produced any records of WhatsApp calls with Joseph Mendlowitz.

18. Rock Fintek has not produced any record that it had contact information for Joseph Mendlowitz.

19. In March 2021, Kitchen Winners sold Rock Fintek approximately 90,000 boxes of gloves in one-off transactions ("Kitchen Winners' One-Off Transactions").

20. Rock Fintek paid $14 per box for the Gloves during the Kitchen Winners' One-Off Transactions.

21. Adorama was not a party to the Kitchen Winners' One-Off Transactions.

**22.** In April 2021, certain parties entered into a Sales and Purchase Agreement ("SPA") with Rock Fintek.

23. Rock Fintek made the following payments to Adorama and/or Kitchen Winners:

| Date of Payment | Amount of Payment |
|---|---|
| March 5, 2021 | $470,000 |
| March 18, 2021 | $420,000 |
| March 19, 2021 | $370,000 |
| April 8, 2021 | $1,250,000 |
| April 20, 2021 | $690,000 |
| April 26, 2021 | $690,000 |
| April 27, 2021 | $345,000 |
| May 3, 2021 | $690,000 |
| May 5, 2021 | $690,000 |

| | |
|---|---|
| May 10, 2021 | $690,000 |
| May 11, 2021 | $690,000 |
| May 12, 2021 | $690,000 |
| May 19, 2021 | $1,380,000 |
| May 20, 2021 | $345,000 |
| May 21, 2021 | $1,035,000 |
| May 24, 2021 | $1,725,000 |
| May 25, 2021 | $1,035,000 |
| May 27, 2021 | $2,070,000 |
| May 27, 2021 | $198,435 |
| June 1, 2021 | $1,725,000 |
| June 3, 2021 | $1,380,000 |
| June 8, 2021 | $690,000 |
| June 10, 2021 | $1,035,000 |
| June 14, 2021 | $345,000 |

24. Other than the payments listed above, Rock Fintek has not made any other payments to either Adorama or Kitchen Winners.

25. All three March payments were for the gloves sold during the Kitchen Winners' One-Off Transactions.

26. On April 8, 2021 Rock Fintek paid $1,250,000 as an initial deposit, pursuant to the SPA.

27. The Resource Group is the purchasing entity for Ascension Health Alliance. The Resource Group and Ascension Health Alliance are referred to collectively, herein, as "Ascension."

28. On December 7, 2020, Ascension gave Rock Fintek a purchase order for 200 million nitrile exam gloves bearing FDA 510(k) certification and meeting ASTM D6319 specifications (the "Ascension Purchase Order").

29. Pursuant to the Ascension Purchase Order, Ascension agreed to pay Rock Fintek $37 million for 200 million nitrile exam gloves, at a price of 18.5 cents per glove.

30. Medline had moved some gloves between its distribution centers at client request.

**viii. Trial Witnesses.**

**A. KITCHEN WINNERS AND ADORAMA STATE AS FOLLOWS:**

- Joseph Weiner – in person. Weiner will testify about (i) the amount and quality of the gloves sold to Kitchen Winners, (ii) the trucking and storage of the gloves and the costs associated therewith, (iii) the outstanding unpaid invoices owed by Rock Fintek, (iv) the timeliness of Rock Fintek's payments, (v) Adorama's role in the transactions, (vi) the negotiations and drafting of the Sales and Purchase Agreement. Weiner will also authenticate any records and testify that (a) the record was made at or near the time by someone with knowledge; (b) the record was kept in the course of a regularly conducted activity of business; and (c) making the record was a regular practice of that activity.

- Joseph Mendlowits – in person. Mendlowits will testify about (i) Adorama's role in the transactions.

- Arik Maimon – in person. Maimon will testify about (i) the timeliness of Rock Fintek's payments, and (ii) Adorama's role in the transactions.

- Joel Stern – in person. Stern will testify about (i) the gloves that JNS Capital Holdings LLC sold and delivered to Rock Fintek, and (ii) Rock Fintek's history of payments to JNS.

- Principal of Wenzy Inc. – in person. A principal of Wenzy Inc. will testify about the trucking of the gloves and the costs associated therewith. A Principal of Wenzy Inc. will also authenticate any records and testify that (a) the record was made at or near the time by someone with knowledge; (b) the record was kept in the course of a regularly conducted activity of business; and (c) making the record was a regular practice of that activity.

