UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KITCHEN WINNERS NY INC., <br><br> Plaintiff, <br><br> v. <br><br> ROCK FINTEK LLC, <br><br> Defendant, <br><br>――――――――――――――――――――― <br><br> ROCK FINTEK LLC, <br><br> Counterclaim and Third-Party Plaintiff, <br><br> v. <br><br> KITCHEN WINNERS NY INC, <br><br> Counterclaim Defendant, <br><br> and <br><br> ADORAMA INC., HERSHEY WEINER, JOSEPH MENDLOWITZ, JNS CAPITAL HOLDINGS LLC and JOEL STERN, <br><br> Third-Party Defendants. | Civil Action No. 22-cv-05276-PAE |

**ROCK FINTEK LLC'S *SECOND AMENDED* RULE 26 DISCLOSURES**

Defendant and Counterclaim-Plaintiff Rock Fintek LLC, by and through their undersigned counsel, makes the following SECOND AMENDED damages disclosures pursuant to Fed. R. Civ. P. 26(a), based on information reasonably available at present. Rock Fintek reserves the right to supplement these disclosures as discovery continues and based on expert testimony.

**Fed. R. Civ. P. 26(a)(1)(A)(iii) – Computation of Damages**

*<u>Lost Profits from Ascension Health Business</u>*

Each of the Adorama Parties and JNS Parties is liable for the damages caused by their destruction of Rock Fintek's business relationship with Ascension Health through the delivery of non-conforming gloves, in amounts in excess of tens of millions of dollars in lost profits that Rock Fintek expected to enjoy from that relationship. Rock Fintek expects to prove with a reasonable certainty that it would have earned but has lost *at least* approximately $36 million per year in profits for at least three years that it had been earning from its relationship with Ascension and had reasonably expected to continue earning for the foreseeable future.

As factual predicate for its damages, Rock Fintek expects to prove that between March 2020 and February 2021, Rock Fintek did business resulting in approximately $62,242,293 of revenue from Ascension Health for personal protective equipment, including gloves, gowns and masks, of which revenue more than approximately $32 million is for transactions that are unrelated to any of the Medcare gloves transactions at issue in this lawsuit. In connection its transactions with Ascension, Rock Fintek paid approximately $19,451,332 to suppliers of PPE, including to suppliers known as Bomgogo, ALIT and INTCO, and paid approximately $6,178,174 in logistics costs, including to Dimerco Logistics and ACT Logistics. As a result, Rock Fintek earned gross profit of approximately **$36,612,787** (revenues less cost of goods and logistics) from its business relationship with Ascension Health. In support of these calculation, Rock Fintek has produced excerpts of bank statements for the pertinent time period and showing pertinent payments and debits from Wells Fargo bank accounts ending in ****0539 and ****7633, and Bank of America account ending in ****9205. In addition, Rock Fintek has produced invoices and purchase orders with Ascension Health and with pertinent suppliers that Rock Fintek was able to locate upon a

reasonable search, and has produced email communications with Ascension concerning these transactions.

In further support of its damages claim, Rock Fintek's corporate representative Thomas Kato will testify in detail as to reasons why Rock Fintek reasonably expected its PPE business with Ascension to continue at the same or higher levels for at least three or more years, including because of significant business development efforts that resulted in Rock Fintek being chosen from numerous applicants to serve as an approved PPE supplier during a time when Ascension's pre-existing PPE supply chains had been disrupted by the COVID pandemic. Rock Fintek will provide testimony as to the origins of its business relationship with Ascension and as to the factual reasons for why Rock Fintek expected to continue serving as an approved PPE supplier to Ascension, including Ascension's invitation for Rock Fintek to bid on a multi-year contract to provide approximately $1 billion per year of Ascension's PPE acquisitions.

In addition, Thomas Kato expects to provide testimony as a percipient expert witness on the value Rock Fintek's lost business with Ascension based on his experience and familiarity of the business activities and financial status of Rock Fintek.

### *Unpaid Rebates and Refunds for Overpayments for Excess Inventory Owed by Adorama*

In addition to the damages described above, the Adorama Parties are also liable to Rock Fintek for the contractually-owed rebate under the SPA of $750,000, which they indisputably have failed to pay. Section 8 of the SPA provided that upon completion of the contract, Adorama and Kitchen Winners would provide Rock Fintek with a rebate of $.50/box for the first five containers (150,000 boxes) of gloves for a total of $75,000, and that the subsequent purchase price would be reduced to $11.00/box for the remainder of the agreement, reducing the purchase price for the remainder of the gloves by $675,000. In other words, after the contractual rebate, the unit price for

3

each box of 100 gloves was to be reduced to $11.00 for a total purchase price of $16,500,000, with $750,000 due to Rock Fintek.

The Adorama Parties are also liable to Rock Fintek for 178,270 boxes of gloves beyond the contractually called for amount for which Rock Fintek overpaid at $11.50 per box. The amount owed by Adorama to Rock Fintek for this overage is $2,050,105. Adorama has admitted this overage. *See* Adorama INC. and Kitchen Winners NY INC000065. The calculations supporting this damages figure are further detailed in RF_000925, Adorama INC. and Kitchen Winners NY INC000065, and AKW000658.

Rock Fintek reserves the right to introduce expert testimony regarding damages and to supplement its damages calculations as discovery continues.

October 31, 2023

Respectfully submitted,
ROCK FINTEK LLC
By its attorneys,

/s/Phillip Rakhunov
Phillip Rakhunov
Lauren A. Riddle (*Admitted Pro Hac Vice*)
POLLACK SOLOMON DUFFY LLP
31 St. James Avenue, Ste. 940
Boston, MA 02116
(617) 439-9800
prakhunov@psdfirm.com
lriddle@psdfirm.com

5

## Certificate of Service

    The undersigned certifies that this document will be electronically served by email on counsel of record for the parties.

/s/Phillip Rakhunov