

**ALEXANDER J. SPERBER**
DIRECT LINE: 212-981-8449
EMAIL: asperber@lipsiuslaw.com

**VIA ECF**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

December 19, 2024

      Re: *Kitchen Winners NY Inc. v. Rock Fintek LLC*,
        Case No. 22-cv-05276-PAE
        <u>Our File No: 5529.0002</u>

Dear Judge Englemayer:

  This firm represents plaintiff and counterclaim-defendant Kitchen Winners NY Inc., ("Kitchen Winners") as well as third-party defendant Adorama Inc., (collectively "Defendants"). Defendants respectfully submit this letter in pursuant to the Court's direction from the bench on December 12, 2024.

  As set forth below, Rock Fintek LLC ("Rock Fintek") should be bound by its pleadings and should be barred from introducing evidence that contradicts its pleadings.  Further, Kitchen Winners should be allowed to introduce evidence regarding the invoices that it received from Wenzy Inc. and the payments that it made because Kitchen Winners timely disclosed the relevant information and any omissions were inadvertent and did not prejudice Rock Fintek.  Rock Fintek seeks to capitalize on a "gotcha" and preclude Kitchen Winners from properly introducing the relevant evidence that all parties expected throughout.

**I. ROCK FINTEK SHOULD BE PRECLUDED FROM CONTESTING THAT IT PURCHASED 3,000,000 LEVMED GLOVES**

  Rock Fintek's Third Party Complaint alleges that "in or about late April 2021, Kitchen Winners and Adorama shipped to Rock Fintek a container with 90,000 boxes (3 million units) of gloves that were not MedCare brand gloves as required by the SPA, but were gloves that were identified on their boxes as "LevMed" brand gloves – a brand unknown to Rock Fintek."  (ECF No. 43 [TPC] at ¶ 95.)

"A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." *Bellefonte Re Ins. Co. v Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985); *Dakus v KLM*, No. 22-CV-7962 (RA), 2024 US Dist LEXIS 171421, at *12 (S.D.N.Y. Sep. 23, 2024); *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) ("plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts and judicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible") (citations omitted).

In opposition, Rock Fintek merely asserted that it should not be bound by its allegations because it was "before any discovery." (ECF 178 at pp. 14-15.) Rock Fintek does not cite any authority for this proposition that contradicts well-settled law holding that a party is bound by its pleadings of fact.

Accordingly, Rock Fintek should be bound at trial by its pleadings.

## II. DEFENDANTS COMPLIED WITH ALL OF THEIR DISCLOSURE OBLIGATIONS

Rule 26(a)(1)(A) requires a party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(e)(1)(A) requires a party who has made a Rule 26(a) disclosure to supplement if the party learns that the initial disclosure was incomplete or incorrect, "*and if additional or corrective information has not otherwise been made known to the other parties during the discovery process*." (Emphasis added).

Under Rule 37(c)(1), if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In other words, Rule 37 is only triggered if a party violates its disclosure obligations under Rule 26.

The purpose of Rule 37 is to prevent the practice of "sandbagging" an adversary with new evidence. *Johnson Electric North America v. Mabuchi Motor America Corp.*, 77 F. Supp. 2d 446, 458 (S.D.N.Y. 1999). The rule is designed "to avoid 'surprise' or 'trial by ambush.'" *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002). The imposition of sanctions under the rule is a matter within the trial court's discretion. *Kuntsler v. City of New York*, 242 F.R.D. 261 (S.D.N.Y. 2007). The preclusion of evidence not disclosed in discovery is a "drastic remedy and will apply only in situations where the failure to disclose represents . . . flagrant bad faith and callous disregard of the rules." *Kuntsler*, 242 F.R.D. 261 at 265.

Applying the foregoing principles, courts consistently deny motions seeking preclusion where the parties were sufficiently aware of the existence and relevance of the proffered witnesses throughout discovery even if the witnesses were not formally disclosed. *See e.g., Lore v City of Syracuse*, No. 5:00-CV-1833, 2005 US Dist LEXIS 30328, at *6 (N.D.N.Y. Nov. 17, 2005); *Morgenstern v County of Nassau*, No. 04-CV-0058(JS)(ARL), 2008 US Dist LEXIS 91746, at *4-5 (E.D.NY. Sep. 29, 2008); *Mugavero v Arms Acres, Inc.*, 03 Civ. 05724 (PGG), 2009 US Dist LEXIS 56214, at *14 (S.D.N.Y. July 1, 2009).

Here, there is no basis under Rule 37 to preclude the (i) invoices that Kitchen Winners received from Wenzy for trucking costs; (ii) record payments that Kitchen Winners paid to Wezny for those trucking costs; or (iii) testimony from a principal of Wenzy who can authenticate the invoices that Wezny issued to Kitchen Winners.

### 1. There is no Basis to Preclude the Wenzy Invoices

There is no basis to preclude the Wenzy invoices because they were properly disclosed and timely produced.

On Kitchen Winners' Rule 26 Disclosures it identified "documents relating to Kitchen Winners' delivery of the gloves to Rock Fintek" as documents that it may use to support its claims or defenses, as required by Rule 26. In further compliance with its discovery obligations, Kitchen Winners timely produced all of the Wenzy invoices.

As such, there is no basis to preclude the Wenzy invoices. They were disclosed and timely produced.

