UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------

KITCHEN WINNERS NY INC.,

                Plaintiff,

-v-

ROCK FINTEK LLC,

                Defendant.

------

ROCK FINTEK LLC,

                Third-Party Plaintiff and Counter Claimant,

-v-

KITCHEN WINNERS NY INC.,

                Counterclaim Defendant,

JNS CAPITAL HOLDINGS LLC and ADORAMA, INC.,

                Third-Party Defendants.

22 Civ. 5276 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On December 12, 2024, the Court held a pretrial conference to resolve the parties' motions *in limine*. *See* Dkt. 185. The Court permitted the parties to submit supplemental letters on three discrete issues identified at that conference. *See* Dkt. 194 ("Conf. Tr.") at 23, 29, 33. The parties thereafter filed these letters. *See* Dkts. 186, 190, 192, 193. The Court resolves those issues as follows.

***Recantation of 30(b)(6) Witness Testimony***: The first issue is whether Rock Fintek LLC ("Rock Fintek") is bound by statements made by its designated 30(b)(6) witness, Thomas Kato,

during his sworn deposition on October 3, 2023, within the fact discovery period. At that deposition, Kato testified unambiguously and unconditionally that all payments Kitchen Winners NY Inc. ("Kitchen Winners") received from Ascension after December 2020 were for the gloves at issue in this lawsuit. During summary judgment briefing, however, Rock Fintek reversed course on that point. It submitted a sworn affidavit from Kato contradicting that statement. He attested that some payments received from Ascension during that period in fact "were not for the gloves at issue in this lawsuit but were for 3PLY masks that Rock Fintek had sold to Ascension during this time frame." Dkt. 170 at 9–10. Rock Fintek's post-fact discovery 180-degree reversal prompted Kitchen Winners to file a motion *in limine* seeking to preclude Kato's new contradictory testimony and any evidence Rock Fintek might offer to contradict the statements Kato made on Rock Fintek's behalf in his October 3, 2023 deposition testimony. *See id.*

At the December 12 conference, the Court granted Kitchen Winners's motion. It held that representations made during a corporate designee's Rule 30(b)(6) testimony are binding on the corporation and are "exactly the sorts of representations on which an opposing party relies." Conf. Tr. at 19–20 (citing *Twentieth Century Fox Film Corp. v. Marvel Enterps.*, 2002 WL 1835439, at *2 (S.D.N.Y. Aug. 8, 2002) (purpose of Rule 30(b)(6) is to obligate corporations to prepare designees to give "knowledgeable and binding answers for the corporation")). And, as the Court further explained at the conference, in the event that Kato misspoke or contradictory facts came to its attention, Rock Fintek had an "obvious remedy." Conf. Tr. at 20. It could have, *within the fact discovery period*, corrected the misrepresentations made by its 30(b)(6) designee. Rock Fintek inexplicably did not do that. Instead, it sat silent until summary judgment briefing,

by which point the fact discovery period was long over. The Court thus precluded Rock Fintek from offering evidence contradicting Kato's 30(b)(6) admission. *See id.* at 21.

After the Court so ruled, Rock Fintek sought limited leave to file a supplemental letter identifying—if it could—subsequent testimony from Kato during the Rule 30(b)(6) deposition that recanted this dimension of his original testimony. The Court granted that request. *See* Conf. Tr. at 33 ("If you can point to something . . . subsequently testified *to by Kato during the Rule 30(b)(6) deposition* that takes back the quoted statement at issue, yes. . . . I invite you to do that." (emphasis added)). On December 16, 2024, Rock Fintek filed a supplemental letter purporting to do so. Dkt. 186. On December 30, 2024, Kitchen Winners responded. Dkt. 192.

Upon reviewing the supplemental filings, the Court declines to amend its ruling on Kitchen Winners's motion *in limine*. Rock Fintek claims that it attempted to correct Kato's 30(b)(6) testimony in three ways. It points to (1) an amended damages disclosure produced prior to the close of fact discovery that it casts as "by definition" inconsistent with Kato's earlier testimony; (2) deposition testimony from Ascension representative Michael Elstro; (3) declarations from Kato that Rock Fintek came forward with on December 18, 2023 and February 1, 2024, long after fact discovery had closed on November 16, 2023. Dkt. 186.

