

NEW YORK    BOSTON
www.psdfirm.com

**POLLACK SOLOMON DUFFY LLP**
48 Wall Street, 31st Floor, New York, NY 10005
617-439-9800
prakhunov@psdfirm.com

February 5, 2025

**VIA ECF**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

      Re:    *Kitchen Winners NY Inc. v. Rock Fintek LLC*, Case No. 22-cv-05276-PAE

<u>**OBJECTION to Adorama Inc.'s Last-Minute Substitution of Counsel**</u>

Dear Judge Engelmayer:

      We write on behalf of Rock Fintek LLC in OBJECTION to the strategic last-minute appearance as trial counsel for defendant Adorama Inc., of attorney Avram Frisch, who has served as counsel for former co-defendants and anticipated trial witnesses JSN Capital Holdings, LLC and Joel Stern. If allowed, the last minute addition of new counsel for Adorama will necessarily complicate and prolong the trial in this case, and will cause prejudice to Rock Fintek.

      Throughout this case, attorney Frisch has represented former third-party defendants JNS and Mr. Stern, who sold to Rock Fintek non-conforming gloves that the JNS parties had, in turn, purchased from plaintiff Kitchen Winners NY Inc. and Adorama. Although JNS parties recently reached a settlement with Rock Fintek, the JNS parties were potentially adverse to Adorama and Kitchen Winners if Rock Fintek had established liability at trial against JNS for the gloves that JNS procured from Kitchen Winners and Adorama. Furthermore, Mr. Stern is expected to be called as a trial witness in this case. It would be odd, to say the least, to have the same counsel representing a trial witness as well as a party at the same time. Adorama, on the other hand, has been represented by the same counsel as plaintiff Kitchen Winners NY Inc. *at all times*, and should not be allowed to make such a drastic strategic change in representation on the eve of trial.

      Indeed, Adorama acknowledges that the appearance of Attorney Frisch as its counsel is strategic and designed to create an appearance for the jury of separateness between Adorama and Kitchen Winners, both of whom signed the pertinent Sales and Purchase Agreement as "Sellers." *See* ECF 198 ("After the pre-trial conference, at which the Court inquired as to why Adorama did not have its own counsel, Adorama decided that it would be wise to retain independent counsel to represent its interests at the upcoming trial in this matter."). Notably, even during the negotiations of the SPA at issue, Adorama and Kitchen Winners were represented by the same transactional

counsel. Moreover, a last-minute strategic substitution of counsel for Adorama would be prejudicial and unfair to Rock Fintek, as it changes the composition of this case for trial and will necessarily prolong trial and create inefficiencies. For example, Rock Fintek's witnesses will now face cross-examination by two separate sets of counsel, which will necessarily delay and prolong the trial proceedings.

To the extent that the Court allows the proposed substitution of counsel for Adorama, which the Court should not, Rock Fintek should be permitted to explore this issue before the jury and to elicit non-privileged testimony from Adorama's and Kitchen Winners' witnesses to make the jury aware of this last-minute strategic substitution, which, in itself has evidentiary value. In addition, if the substitution is allowed, counsel for Adorama should strictly be held to pretrial disclosures made by Adorama and to previously estimated time limits, including in opening/closing statements and during cross-examination of witnesses so as to avoid unfair delays, "double-teaming" and other prejudice to Rock Fintek.

Respectfully submitted,

*/s/Phillip Rakhunov*
Phillip Rakhunov

cc:     All counsel (via ECF)