

February 6, 2025

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

**<u>Via Electronic Filing</u>**

Re:     Kitchen Winners NY Inc. v. Rock Fintek LLC, Case No. 22-cv-05276-PAE

Dear Judge Engelmayer:

    Mr. Sperber and I write jointly in reply to the correspondence of Mr. Rakhunov and to further explain the notice of appearance of Mr. Frisch behalf of Third-Party Defendant, Adorama, Inc.

### A. There is no conflict with JNS/Stern

    At the pretrial conference, the Court made clear that Mr. Stern and JNS were not to be discussed, except for very limited issues that were delineated at that time.  Mr. Stern is not adverse to anyone at this time, as his case has been fully settled with prejudice, and therefore is not in need of representation at trial.  Prior to accepting this engagement, I discussed the matter with Mr. Stern, and he did not express any objection and agreed that there was no conflict of interest.  Furthermore, even if Mr. Stern and JNS believed there was a conflict, which they most certainly do not, it would not be Rock Fintek's concern at all.

    There is no unfairness to Mr. Rakhunov and his clients, as Mr. Stern was always likely to be adverse to his client, who wrongly sued him for a substantial amount of money and cost him approximately $75,000 in legal fees.  Furthermore, Adorama has the right to choose its own counsel, as will be discussed more fully in the next section, and certainly can choose to present its case at trial in any way it chooses.

    Adorama correctly concluded that the point it has always made, that it is not a seller under the SPA to Rock Fintek and that it is an unrelated party, is best presented by independent counsel.  This choice is a strategy, but one that is reasonable and in no way impacts Rock Fintek's ability to prosecute its contrary claim.  The notion that Rock Fintek has any say about the trial presentation of its opponents is bizarre and without any merit whatsoever.




The notion that Adorama's decision to change attorneys (which is in no way a reflection on the able work of Mr. Sperber) is something that is relevant to the jury's determination is both absurd, and flies in the face of the Court's prior instructions in regard to not discussing Mr. Stern and JNS at the trial. There is no basis for the claim that a party's choice of attorney, whenever made, has any evidentiary value, and Mr. Rakhunov fails to even attempt to explain it.

### B. Adorama is Entitled to its Choice of Counsel

Rock Fintek asserts that the change in counsel will prejudice Rock Fintek because it is "a drastic strategic change in representation on the eve of trial." As an initial matter, Rock Fintek fails to provide any basis in case law for its argument to deprive Adorama of its choice of counsel. Other than potential delays in the trial, which will not occur as described in the following section, Rock Fintek has not identified any prejudice to it, other than the fact that its claims at trial will be made more difficult by Adorama's choice of counsel. Rock Fintek misunderstands the nature of the type of prejudice that should be addressed by a court. As a general rule, every choice made by Adorama and Kitchen Winners in intended to prejudice Rock Fintek's likelihood of winning the trial, just as every choice made by Rock Fintek is intended to prejudice Adorama and Kitchen Winners. The only prejudice that needs to be addressed is unfair prejudice arising from some untoward conduct. "The key inquiry is the potential prejudice to the client of the "attorney-witness," not prejudice to the opposing party." [Corrado v. N.Y. State Unified Court Sys., No. CV 2012-1748 (DLI)(MDG), 2014 U.S. Dist. LEXIS 3400, at \*7 (E.D.N.Y. Jan. 10, 2014)](#)

"The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process." [First NBC Bank v Murex, LLC, 259 F Supp 3d 38, 55 (SDNY 2017)](#) quoting *Hempstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005). "[W]e believe that unless an attorney's conduct tends to taint the underlying trial, … courts should be quite hesitant to disqualify an attorney. [Bd. of Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979)](#). This hesitance is precisely because of the reasoning of Rock Fintek in this action – the potential for such an application "to be used for tactical purposes." [Nike, Inc. v. Lululemon United States Inc., No. 23-CV-771 (JPO), 2023 U.S. Dist. LEXIS 163564, at \*3 (S.D.N.Y. May 1, 2023)](#).

Furthermore, this is not an instance of successive representation. Stern and JNS were never adverse to Adorama, with whom they had no business relationship whatsoever. In addition, Mr. Stern has consented to the representation both orally and in writing. Furthermore, the extremely limited testimony of Mr. Stern has no bearing on the case Adorama is presenting. Mr. Stern was not a party to the SPA and was not involved in its drafting or execution. His testimony will not involve the question of whether Adorama is rightfully considered a seller under the agreement. Furthermore, his testimony will not involve any questions of whether Adorama or Kitchen Winners breached a provision of the SPA, as he would have no knowledge of those facts whatsoever. Mr. Stern's proposed testimony about the number of gloves he sold to Rock Fintek and the question of markings on shipments of gloves indicating that they were protection gloves has nothing to do with Adorama, which all agree had limited involvement with the operational aspects of the transactions.

### C. There will be no delay or change to the trial schedule

Rock Fintek also objects to Adorama's decision to retain additional counsel claiming that it "would be prejudicial and unfair to Rock Fintek" because it "will



THE LAW OFFICE OF
AVRAM E. FRISCH LLC

necessarily prolong trial and create inefficiencies." As an example of this supposed prejudice, Rock Fintek asserts that its "witnesses will now face cross-examination by two separate sets of counsel."

Rock Fintek ignores, however, that Adorama has already notified the Court that its "questioning on behalf of Adorama is not expected to take additional time from the estimates provided by Mr. Sperber at the pre-trial conference." (ECF Entry No. 198.)

Moreover, any time that Mr. Frisch would spend cross-examining Rock Fintek's witnesses would necessarily be deducted from the time that Mr. Sperber would have done the same, had Adorama not retained new counsel. Now, Mr. Sperber will question Rock Fintek's witnesses regarding matters relevant to Kitchen Winners and Mr. Frisch will do the same regarding matters pertaining to Adorama and its (very limited) role in this action. There is no reason to assume that Mr. Frisch's questioning of Rock Fintek's witnesses would take longer than similar questioning by Mr. Sperber.

The mere fact that the questioning will happen by two different people does not prejudice Rock Fintek and does not prolong the trial or create inefficiencies. Indeed, even if Adorama did not retain a separate law firm, it could have requested that other attorneys from Lipsius-BenHaim LLP question Rock Fintek's witnesses. Rock Fintek did not question the Notices of Appearance by David BenHaim or Yisroel Steinberg. (ECF Entry Nos. 180, 183.) There is no reason to question the appearance of Mr. Frisch.

Very truly yours,

Avram E. Frisch

Alexander Sperber

Cc: All Counsel