- Principal of ACL America. – in person. A principal of ACL America will testify about the trucking of the gloves and the costs associated therewith. A Principal of Wenzy Inc. will also authenticate any records and testify that (a) the record was made at or near the time by someone with knowledge; (b) the record was kept in the course of a regularly conducted activity of business; and (c) making the record was a regular practice of that activity.

- Principal of MD 3PL. – in person. A principal of MD 3PL will testify about the trucking of the gloves and the costs associated therewith. A Principal of Wenzy Inc. will also authenticate any records and testify that (a) the record was made at or near the time by someone with knowledge; (b) the record was kept in the course of a regularly conducted activity of business; and (c) making the record was a regular practice of that activity.

- Principal of Del Express - in person. A principal of Del Express will testify about the Bills of Lading. A principal of Del Express will also authenticate any records and testify that (a) the record was made at or near the time by someone with knowledge; (b) the record was kept in the course of a regularly conducted activity of business; and (c) making the record was a regular practice of that activity.

- Michael Elstro – via deposition. Elstro will testify about (i) the amount of gloves received by The Resource Group/Ascension, (ii) the amount that Ascension paid Rock Fintek for the gloves, and (iii) the likelihood that Ascension would engage in future business dealings with Rock Fintek.

- Brad Jaeger – via deposition. Jaeger will testify about the Medline Audit.

- Willim Huber - in person. Huber will testify about the statistical adequacy of Rock Fintek's testing of the gloves.

- John Carson - via deposition. Carson will testify about the statistical adequacy of Rock Fintek's testing of the gloves.

- Jason Poulton – via deposition. Poulton will testify about the quality of the gloves that Rock Fintek tested.

- Thomas Kato - in person and via deposition. Kato will testify about (i) the payment history from Ascension to Rock Fintek, (ii) Rock Fintek's procurement of the gloves, and (iii) his communications (or lack thereof) with Adorama.

- Bradley Gilling – in person and via deposition. Gilling will testify about (i) the payment history from Ascension to Rock Fintek, (ii) Rock Fintek's procurement of the gloves, (iii) his communications (or lack thereof) with Adorama, (iv) the negotiations of the SPA.

- Kitchen Winners and Adorama reserve the right to call any witnesses on Rock Fintek's witness list.

- Kitchen Winners and Adorama reserve the right to call rebuttal witnesses.

**B. Rock Fintek May Call the Following Witnesses at Trial:**

| Name | Brief Summary of Testimony |
|---|---|
| Thomas Kato (live) | Mr. Kato will testify regarding the negotiations and substance of the SPA and the parties' roles under the SPA, the course of |

| | |
|---|---|
| | performance of the SPA and the one-off transactions at issue, the defects in and non-conforming nature of the gloves, damages sustained by Rock Fintek, and Rock Fintek's mitigation of damages efforts. Mr. Kato will also testify as to the chain of custody, the sampling and preservation and storage of gloves sampled from Medline warehouses during this litigation. |
| Bradley Gilling (live) | Mr. Gilling will testify regarding the negotiations and substance of the SPA and the parties' roles under the SPA, the course of performance of the SPA and the one-off transactions at issue, the sampling and preservation and storage of gloves sampled from Medline warehouses during this litigation, the defects in and non-conforming nature of the gloves, damages sustained by Rock Fintek, and Rock Fintek's mitigation of damages efforts. |
| Alex King (Dimerco Logistics) (deposition) | Mr. King's deposition testimony will describe the method of shipping and proofs of delivery for the gloves at issue as well as the ability for Rock Fintek and its agents to verify the nature of the products. |
| Ascension Health (live or deposition) | Ascension Health will testify as to the defects in and non-conforming nature of the gloves, the storage of the gloves and Rock Fintek's mitigation of damages efforts. |
| Medline, Inc. (deposition) | Medline will explain the procedure underlying the audit that revealed defects in and non-conforming nature of the gloves, the storage of the gloves, the inventory count of the gloves, including to identify "protection" versus "examination" gloves, and manner of receiving shipments of gloves sold by Rock Fintek to Ascension. |
| Joseph Mendlowitz (live) | Mr. Mendlowitz is expected to testify regarding the negotiations and substance of the SPA and the parties' roles under the SPA, the course of performance of the SPA, and Adorama's breaches of the SPA. |
| Joel Stern (live) | Mr. Stern is expected to testify as to the nature of the gloves received from Kitchen Winners/Adorama; the source and nature of the gloves at issue; and his pertinent communications with Adorama/Kitchen Winners and their logistics providers. |
| Hershey Weiner (live) | Mr. Weiner is expected to testify regarding the negotiations and substance of the SPA and the parties' roles under the SPA, the course of performance of the SPA, and Adorama's and Kitchen Winners' breaches of the SPA. |
| Mendel Banon (live) | Mr. Banon is expected to testify regarding the negotiations and substance of the SPA and the parties' roles under the SPA, his role as an agent of Adorama and Kitchen Winners in connection with the transactions at issue, the course of |