### 2. There is no Basis to Preclude the Wenzy Payments

Similarly, there is no basis to preclude the proof that Kitchen Winners actually paid Wenzy for the trucking costs that Kitchen Winners now seeks to collect from Rock Fintek. As set forth above, Kitchen Winners disclosed the existence of "documents relating to Kitchen Winners' delivery of the gloves to Rock Fintek." Kitchen Winners also produced the proof of payment immediately after Rock Fintek requested it.

The first time that Rock Fintek requested proof of payment from Kitchen Winners was during the deposition of Joseph Weiner on November 16, 2023. At Weiner's deposition, Rock Fintek requested – for the very first time – that Kitchen Winners produce proof that it paid the Wenzy invoices. (Exhibit "A" [Joseph Weiner Transcripts November 16, 2023] at 69:11 - 16 [ECF 179].) As per Rock Fintek's request, Kitchen Winners produced the proof of payment that very night.

### 3. There is no Basis to Preclude Testimony from a Wenzy Principal

   Finally, there is no basis to preclude Kitchen Winners from calling David Wertzberger to authenticate Wenzy's invoices. Mr. Wertzberger was the manager of Wenzy, and is therefore qualified to authenticate Wenzy's business records under Federal Rule of Evidence 803(6).

   While it is our understanding, based upon the records of the Secretary of State and its invoices, that Wenzy's business address is 26 Seven Springs Road #201, Monroe, NY 10950 – which is the same address that Rock Fintek claims to have used on its subpoena to Wenzy – we have located Mr. Wertzberger's personal address at either: 38 Raywood Drive, Monroe, NY 10950 or 4 Lemberg Ct., Monroe, NY 10950.

   In exercising the Court's discretion whether to preclude testimony from witnesses that were undisclosed, courts in this Circuit generally consider four factors:

> (1) the party's explanation for the failure to comply with the disclosure requirement;
> (2) the importance of the testimony of the precluded witnesses;
> (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and
> (4) the possibility of a continuance

*Torres v Sushi Sushi Holdings, Inc.*, 19 Civ. 2532 (PAE) (RWL), 2021 US Dist LEXIS 100474, at *10 (S.D.N.Y. May 27, 2021).

   These factors militate against the drastic remedy of preclusion. As to Kitchen Winners' explanation for why Wenzy was not formally named on its Rule 26 Disclosures, it was simply a good-faith oversight. As is evident from Kitchen Winners' disclosures, Kitchen Winners intended to name all the trucking companies and specifically identified three different such companies – Del Express Inc., Dimerco Express Corp., and ACL America Inc. (ECF 173-1 at p. 3.) Inadvertently, Kitchen Winners did not name Wenzy. However, Kitchen Winners' inclusion of the other trucking companies clearly apprised Rock Fintek that Kitchen Winners sought to be reimbursed for trucking costs. While not specifically required by Rule 37, courts have often only precluded evidence where there was "flagrant bad faith" or a "callous disregard of the rules" – neither of which there was here. *Olutosin v Gunsett*, No. 14-cv-00685 (NSR), 2019 US Dist LEXIS 189289, at *11 (S.D.N.Y. Oct. 31, 2019). Instead, there was an obvious mistake. Respectfully, that does not warrant the imposition of drastic sanctions.

   Further, the Wenzy payments are critically important to Kitchen Winners' case. Kitchen Winners was harmed by Rock Fintek's inexplicable refusal to pay hundreds of thousands of dollars for trucking and Kitchen Winners is entitled to recoup those costs under the parties' agreement. "The fact that the evidence at issue is important weighs *against* exclusion." *In re Manhattan By Sail, Inc.*, 436 F. Supp. 3d 803, 811 (S.D.N.Y. 2020).

   As to Rock Fintek's claimed prejudice, it did not suffer any. Kitchen Winners' supplemental informal disclosure, in the form of the Wenzy invoices, adequately apprised Rock Fintek that Kitchen Winners intended to rely upon Wenzy at trial. Indeed, in response to Kitchen

Lipsius-BenHaim Law, LLP
December 19, 2024
Page **5** of **5**

Winners' disclosures, Rock Fintek attempted to serve a subpoena on Wenzy, questioned Mr. Weiner about Wenzy at his deposition, and sought documents and evidence. (MOL1 at ¶ 7.) Moreover, Rock Fintek failed to identify any additional steps that it would have taken if Kitchen Winners had more formally identified Wenzy, or if Kitchen Winners would have identified Wenzy earlier. Rock Fintek *cannot* identify any additional steps that it might have pursued as Rock Fintek served a subpoena on Wenzy attempting to gather relevant information. "Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." *AMEX v Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (citations omitted).

While Rock Fintek cannot show any prejudice arising out of Kitchen Winners' informal Wenzy disclosures, Kitchen Winners would face substantial damage if it is precluded from offering evidence relating to the trucking costs associated with Wezny. Rock Fintek seeks drastic relief – the preclusion of evidence of one of Kitchen Winners' primary theories of damages.

On this record, it is respectfully requested that the Court deny Rock Fintek's motion *in limine* and allow Kitchen Winners to present evidence regarding its damages arising out of Rock Fintek's failure to compensate Kitchen Winners for the trucking costs, which it was undeniably required to do under the parties' agreement.

I thank the Court for its continued attention to this matter.

Respectfully submitted,

Alexander J. Sperber

cc:   All Counsel (via ECF)