None of Rock Fintek's ostensible corrections meet the conditions for reconsideration that the Court set at the December 12 conference. None are statements made *before the close of fact discovery* and *by Kato during his 30(b)(6) testimony*. The two statements that were made before the close of fact discovery—the first two—did not expressly repudiate Kato's Rule 30(b)(6) testimony. They did not put Kitchen Winners on notice that Rock Fintek was abandoning Kato's under-oath attestation that the post-December 2020 payments for Ascension were for the gloves at issue in this lawsuit. Although Rock Fintek suggests that Kitchen Winners could have drawn

3

that conclusion because the statements were "by definition inconsistent with Mr. Kato's earlier testimony," Dkt. 186 at 2, Kitchen Winners was not under any obligation to engage in that analysis, let alone to conclude that Rock Fintek implicitly meant these statements to supervene the binding representation made by Rock Fintek's sworn 30(b)(6) deponent. Nor was Kitchen Winners obliged to *sua sponte* investigate the background underlying these invoices to test whether Kato's testimony about their having been exclusively for the gloves at issue had unwittingly been wrong. Kitchen Winners was not obliged to investigate whether that helpful concession made by its opponent's Rule 30(b)(6) deponent was in fact in error. That exercise was squarely the responsibility of Rock Fintek and its counsel to undertake. Rock Fintek fairly bears the consequences of its lapse. The Court declines to revisit its decision to grant Kitchen Winners's motion on this point.

***Joint Stipulation***: In its motion *in limine*, Kitchen Winners sought to preclude Rock Fintek from factually disputing statements stipulated to in the Joint Stipulations of Fact ("JSF"). Dkt. 170. Kitchen Winners sought to preclude Rock Fintek "from contesting that the amount of LevMed gloves that it purchased from Kitchen Winners was at least 3,000,000 gloves." Dkt. 170 at 11. It noted that in the JSF, the parties stipulated that, in this litigation, "Rock Fintek claims that it delivered approximately 3,000,000 LevMed brand gloves to Ascension." Dkt. 135 ¶ 75.

At the December 12 conference, the Court reiterated—as it had emphasized to counsel prior to the submission of the JSF—that the parties are bound through the end of the litigation to facts to which they stipulated in the JSF. However, the Court noted, the parties' stipulation to a fact does not make that stipulation necessarily admissible at trial, because the fact may, for instance, be irrelevant, inflammatory, or consist of hearsay. *See* Fed. R. Evid. 403. And the

4

factual stipulation at issue, the Court observed, was not clearly admissible. That was because it was not to an underlying fact but to an aspect of a party's litigation position. *See* Conf. Tr. at 23. The Court nevertheless gave Kitchen Winners the opportunity to submit a supplemental letter explaining why this account of Rock Fintek's litigation claim is admissible into evidence. *See id.* Kitchen Winners filed that letter on December 19, 2024. *See* Dkt. 190. On January 2, 2025, Rock Fintek filed its response. *See* Dkt. 193.

Upon reviewing the supplemental filings, the Court is unpersuaded that the stipulation is admissible as evidence at trial. Kitchen Winners reiterates its assertion that the parties are bound by factual stipulations in the JSF. *See* Dkt. 190 at 1–2. But that is unresponsive to the point the Court identified as decisive at the conference. The Court *granted* Kitchen Winners's motion to the extent that it merely sought to bind Rock Fintek to its factual stipulations. *See* Conf. Tr. at 22–23. But the Court explained that was distinct from the question of admissibility, stating:

> There may be stipulated facts that are irrelevant. There may be stipulated facts that are excludable under Rule 403 or for other reasons. There may be factual stipulations that, as formulated, are too confusing or hazy or argumentative to be properly received. Thus, of course, the entire JSF cannot be offered in evidence *en masse*. I don't think that is in dispute. It's pretty obvious. The admissibility of the many facts stipulated to in the JSF is not a question that rises or falls together.

Conf. Tr. at 22. Kitchen Winners's supplemental letter tellingly does not make any effort to defend the admissibility of the stipulated fact. The Court therefore excludes that aspect of the JSF.

The Court reminds counsel of their obligation to confer in good faith where a party intends at trial to offer a stipulation—whether to a fact stipulated to in the JSP or proposed subsequently. Given the nature of the case, the Court expects that ample admissible evidence ought to be susceptible to stipulation.

5

*Wenzy Evidence*: The final outstanding issue is whether invoices, records of payments, and testimony from a company called Wenzy, Incorporated ("Wenzy") are admissible at trial. Wenzy is a purported trucking company that Kitchen Winners hired to transport and store the gloves at issue in this case. Kitchen Winners seeks to collect from Rock Fintek nearly $400,000 in storage expenses it paid to Wenzy to transport and store these gloves. *See* Dkt. 173. Rock Fintek seeks to preclude this evidence. It argues that Kitchen Winners "failed to produce in discovery any documents substantiating the exorbitant trucking costs reflected in the Wenzy invoices, including any support for Kitchen Winners's contention that it actually paid those invoices," and that Kitchen Winners failed to comply with its obligation under Federal Rule of Civil Procedure 26 to identify witnesses associated with Wenzy. *Id.* at 3 (cleaned up). Kitchen Winners counters that it complied with its Rule 26 obligations by disclosing and producing invoices and records of payment from Kitchen Winners to Wenzy. *See* Dkt. 190 at 3 ("In compliance with its discovery obligations, Kitchen Winners timely produced all of the Wenzy invoices. . . . Kitchen Winners also produced the proof of payment immediately after Rock Fintek requested it."). Kitchen Winners does not dispute that it failed to identify by name a qualified representative from Wenzy to testify to the authenticity of such documents as Wenzy business records. This omission, it states, was a "good-faith oversight." *Id.*