| | |
|---|---|
| | performance of the SPA, and Adorama's and Kitchen Winners' breaches of the SPA. |
| Anna Grinvald (tbd) | Transactions between parties; sources and nature of the gloves at issue. |
| Alan Schwartz (deposition) | Mr. Schwartz will provide expert testimony as to requirements for obtaining FDA 510(k) clearance, including substantial equivalence, the meaning and significance of product codes listed in FDA clearance letters provided to Rock Fintek by Kitchen Winners and Adorama, requirements of the ASTM D-6319 specifications specified in the pertinent FDA clearance letter, and qualifications of ARDL to conduct glove testing. |
| Tzali Gombo (deposition) | Mr. Gombo will provide expert testimony as to differences in quality between "protection" versus "examination" gloves. |
| Jason Poulton, ARDL (live) | Testing of samples of gloves, testimony consistent with Dr. Poulton's expert report and deposition testimony. |
| Any witness identified by Adorama and/or Kitchen Winners. | |
| Rock Fintek reserves the right to call rebuttal witnesses. | |

**ix. Deposition Designations.**

**A. Rock Fintek:**

| Deponent | Page/Line | Objection | Counter Designation |
|---|---|---|---|
| Michael Elstro | 7:19-21 | | |
| Michael Elstro | 9:11-13 | | |
| Michael Elstro | 9:20-25 | | |
| Michael Elstro | 12:6-8 | | |
| Michael Elstro | 12:11-15 | | |
| Michael Elstro | 13:10-16 | | |
| Michael Elstro | 17:3-11 | | |
| Michael Elstro | 19:22-20:7 | Fed. R. Evid. 802 | |
| Michael Elstro | 20:15-22:5 | Fed. R. Evid. 802 | 22:6-23:3 |
| Michael Elstro | 23:5-6 | | |
| Michael Elstro | 23:10-24 | Fed. R. Evid. 802 | |
| Michael Elstro | 24:22-25:2 | Fed. R. Evid. 802; assumes facts not in evidence. | |
| Michael Elstro | 25:6-26:3 | Fed. R. Evid. 802 | |
| Michael Elstro | 27:24-28:12 | | |
| Michael Elstro | 31:8-14 | Fed. R. Evid. 802; mischaracterizes prior testimony; assumes facts not in | |

| | | | |
|---|---|---|---|
| | | evidence. | |
| Michael Elstro | 35:9-36:1 | | |
| Michael Elstro | 36:18-37:35 | | |
| Michael Elstro | 39:15-41:9 | | |
| Michael Elstro | 46:19-20 | | |
| Michael Elstro | 47:3-16 | | |
| Michael Elstro | 47:21-22 | | |
| Michael Elstro | 48:3-19 | Fed. R. Evid. 802 | |
| Michael Elstro | 48:23-49:2 | Fed. R. Evid. 802 | |
| Brad Jaeger | 5:8-10 | | |
| Brad Jaeger | 7:14-22 | | |
| Brad Jaeger | 8:14-23 | | |
| Brad Jaeger | 11:5-16 | | |
| Brad Jaeger | 12:10-15 | | |
| Brad Jaeger | 22:7-23:12 | | |
| Brad Jaeger | 28:22-29:3 | | |
| Brad Jaeger | 61:10-21 | | 53:6-60:18 |
| Brad Jaeger | 62:6-64:10 | | 66:15-68:25 |
| Brad Jaeger | 67:12-68:20 | | |
| Alexander King (September 12) | 5:15-17 | Fed. R. Evid. 802 Fed. R. Civ. P. 32 | |
| Alexander King (September 12) | 13:4-9 | Fed. R. Evid. 802 Fed. R. Civ. P. 32 | |
| Alexander King (September 12) | 13:16-19 | Fed. R. Evid. 802 Fed. R. Civ. P. 32 | |
| Alexander King (September 12) | 14:12-16 | Fed. R. Evid. 802 Fed. R. Civ. P. 32 | |
| Alexander King (September 12) | 14:20-21 | Fed. R. Evid. 802 Fed. R. Civ. P. 32 | |
| Alexander King (September 12) | 42:4-15 | Fed. R. Evid. 802 Fed. R. Civ. P. 32 | 43:2-18 |
| Alexander King (September 18) | 11:21-12:22 | Fed. R. Evid. 802 Fed. R. Civ. P. 32 | 14:25-15:12 |
| Alexander King (September 18) | 32:4-33:2 | Fed. R. Evid. 802 Fed. R. Civ. P. 32 | 33:3-14 |
| Alexander King (September 18) | 33:15-23 | Fed. R. Evid. 802 Fed. R. Civ. P. 32 | |
| Alexander King (September 18) | 72:6-75:6 | Fed. R. Evid. 802 Fed. R. Civ. P. 32 | 75:24-76:4 |
| Alexander King (September 18) | 76:5-78:8 | Fed. R. Evid. 802 Fed. R. Civ. P. 32 | |
| Alexander King (September 18) | 80:11-81:4 | Fed. R. Evid. 802 Fed. R. Civ. P. 32 | |
| Tzali Gombo | 5:2-6 | Fed. R. Evid. 802 Fed. R. Civ. P. 32 | |