As the Court explained at the conference, the Wenzy records can be admitted at trial only if authenticated as business records within the hearsay exception of Rule 803(6). Each element of that exception must be established by a custodian or other qualified witness. *See Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Manufs. Inc.*, 952 F. Supp. 2d 542, 572 (S.D.N.Y. 2013) (the witness must be "familiar with the record-keeping system of the business in question and knows how the records were created"). The Court gave Kitchen

6

Winners leave, in a supplemental letter, to identify a Wenzy custodian of records qualified to speak to the elements of Rule 803(6) with respect to the records Kitchen Winners seeks to admit. On December 19, 2024, Kitchen Winners filed that letter, identifying David Wertzberger, a manager of Wenzy, as that witness. Dkt. 190. On January 2, 2025, Rock Fintek responded, basing its objection on the failure to identify Wertzberger earlier. Dkt. 193.

Rule 26 requires parties to disclose "each individual likely to have discoverable information" as well as "a description by category and location" of all "documents, electronically stored information, and tangible things" that the disclosing party may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(i), (ii). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Cajero Torres v. Sushi Sushi Holdings Inc.*, No. 19 Civ. 2532 (PAE) (RWL), 2021 WL 2158017, at *3 (S.D.N.Y. May 27, 2021) (citing *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004)).

A district court has "broad discretion" to determine whether the sanction of preclusion is appropriate. *Beata Music LLC v. Danelli*, No. 18 Civ. 6354, 2021 WL 195708, at *4 (S.D.N.Y. Jan. 20, 2021) (citing *Minotti v. Lensink*, 895 F.2d 100, 102–03 (2d Cir. 1990)). In exercising that discretion as to belatedly disclosed witnesses, courts consider four factors:

> (1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.

*Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). In all cases, however, "[p]reclusion of evidence pursuant to Rule 37(c)(1) is a drastic remedy and should be exercised with discretion

and caution." *Daudier v. E & S Med. Staffing, Inc.*, No. 12 Civ. 206 (PAE), 2013 WL 4407072, at *8 (S.D.N.Y. Aug. 15, 2013) (quoting *Ebewo*, 309 F. Supp. 3d at 607).

The Court holds that precluding the testimony of Wenzy custodian Wertzberger is unwarranted here, and that such a remedy for Kitchen Winners's lapse would be excessive. Rock Fintek cannot fairly claim prejudice from the admission of this testimony or that it has in any sense been "sandbagg[ed]" by its offer. *Cajero Torres*, 2021 WL 2158017, at *3. On the contrary, by Rock Fintek's own admission, it had notice of the Wenzy records and was aware of their potential relevance to this lawsuit "well before this litigation." Dkt. 173 at 2. The parties even stipulated to the existence of the Wenzy invoices in the JSF. *See* Dkt. 134 at ¶¶ 98, 103. That makes Kitchen Winners's belated disclosure of the name of the custodian qualified to testify to elements of the business records exception harmless. *See, e.g., Olutosin v. Gunsett*, No. 14 Civ. 685, 2019 WL 5616889, at *13 (S.D.N.Y. Oct. 31, 2019) (belated Rule 26 disclosure harmless where defendants had "sufficient notice" of the context and subject matter of the potential testimony); *Preuss v. Kolmar Labs., Inc.*, 970 F. Supp. 2d 171 (S.D.N.Y. 2013) (failure to disclose witness harmless where defendants had reason to know during discovery period that witnesses would have information relevant to plaintiff's claims); *Mugavero v. Arms Acres, Inc.*, 2009 WL 1904548, at *5 (S.D.N.Y. July 1, 2009) (similar). This is a far cry from a "trial by ambush" situation meriting preclusion. *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93, 95 (S.D.N.Y. 2002) (preclusion appropriate where the movant was never "made aware" during discovery of the evidence sought to be introduced). The Court thus denies Rock Fintek's motion to preclude this evidence.

The Clerk of Court is respectfully directed to close all pending motions.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: January 8, 2025
New York, New York