| | | | |
|---|---|---|---|
| Tzali Gombo | 13:3-9 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Tzali Gombo | 14:3-4 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Tzali Gombo | 14:10-11 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Tzali Gombo | 14:15-15:9 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Tzali Gombo | 40:22-41:18 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | 37:10-38:10<br>41:19-42:6<br>48:15-49:22 |
| Alan Schwartz | 7:6-9 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Alan Schwartz | 7:12-24 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Alan Schwartz | 8:18-24 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Alan Schwartz | 10:23-11:13 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | 12:1-14 |
| Alan Schwartz | 13:13 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | 14:6-12 |
| Alan Schwartz | 13:20-14:5 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Alan Schwartz | 14:13-15:12 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Alan Schwartz | 16:5-18:9 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | 18:17-19:14 |
| Alan Schwartz | 18:12-15 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Alan Schwartz | 20:6-11 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Alan Schwartz | 23:2-9 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | 25:15-26:11 |
| Alan Schwartz | 30:16-23 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Alan Schwartz | 32:6-8 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Alan Schwartz | 32:10-33:5 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Alan Schwartz | 33:11-16 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Alan Schwartz | 48:4-5 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Alan Schwartz | 48:9-49:12 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Alan Schwartz | 69:19-71:11 | Fed. R. Evid. 802 | |

| | | | |
|---|---|---|---|
| | | Fed. R. Civ. P. 32 | |
| Alan Schwartz | 87:9-88:1 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Alan Schwartz | 88:5-12 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Alan Schwartz | 89:3-6 | Fed. R. Evid. 802<br>Fed. R. Civ. P. 32 | |
| Jason Poulton[4] | 5:8-10 | Fed. R. Evid<br>401/403 | |
| Jason Poulton | 8:21-23:6 | Fed. R. Evid<br>401/403 | |
| Jason Poulton | 35:23-39:23 | Fed. R. Evid<br>401/403, 802 | |
| Jason Poulton | 40:19-42:21 | Fed. R. Evid<br>401/403, 802 | |
| Jason Poulton | 44:12-47:8 | Fed. R. Evid<br>401/403, 802 | |
| Jason Poulton | 47:25-49:19 | Fed. R. Evid<br>401/403, 802 | |
| Jason Poulton | 49:25-54:6 | Fed. R. Evid<br>401/403, 802 | |
| Jason Poulton | 57:16-25 | Fed. R. Evid<br>401/403, 802 | |
| Jason Poulton | 58:6-60:14 | Fed. R. Evid<br>401/403, 802 | |
| Jason Poulton | 62:3-15 | Fed. R. Evid<br>401/403, 802 | |
| Jason Poulton | 63:8-17 | Fed. R. Evid<br>401/403, 802 | |
| Jason Poulton | 68:2-22 | Fed. R. Evid<br>401/403, 802 | |
| Jason Poulton | 72:6-17 | Fed. R. Evid<br>401/403, 802 | |
| Jason Poulton | 74:14-75:17 | Fed. R. Evid<br>401/403, 802 | |
| Jason Poulton | 78:17-80:14 | Fed. R. Evid<br>401/403, 802 | |
| Jason Poulton | 82:18-83:13 | Fed. R. Evid<br>401/403 | |
| Jason Poulton | 80:15-82:7 | Fed. R. Evid<br>401/403 | |

[4] Rock Fintek reserves the right to call Dr. Poulton live, in which case it will not rely on his deposition designations.

**B. Kitchen Winners/Adorama:**

| **Deponent** | **Page/Line** | **Objection** | **Counter Designation** |
|---|---|---|---|
| Michael Elstro | 35:9-36:1 | | |
| Michael Elstro | 61:18-23 | | |
| Michael Elstro | 61:24-62:20 | | |
| Michael Elstro | 36:18-37:5 | | |
| Michael Elstro | 39:15-41:9 | **FRE 401; 403** | |
| Michael Elstro | 17:3-11 | | |
| Brad Jaeger | 53:6-60:18 | **Object only to counsel comments.** | |
| Thomas Kato (Non-Expert) | 128:6-129:15 | **FRE 403** | |
| Thomas Kato (Non-Expert) | 187:17-188:16 | **FRE 403** | |
| Thomas Kato (Non-Expert) | 36:13-21 | **FRE 403** | |
| Thomas Kato (Non-Expert) | 131:15-17 | **FRE 403** | |
| Thomas Kato (Non-Expert) | 291:6-19 | **FRE 403** | |
| Thomas Kato (Non-Expert) | 293:10-295:12 | **FRE 403** | |
| Thomas Kato (Non-Expert) | 223:16-25 | **FRE 403** | |
| Thomas Kato (Non-Expert) | 224:24-225:2 | **FRE 403** | |
| Thomas Kato (Non-Expert) | 225:9-227:21 | **FRE 403** | |

| | | | |
|---|---|---|---|
| Bradley Gilling | 35:24-36:12 | **FRE 403** | |
| Bradley Gilling | 40:9-41:5 | **FRE 403** | |
| Bradley Gilling | 69:3-13 | **FRE 403** | |
| Bradley Gilling | 72:14-73:4 | **FRE 403** | |
| Bradley Gilling | 35:16-23 | **FRE 403** | |
| Bradley Gilling | 117:23-118:12 | **FRE 403** | |
| Bradley Gilling | 56:12-57:8 | **FRE 403** | |
| Bradley Gilling | 117:3-12 | **FRE 403** | |
| Jason Poulton | 28:18-35:22 | **FRE 403**[5] | **5:8-10<br>8:21-23:6<br>35:23-39:23** |
| Jason Poulton | 39:24-40:18 | **FRE 403** | **40:19-42:21** |
| Jason Poulton | 43:8-44:12 | **FRE 403** | **44:12-47:8** |
| Jason Poulton | 47:9-13 | **FRE 403** | **47:25-49:19<br>49:25-54:6** |
| Jason Poulton | 56:16-57:14 | **FRE 403** | **57:16-25** |
| Jason Poulton | 58:1-5 | **FRE 403** | **58:6-60:14** |
| Jason Poulton | 61:13-62:2 | **FRE 403** | **62:3-15<br>63:8-17** |
| Jason Poulton | 66:19-67:25 | **FRE 403** | **68:2-22<br>72:6-17** |
| Jason Poulton | 73:9-74:13 | **FRE 403** | **74:14-75:17** |
| Jason Poulton | 76:17-78:9 | **FRE 403** | **78:17-80:14** |

[5] Rock Fintek only objects to this testimony as cumulative to the extent that Dr. Poulton testifies live.

| | | | |
|---|---|---|---|
| | | | **82:18-83:13** |
| Jason Poulton | 83:14-84:14 | **FRE 403** | **80:15-82:7** |
| John Carson | 24:2-28:12 | **FRE 403** | **28:13-30:21**<br>**31:11-32:25** |
| John Carson | 64:17-66:17 | **FRE 403** | **66:18-23** |
| John Carson | 66:24-67:11 | **FRE 403** | **77:6-22** |

**x. Exhibit List.**

| Ex. | Description | Bates Number (if applicable) | Record Citation (if applicable) | Star |
|---|---|---|---|---|
| PX 1 | Unredacted Bank Records - Wells Fargo | RF_004424 - 004608 | | * |
| PX 2 | Unredacted Bank Records - Bank of America | RF_004392 - 004423 | | * |
| PX 3 | 210401 Letter of Intent | RF_000962-000963 | 240218 Sperber Dec Ex K 141-15 | ** |
| PX 4 | 210407 Sales and Purchase Agreement | Adorama INC. and Kitchen Winners NY INC.000098-102 | 240218 Sperber Dec Ex K 141-14 | ** |
| PX 5 | 210513 MD 3PL Invoices | Adorama Inc. & Kitchen Winners NY Inc.000547-559 | 240116 Joint Statement of Undisputed Facts Exh. 7 (135-7) | ** |
| PX 6 | Ascension Purchase Order | RF_001279-1285 | | ** |
| PX 7 | Brad Gilling Email (4/29/2021) | RF_000443-446 | | ** |
| PX 8 | Kitchen Winners' Complaint | | | * |
| PX 9 | Rock Fintek's First Amended Counterclaim and Third-Party Complaint | | | * |
| PX 10 | JNS Bank Records | | Exhibit J | * |
| PX 11 | Chart Summarizing Data in JNS Bank Records | | | |
| PX 12 | Joint Statement of Undisputed Facts | | | |
| PX 13 | ACL America Invoices | Adorama Inc. & Kitchen Winners NY Inc.000237-241 | | * |
| PX 14 | ACL America Invoices | Adorama Inc. & Kitchen Winners NY Inc.000258-264 | | * |
| PX 15 | Del Express Invoices | Adorama Inc. & Kitchen Winners NY Inc.000242-257 | | * |
| PX 16 | wenzy invoices | Adorama Inc. & Kitchen Winners NY Inc.000270-319 | | * |
| PX 17 | Pay Stubs of Kitchen Winners payments to Wenzy Inc. | | | |
| PX 18 | Chart Summarizing Rock Fintek's Payments to Kitchen Winners | | | |
| PX 19 | Chart Summarizing Ascension's Payments to Rock Fintek | | | |
| PX 20 | Chart Summarizing History of Kitchen Winners' Invoices to Rock Fintek | | | |
| PX 21 | Chart Summarizing History of | | | |

| | | | | |
|---|---|---|---|---|
| | Timeliness of Rock Fintek's Payments | | | |
| PX 22 | 210910 Thomas Kato Email | RF_001034-1035 | | * |
| PX 23 | Joel Stern Whatsapp Chat | | | * |
| PX 24 | Expert Report of William A. Huber, PhD, PSTAT | | | * |
| PX 25 | Expert Report of John H. Carson Jr., Ph.D | | | * |
| PX 26 | Expert Report of Alan P. Schwartz | | | * |
| PX 27 | 210219 Ana Grinvald Email | AKW-003067 | | * |
| PX 28 | GTS/Kitchen Winners Purchase Order | AKW-004746 | | |
| PX 29 | GTS/Kitchen Winners Purchase Order (10/14/2020) | AKW-002080-2081 | | |
| PX 30 | Bills of Lading | RF_000578-643 | | * |
| PX 31 | Rock Fintek Invoice to Ascension | RF_000960 | | * |
| PX 32 | Rock Fintek Invoice to Ascension | RF_003645 | | * |
| PX 33 | Rock Fintek Invoice to Ascension | RF_001053 | | * |
| PX 34 | Rock Fintek Invoice to Ascension | RF_001052 | | * |
| PX 35 | Kitchen Winners and Adorama's Third Set of Requests for Production of Documents to Rock Fintek LLC, dated October 4, 2023 | | | * |
| PX 36 | Kitchen Winners Invoices to Rock Fintek | Adorama Inc. & Kitchen Winners NY Inc. 000456-461 | | * |
| PX 37 | Kitchen Winners Invoices to Rock Fintek | Adorama Inc. & Kitchen Winners NY Inc. 000514-516 | | * |
| PX 38 | Kitchen Winners Invoices to Rock Fintek | RF_000653 | | * |
| PX 39 | JNS IRREVOCABLE CORPORATE PURCHASE ORDER ( ICPO) | | JSUF Exhibit J | * |
| PX 40 | JNS Invoice | RF_000676 | | * |
| PX 41 | Expert Rebuttal Report of Alan P. Schwartz | | | * |
| DX 1 | Samples of gloves from pertinent warehouses. | | To be provided to counsel for inspection prior to trial | |
| DX2 | Summary Chart of "Protection" Gloves | | ROCK FINTEK LLC'S RESPONSES TO ADORAMA PARTIES' RULE 56.1 STATEMENT OF FACTS AND ADDITIONAL STATEMENT OF FACTS (ECF No. 147) at Par. 251 | |
| DX 3 | Summary Chart of Ascension Payments for MEDCARE Gloves at Issue | | 240315 Rakhunov Decl. Exh. 8 (146-8) at Figure 2 | |

| | | | | |
|---|---|---|---|---|
| DX 4 | Summary Chart of Ascension Payments for Products other than MEDCARE Gloves at Issue | | 240315 Rakhunov Decl. Exh. 8 (146-8) at Figure 1 | |
| DX 5 | Ascension 3PLY Masks Purchase Orders | RF_004519; RF_004523; RF_004527; RF_004531; RF_004535; RF_004539; RF_004571; RF_004575; RF_004579-4584 | 240315 Rakhunov Decl. Exh. 9 (146-9) | * |
| DX 6 | 210105 Emai Exchange | AKW002728-AKW00272 | 240315 Rakhunov Decl. Exh. 36 (146-36) | * |
| DX 7 | 210218 Email Weiner to GTS | AKW - 003061 | 240315 Rakhunov Decl. Exh. 35 (146-35); Weiner Dep. Exh. 5 | ** |
| DX 8 | 210219 Email Weiner to GTS | AKW-003064 – 003066 | 240315 Rakhunov Decl. Exh. 37 (146-37) | ** |
| DX 9 | 210304 Invoice #1633 to RF | | 240315 Rakhunov Decl. Exh. 48 (146-48) | ** |
| DX 10 | 210322 Weiner to Mendlowits | AKW - 003168-3169 | 240315 Rakhunov Decl. Exh. 16 (146-16); Mendlowitz Dep. Exh. 3 | * |
| DX 11 | 210405 Email Weiner Mendlowits | AKW000650 | 240315 Rakhunov Decl. Exh. 3 (146-3) | ** |
| DX 12 | 210408 Email Mendlowits Weiner | AKW000656 | 240315 Rakhunov Decl. Exh. 5 (146-5) | ** |
| DX 13 | 210408 Email Weiner Mendlowits | AKW000657-662 | 240315 Rakhunov Decl. Exh. 5 (146-5) | ** |
| DX 14 | 210423 Email Chain Sellino Weiner | | 240315 Rakhunov Decl. Exh. 38 (146-38); Weiner Dep. Exh. 9 | * |
| DX 15 | 210426 Email Weiner Mendlowits | AKW000693 | 240315 Rakhunov Decl. Exh. 5 (146-5) | ** |
| DX 16 | 210427 Email to Weiner PLs | AKW_003340-48 | 240315 Rakhunov Decl. Exh. 46 (146-46); Weiner Dep. Exh. 11 | * |
| DX 17 | 210427 Email Chain | AKW_003368-3372 | 240315 Rakhunov Decl. Exh. 50 (146-50) | * |
| DX 18 | 210429 Email Exchange re Adorama LevMed | RF_000443-447 | 240315 Rakhunov Decl. Exh. 17 (146-17) | * |
| DX 19 | 210525 Mendlowits Weiner | Adorama Inc. & Kitchen Winners NY Inc. 000648 | 240315 Rakhunov Decl. Exh. 5 (146-5) | ** |
| DX 20 | 210528 Email Weiner Mendlowits | AKW001598-1600 | 240315 Rakhunov Decl. Exh. 5 (146-5) | * |
| DX 21 | 210601 Email Chain attaching BOLs | | 240315 Rakhunov Decl. Exh. 41 (146-41) | |

| | | | | |
|---|---|---|---|---|
| DX 22 | 210601 Email Mendlowits Weiner w/attachment | Adorama Inc. & Kitchen Winners NY Inc. 000639-647 | 240315 Rakhunov Decl. Exh. 5 (146-5); Weiner 11/16/23 Tr. Ex. 18 | |
| DX 23 | 210602 Email Weiner Mendlowits | AKW001744 | 240315 Rakhunov Decl. Exh. 5 (146-5) | ** |
| DX 24 | 210604 Email Weiner Mendlowits | AKW001788-90 | 240315 Rakhunov Decl. Exh. 5 (146-5) | * |
| DX 25 | 210611 Email Weiner Mendlowits | AKW001794-1796 | 240315 Rakhunov Decl. Exh. 5 (146-5) | * |
| DX 26 | 210617 Email Esparza Weiner | AKW_004204-4215 | 240116 Joint Statement of Undisputed Facts Exh. 16 (135-16) | * |
| DX 27 | 210627 Email Weiner Mendlowits | AKW001909 | 240315 Rakhunov Decl. Exh. 5 (146-5) | * |
| DX 28 | 210708 Email Chain | Adorama INC. and Kitchen Winners NY INC.000076 - 77 | 240315 Rakhunov Decl. Exh. 31 (146-31) | ** |
| DX 29 | 210712 Email Chain | AKW_004373 | 240315 Rakhunov Decl. Exh. 31 (146-31) | ** |
| DX 30 | 210715 Ascension Email Chain | TRG00000262-263 | 240315 Rakhunov Decl. Exh. 30 (146-30) | |
| DX 31 | 210723 Ascension Email | TRG00000542-543 | Exhibit JNS-Ascension 4 | |
| DX 32 | 210826 Emai Esparza Weiner re KW Inventory | AKW_004537-44 | 240315 Rakhunov Decl. Exh. 54 (146-54) | |
| DX 33 | 210830 Email Esparza Weiner re Medcare Glove Inventory | AKW_004547-50 | 240315 Rakhunov Decl. Exh. 55 (146-55) | * |
| DX 34 | 210917 Stock Status Report | AKW_004595 | 240315 Rakhunov Decl. Exh. 56 (146-56) | |
| DX 35 | 211118 Email Chain (Medline) | MEDLINE_00035-40 | 240315 Rakhunov Decl. Exh. 34 (146-34); Medline Dep. Exh. F | |
| DX 36 | 211210 Email Moccio to Gilling | RF_000001 - 11 | 240315 Rakhunov Decl. Exh. 33 (146-33) | |
| DX 37 | Mendel Rock Gloves Chat | | 240315 Rakhunov Decl. Exh. 4 (146-4) | * |
| DX 38 | 160309 FDA Clearance Letter attached to Mendel Rock Gloves Chat | | 240315 Rakhunov Decl. Exh. 25 (146-25) | |
| DX 39 | Compilation of Photographs | | 240315 Rakhunov Decl. Exh. 53 (146-53) | |
| DX 40 | Compilation of Photographs Lot #s | | 240315 Rakhunov Decl. Exh. 59 (146-59) | |
| DX 41 | Handwritten Lot Nos. | RF_004279-81 | 240315 Rakhunov Decl. Exh. 60 (146-60) | |
| DX 42 | 230724 wenzy inc. Service Attempt | | 240315 Rakhunov Decl. Exh. 7 (146-7) | |
| DX 43 | ARDL/Jason Poulton Expert Report and Testing Reports | | 240315 Rakhunov Decl. Exh. 27 (146-27) | * |

| | | | | |
|---|---|---|---|---|
| DX 44 | BILL OF LADING 78731 | | King Exhibit G - 00000164-PHOTO-2021-04-26-08-17-55 | |
| DX 45 | 210611 Vincent Moccio Email | RF_001524-1535 | | |
| DX 46 | Compilation of Redacted Bank of America Records | | 240322 Rakhunov Decl. Exhibits N-1 through N-10 | ** |
| DX 47 | Compilation of Redacted Wells Fargo Records | | 240322 Rakhunov Decl. Exhibit O | ** |
| DX 48 | Gloves by Medline Branch (SENT BY MEDLINE 2_24_2023).pdf | | | * |
| DX 49 | 230609 Email RE: Medcare Gloves - Request for Call (w/Attachment) | | | * |
| DX 50 | 230612 Email RE: Medcare Gloves - Request for Call (w/Attachment) | | | * |
| DX 51 | 230626 Email RE: Medcare Gloves - Request for Call (w/Attachment) | | | * |
| DX 52 | 230627 Email RE: Medcare Gloves - Request for Call (w/Attachment) | | | * |
| DX 53 | 230811 Email RE: Medline Romulus, MI Visit - Medcare Gloves (w/Attachment) | | | * |

Respectfully submitted,

**LIPSIUS-BENHAIM LAW, LLP**

/s/ Alexander J. Sperber
Alexander J. Sperber
Ira S. Lipsius
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, NY 11415
(212) 981-8440
asperber@lipsiuslaw.com
iral@lipsiuslaw.com

*Attorneys for Kitchen Winners NY Inc., Adorama Inc.*

**POLLACK SOLOMON DUFFY LLP**

/s/ Phillip Rakhunov
Phillip Rakhunov
Lauren Riddle (pro hac vice)
48 Wall Street, 31st Floor
New York, NY 10005
(212) 493-3100
prakhunov@psdfirm.com
lriddle@psdfirm.com

*Attorneys for Rock Fintek LLC*