

## LIPSIUS-BENHAIM
## LAW, LLP

80-02 Kew Gardens Road
Suite 1030
Kew Gardens, New York 11415
Telephone: 212-981-8440
Facsimile: 888-442-0284
www.lipsiuslaw.com

ALEXANDER J. SPERBER
DIRECT LINE: 212-981-8449
EMAIL: asperber@lipsiuslaw.com

**VIA ECF**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

February 21, 2025

Re:  ***Kitchen Winners NY Inc. v. Rock Fintek LLC***,
**Case No. 22-cv-05276-PAE**
**Our File No: 5529.0002**

Dear Judge Englemayer:

In accordance with the Court's direction, the parties are jointly submitting this letter to set forth the basis of their objections to the proposed exhibits.  The parties are also filing herewith a finalized exhibit list.

The parties recognize that some objections may depend upon the manner in which a particular exhibit is used at trial and, accordingly, reserve their rights in that regard.

### Defendant's Exhibits

## DX 1   Samples of gloves from pertinent warehouses

Counsel for Kitchen Winners and Adorama have not yet seen the samples that Rock Fintek plans to use.  Accordingly, they are not yet in a position to agree to the samples that Rock Fintek will ultimately use. Further, Kitchen Winners and Adorama may have specific objections depending on the manner in which Rock Fintek attempts to use the samples at trial.

Lipsius-BenHaim Law, LLP
February 21, 2025
Page **2** of **22**

Rock Fintek is in the process of moving the gloves from its storage location to New York and will make such gloves available to counsel for inspection as soon as possible.  To the extent that Kitchen Winners and Adorama intend to introduce any gloves from the samples they collected in discovery, Rock Fintek reserves the right to inspect such samples and similarly reserves the right to raise specific objections at trial.

## DX2    Summary Chart of "Protection" Gloves

Rock Fintek has withdrawn this exhibit without prejudice.  All objections are preserved for trial.

## DX 6   210105 Email Exchange

Kitchen Winners and Adorama object to this document on the basis of hearsay and speculation.  Namely, the portion of the document from "KennyChen" is an out of court statement seemingly being submitted for the truth of the matter asserted.  Further, Mr. Banon's comments on that email appear to be pure speculation as to what Mr. or Ms. Chen was saying.  In addition, Kitchen Winners and Adorama object on the basis that the document is not relevant to the issues being litigated in this case.  The document, dated January 5, 2021, does not in any way state that it relates to the gloves ultimately sold to Rock Fintek months later.

*Rock Fintek response*: The statements by Mr. Banon in response to Mr. Weiner and the first in time email by Mr. Weiner are classic non-hearsay admissions by a party opponent and the comments by Mr. Banon in red constitute adoptions of the statements of one of Kitchen Winners' logistics providers, whom Mr. Weiner had admitted to having hired. In any event, this email is not being introduced for the truth of the statements of the logistics provider but to demonstrate Kitchen Winners' state of mind as to the packaging labels of gloves being shipped from China and to demonstrate that Kitchen Winners was on notice prior to entering into the SPA that gloves labelled as "Protection" gloves were not medical grade.

## DX 10 210322 Weiner to Mendlowits

Kitchen Winners and Adorama object to this document on the basis of hearsay, as the attached letter from non-party Medcare is an out of court statement seemingly being submitted for the truth of the matter asserted.

*Rock Fintek response*: First, Kitchen Winners and Adorama are seeking to introduce multiple out-of-court statements by agents of GTS (the manufacturer of the MedCare gloves) and have themselves taken the position that such statements constitute admissible business records.

Lipsius-BenHaim Law, LLP
February 21, 2025
Page **3** of **22**

Rock Fintek agrees to that approach so long as it is applied mutually. Second, the email from Mr. Weiner to Mr. Mendlowitz forwarding this letter constitutes an adoptive admission. Third, this email is also being introduced for non-hearsay purposes including to demonstrate Adorama being involved in communications with the gloves manufacturer consistent with its role as a Seller under the SPA and to demonstrate MedCare's understanding that Kitchen Winners had full exclusivity for MedCare gloves in USA.

### DX 16 210427 Email to Weiner PLs

Kitchen Winners and Adorama object to this document on the basis of hearsay, as the communications and attachments from non-party "Cici Chen" are out of court statements being submitted for the truth of the matter asserted.

*Rock Fintek response*: First, Kitchen Winners and Adorama are seeking to introduce multiple out-of-court statements by agents of GTS (the manufacturer of the MedCare gloves) and have themselves taken the position that such statements constitute admissible business records. Rock Fintek agrees to that approach so long as it is applied mutually. Second, GTS's email is a response to Mr. Weiner's email requesting shipping invoice and packing list for specific container numbers, which is not hearsay. Where a statement in an email exchange is an admission by a party opponent, surrounding statements providing essential context may also be considered by the jury and may also be admitted to demonstrate Kitchen Winners' knowledge of the contents of the packing slips and invoices that Kitchen Winners expressly requested. *See Arista Recs. LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 420 (S.D.N.Y. 2011) ("Where a statement is deemed admissible as an admission by a party-opponent under Rule 801(d)(2), the surrounding statements providing essential context may also be considered."); *United States v. Dupre*, 462 F.3d 131, 136–137 (2d Cir.2006) (email messages sent by third parties to defendants were admissible to provide context for email messages sent by defendants in response); *Klein v. Frenkel*, No. 14CV2719ADSARL, 2015 WL 13721693, at *7 (E.D.N.Y. Feb. 19, 2015) (emails sent by third parties in response to party opponent's statements are admissible). Finally, the packing slips and invoices for the gloves are business records of Kitchen Winners, which Kitchen Winners cannot credibly deny and for which foundation will be laid at trial through Mr. Weiner.

### DX 18 210429 Email Exchange re Adorama LevMed

Adorama objects to the introduction of this Exhibit on the grounds of undue prejudice pursuant to FRE 403. The document was prepared by an officer of Rock Fintek and repeatedly singled out Adorama as the party against which it was threatening to sue, and it appears to be an attempt to strengthen a prospective litigation position. Yet no representative of Adorama was copied anywhere on the email chain. Indeed, the underlying email appears to be a communication

Lipsius-BenHaim Law, LLP
February 21, 2025
Page **4** of **22**

solely between Rock Fintek and non-party Arik Maimon, who was working for Rock Fintek in the transaction at issue.

*Rock Fintek response*: The first-in-time email from Mr. Gilling was sent well before any litigation was being contemplated in connection with the delivery of wrong brand (LevMed) gloves in April 2021, to Mr. Maimon, who immediately forwarded this email to Mr. Weiner and Mr. Banon, putting them on notice of the LevMed issue. The fact that Mr. Gilling referred to the Sellers as "Adorama" is consistent with Rock Fintek's understanding of the who the seller was under the SPA. Indeed, Mr. Weiner and Mr. Banon *both responded to this email* without correcting Mr. Gilling's reference to Adorama and agreed that if the hospital accepted the LevMed gloves they would be "part of the contract." Simply because this email supports Rock Fitnek's position does not make it unduly prejudicial to Adorama.

### DX 21 210601 Email Chain attaching BOLs

Kitchen Winners and Adorama object to this document on the basis of hearsay and authenticity. The attached bills of lading were prepared by nonparties, and many of them appear to be altered by hand. Yet it is unclear whose handwriting appears on the documents. Accordingly, Kitchen Winners and Adorama maintain that they are not admissible for the truth of the matter asserted therein. While Rock Fintek has asserted that Kitchen Winners somehow adopted the documents as its own, by forwarding them in an email, that assertion is wholly unsupported. *See In re Oil Rig "Deepwater Horizon"*, 2012 US Dist LEXIS 3406, at *18-19 (E.D. La Jan. 11, 2012) ("a forwarded email is only an adoptive admission if it is clear that the forwarder adopted the content or believed in the truth of the content").

*Rock Fintek response*: This is an email *from Mr. Weiner* sending to Rock Fintek records of transactions between them, including Bills of Lading and a spreadsheet of quantities, and is not hearsay. This same email with attachments (from Rock Fintek's production) is also included on Kitchen Winners' exhibit list (PX30). This email and attachments are plainly admissible.

### DX 22 210601 Email Mendlowits Weiner

Kitchen Winners and Adorama object to this document on the basis of relevance, as the email does not have any content relevant to this trial.

*Rock Fintek response*: This email is relevant as evidence of Adorama's involvement as a Seller under the SPA.

### DX 27 210627 Email Weiner Mendlowits

Lipsius-BenHaim Law, LLP
February 21, 2025
Page **5** of **22**

Kitchen Winners and Adorama object to this exhibit under Fed. R. Evid. 408, as it is a draft of a settlement offer that was subsequently conveyed to Rock Fintek. The actual offer varied in slight terms, but was in the same format as the draft email between Mr. Weiner and Mr. Mendlowits. (*See* Exhibit "A" filed herewith.) Fed. R. Evid. 408 prohibits the use of "conduct or a statement made during compromise negotiations about [a disputed] claim" in order to "prove or disprove the validity or amount of a [the] claim." Drafting and editing a settlement offer is a quintessential example of "conduct or a statement made during compromise negotiations." Indeed, if the Court allows the evidentiary use of a draft of a settlement offer, it would vitiate the intention of FRE 408, as internal drafts could be used for the same purpose as the offer ultimately conveyed. *See Trebor Sportswear Co. v. Ltd. Stores, Inc.*, 865 F.2d 506, 510 (2d Cir. 1989) ("In furtherance of the public policy of encouraging settlements and avoiding wasteful litigation, Rule 408 bars the admission of most evidence of offers of compromise and settlement."). This document is squarely within the policy of R. 408. "Rule 408 excludes compromise evidence even when a party seeks to admit its own settlement offer or statements made in settlement negotiations. If a party were to reveal its own statement or offer, this could itself reveal the fact that the adversary entered into settlement negotiations. The protections of Rule 408 cannot be waived unilaterally because the Rule, by definition, protects both parties from having the fact of negotiation disclosed to the jury." USCS Fed Rules Evid R 408 2006 Advisory Committee Notes.

*Rock Fintek response*: This email contains contemporaneous internal calculations that Kitchen Winners made and sent to Adorama as to the quantities of gloves delivered and includes admission regarding quantities of gloves and of an "Overage" totaling approximately $1.69 million and an admission that a rebate is owed under the SPA. Issues with the quality of gloves had not yet surfaced at the time of this email and no litigation was being contemplated. Accordingly, this document is not a communication of any settlement offer or compromise and there is nothing on the face of this document or in the record that supports such an argument. At the very least, Kitchen Winners' admissions of its own calculations should be presented to the jury.

### DX 30 210715 Ascension Email Chain

Kitchen Winners and Adorama object to DX 30 on the basis of authenticity. Kitchen Winners and Adorama further object to DX 30 on the basis of hearsay. As an initial matter, the document is an email sent by Vincent Moccio, who is a nonparty, and is being submitted for the truth of the matter asserted therein. The document further contains additional layers of hearsay, as it includes quotes and alleged complaints from other non-parties, all of which are being submitted for the truth of the matter asserted. To the extent that Rock Fintek attempts to submit the document for a non-hearsay purpose, Kitchen Winners and Adorama maintain that the

Lipsius-BenHaim Law, LLP
February 21, 2025
Page **6** of **22**

prejudice of presenting these hearsay statements to the jury would significantly outweigh any probative value that the document might have.

*Rock Fintek response*: This email was authenticated by Ascension Health (the party that produced it) at its Rule 30(b)6 deposition in response to questioning by Adorama's counsel. The Ascension Health witness Michael Elstro is a recipient on this exhibit and, when shown this email, testified that he is "familiar with this … email" and that he "recall[s] this e-mail."

As far as the hearsay objections, the first in time email from Ascension Health to Rock Fintek is not hearsay because it is being used to demonstrate that Rock Fintek was being put on notice for the first time on July 12, 2021, of Ascension's position that "there are serious concerns regarding the quality of the MedCare brand gloves we received (196M)." This email also corroborates the testimony of Ascension's testimony regarding the quality of the gloves. The second email in time gives context to the first email and also provides additional information regarding medical providers' complaints.  Whether the statements in the email are true is beside the point, because the fact that the complaints were being made are in themselves relevant. Finally, the internal Ascension email exchange is in itself a business record. Rock Fintek is in the process of obtaining a business records certification from Ascension Health in advance of trial.

## DX 31 210723 Ascension Email

Kitchen Winners and Adorama object to DX 31 on the basis of authenticity.  Kitchen Winners and Adorama further object to DX 31 on the basis of hearsay. The document is an email sent by Adam Swearingin, who is a nonparty, and is being submitted for the truth of the matter asserted therein.  To the extent that Rock Fintek attempts to submit the document for a non-hearsay purpose, Kitchen Winners and Adorama maintain that the prejudice of presenting these hearsay statements to the jury would significantly outweigh any probative value that the document might have. Furthermore, Mr. Swearingen is presenting undisclosed expert opinions in the underlying document.

*Rock Fintek response*: This email was used as an exhibit at the deposition of Ascension Health (the party that produced it) at its Rule 30(b)6 deposition in response to questioning by Adorama's counsel. The Ascension Health witness Michael Elstro is a recipient on this exhibit and, when shown this email and asked if he was familiar with Mr. Swearingin, testified that he was familiar with him and has "worked pretty closely" with Mr. Swearingin. Adorama's counsel elicited the testimony about Mr. Swearinging's personal experience with the gloves that they now try to avoid.

Lipsius-BenHaim Law, LLP
February 21, 2025
Page **7** of **22**

As far as the hearsay objections, the Ascension email exchange that includes Medline is in itself a business record. Rock Fintek is in the process of obtaining a business records certification from Ascension Health in advance of trial. In addition, this document is corroborated by Ascension Health's testimony and consistently by other evidence in this case, giving it the requisite indicia of reliability to overcome any hearsay objection.

### DX 32 210826 Email Esparza Weiner re KW Inventory

Kitchen Winners and Adorama object to DX 32 on the basis of relevance. The document is an email dated August 26, 2021, which purports to show gloves then in Kitchen Winner's inventory. The events at issue in this lawsuit, however, concluded in or about June 2021. Accordingly, DX 32 appears to present pictures and records of gloves that Kitchen Winners did **not** sell to Rock Fintek. As such, it has no relevance to the issues in this litigation.

*Rock Fintek Response*: Rock Fintek withdraws this exhibit without prejudice to using it on cross-examination if necessary.

### DX 34 210917 Stock Status Report

Kitchen Winners and Adorama object to DX 34 on the basis of relevance. The document is a "Stock Status Report for Kitchen Winners, which purports to show gloves in Kitchen Winner's inventory on September 17, 2021. As the events at issue in this lawsuit concluded in or about June 2021, DX 34 appears to be a record of gloves that Kitchen Winners did **not** sell to Rock Fintek. As such, it has no relevance to the issues in this litigation.

*Rock Fintek Response*: Rock Fintek withdraws this exhibit without prejudice to using it on cross-examination if necessary.

### DX 35 211118 Email Chain (Medline)

The parties have stipulated to the admissibility as business records of all documents produced by Medline Inc. pursuant to a subpoena in this action. Subject to that agreement between the parties, Kitchen Winners and Adorama do not object to this exhibit so long as the complete discussion of the subject at hand is also admitted into evidence.

### DX 36 211210 Email Moccio to Gilling

The parties have stipulated to the admissibility as business records of all documents produced by Medline Inc. pursuant to a subpoena in this action. Subject to that agreement between

Lipsius-BenHaim Law, LLP
February 21, 2025
Page **8** of **22**

the parties, Kitchen Winners and Adorama do not object to this exhibit so long as the complete discussion of the subject at hand is also admitted into evidence.

## DX 37 Mendel Rock Gloves Chat

Kitchen Winners and Adorama object to DX 37 on the basis of relevance and potentially hearsay. DX 37 is a long transcription of a WhatsApp chat between Mendel Banon and individuals at Rock Fintek. The chat extends for several months and covers a number of different topics. While some portions of the document may be relevant to the issues at trial, Kitchen Winners and Adorama object to the document being admitted in whole. The parties are working together to find a resolution to this issue in advance of trial.

*Rock Fintek Response*: As the Court ruled on motions *in limine*, statements by Mr. Bannon in the context of the glove transactions are admissible as non-hearsay statements by an agent of a party opponent, as well as potentially for non-hearsay purposes. That said, Rock Fintek does not intend to introduce the entire lengthy chat to the jury but is working with the other parties to narrow the specific portions of the chat that will be introduced as evidence. Of course, Rock Fintek reserves the right to use any and all portions of this and other chats on cross-examination.

## DX 38 160309 FDA Clearance Letter attached to Mendel Rock Gloves Chat

Kitchen Winners and Adorama object to DX 38 on the basis of relevance. Counsel for Rock Fintek has explained that this document is an attachment that was sent as part of the WhatsApp Chat at DX 37, on March 4, 2021. However, that time period concerned the "One Off Transactions" that preceded the Sales and Purchase Agreement at issue in this lawsuit. Rock Fintek has withdrawn its claims arising from the "One Off Transactions." As such, this communication is not relevant to the issues remaining for trial. Further, Kitchen Winners and Adorama object to DX 38 on the basis of hearsay. The document appears to contain a series of statements made by non-party "Zhonghong Pulin Medical Products Co., Ltd" to the Department of Health and Human Services.

To the extent that the Court permits Rock Fintek to utilize DX 37, Kitchen Winners and Adorama request that the Court provide a limiting instruction pursuant to Fed. R. Evid. 105 to limit its applicability to the "One-Offs" and not to the gloves sold under the SPA.

*Rock Fintek Response*: First, the FDA pre-clearance letter is a government agency document that is admissible under the public records exception of FRE 803(8). *See Napolitano v. Synthes, Inc.*, No. 09-CV-828 (TLM), 2014 WL 12868860, at *5 (D. Conn. Apr. 21, 2014) ("FDA warning letters and reports" are admissible evidence).

Second, the FDA 510(k) pre-clearance letter that Mr. Bannon sent to Rock Fintek is a non-hearsay document that is not being admitted for the truth of the matter but for the effect that it had on Rock Fintek in that it was a representation to Rock Fintek of the nature and quality of the gloves that would purportedly be sold to Rock Fintek both, in the one-off transactions *and* under the SPA. The distinction that Kitchen Winners seeks to draw between the one-off transactions and the SPA in relation to this document is unsupported by the record. Rock Fintek's witnesses will testify at trial as to the effect that this document had on the recipient and on the underlying transaction. Indeed, Rock Fintek does not claim the truth of the contents of this exhibit because the gloves that were sold *did not* actually conform to the specification that Mr. Bannon represented via this document. In addition, Kitchen Winners' own expert witness, Alan Schwartz, explained the content and relevance of this document in a way that will make it understandable for the jury.

**DX 41 Handwritten Lot Nos.**

This chart is handwritten with no foundation as to when it was written or by whom. Furthermore, there is no explanation of the source of the compiled information. Plaintiff and Adorama therefore object to this exhibit, subject to Rock Fintek providing an adequate foundation for its introduction.

*Rock Fintek Response*: Rock Fintek will lay a proper foundation at trial for admission of this document. This summary of lot numbers was timely produced in discovery, was prepared personally by Mr. Gilling and was referenced by Mr. Gilling in his deposition.

**DX 42 230724 wenzy inc. Service Attempt**

Kitchen Winners and Adorama object to this document on the basis of hearsay, as the Affidavit of Attempted Service is an out of court statement being submitted for the truth of the matter asserted. In addition, Kitchen Winners and Adorama object on the basis of relevance because Rock Fintek's inability to serve Wenzy in July 2023 is irrelevant to Wenzy's trucking services in early 2021.

*Rock Fintek Response*: As the Court forecasted when ruling on pertinent motion *in limine*, the fact that Wenzy's address, which is the same on invoices as it was with the NY Secretary of State is an empty residence is relevant to Rock Fintek's argument that Wenzy did not provide any trucking services to Kitchen Winners and that the Wenzy invoices are simply fake documents created by Kitchen Winners to overcharge Rock Fintek for trucking services. Rock Fintek intends to use this document on cross-examination of the expected Wenzy witness if appropriate.

Lipsius-BenHaim Law, LLP
February 21, 2025
Page **10** of **22**

## DX 43 ARDL/Jason Poulton Expert Report and Testing Reports

Kitchen Winners and Adorama object to this document as it was not timely produced during the course of discovery.  The Court granted Rock Fintek a specific extension of time to produce Mr. Poulton's report until January 1, 2024.  (Docket No. 133.)  However, Rock Fintek did not produce the report until January 4, 2024.  Accordingly, Kitchen Winners and Rock Fintek ask that the report be excluded from trial.

Kitchen Winners and Adorama have never raised the timeliness argument with respect to Mr. Poulton's report and proceeded to depose Mr. Poulton on his full report, thereby waiving any timeliness concerns or objections. In any event, the two day delay after the New Year holiday did not prejudice anyone. Rock Fintek has not objected to the purported Wenzy stubs (PX17) on the basis of timeliness even though those documents were produced *after the close of discovery*. As detailed below, the Wenzy stubs objection, among others, is that *complete* paystubs were never produced in or after discovery, just snippets of screenshots, but if timeliness is a concern than the Wenzy stubs should be excluded.

## DX 44 Bill of Lading 78731

Counsel for Rock Fintek has represented that Rock Fintek intends to use this exhibit as a demonstrative, and not for the truth of the matter asserted therein.  If that is the case, then Kitchen Winners and Adorama do not have an objection to this exhibit.

*Rock Fintek Response*: To clarify, Rock Fintek's intention is limited only to this specific exhibit and not to the bills of lading included with DX21 and PX30.

## DX 46 and DX 47 Bank Records

The parties have agreed to work together to resolve their concerns with the bank records in advance of trial. Rock Fintek proposes to use heavily redacted copies of the bank statements, which Adorama and Kitchen Winners believe are confusing and misleading, obscuring the nature of Rock Fintek's business operations.  Adorama and Kitchen instead propose to utilize the unredacted bank statements as needed and have included same on their exhibit list.

*Rock Fintek Response*: Rock Fintek incorporates by reference its objections below to Adorama and Kitchen Winners' use of full unredacted bank records, which would be overwhelmingly confusing for the jury, unduly prejudicial to Rock Fintek and would implicate privacy concerns of non-parties. Rock Fintek agrees that the parties are trying to narrow the portions of the records that they seek to use at trial to minimize objections and disputes.

### DX 49 through DX 53 Various Emails Between Counsel

The parties have agreed to stipulate that they made joint site visits to various Medline facilities, and that they collected gloves from those facilities. Accordingly, Rock Fintek has indicated that these exhibits are no longer necessary.

*Rock Fintek Response*: Subject to the parties' being able to agree on the language of a stipulation, Rock Fintek agrees.

### DX 55 230721 Wenzy Inc. Subpoena

Kitchen Winners and Adorama object to this document on the basis of relevance. Rock Fintek's subpoena to Wenzy Inc. has no bearing on the issues before the jury.

*Rock Fintek Response*: As the Court forecasted when ruling on pertinent motion *in limine*, the fact that Wenzy's address, which is the same on invoices as it was with the NY Secretary of State is an empty residence is relevant to Rock Fintek's argument that Wenzy did not provide any trucking services to Kitchen Winners and that the Wenzy invoices are simply fake documents created by Kitchen Winners to overcharge Rock Fintek for trucking services. Rock Fintek intends to use this document on cross-examination of the expected Wenzy witness if appropriate.

### DX 58 210516 Esparza to Weiner

Kitchen Winners and Adorama object to this document on the basis of relevance. This document does not appear to have any relevance to the issues before the jury.

*Rock Fintek Response*: The communications between Mr. Weiner and Sellers' logistics provider regarding gloves being shipped under the SPA are directly relevant to Rock Fintek's defenses against Kitchen Winners' claims for Wenzy trucking services. These communications are evidence that, among other things, Kitchen Winners used Uber Freight for shipments that it claims were made by Wenzy.

### DX 60 210516 Esparza to Weiner

Kitchen Winners and Adorama object to this document on the basis of relevance. This document does not appear to have any relevance to the issues before the jury.

Lipsius-BenHaim Law, LLP
February 21, 2025
Page **12** of **22**

*Rock Fintek Response*: The communications between Mr. Weiner and Sellers' logistics provider regarding gloves being shipped under the SPA are directly relevant to Rock Fintek's defenses against Kitchen Winners' claims for Wenzy trucking services. These communications are evidence that, among other things, Kitchen Winners used Uber Freight or other carriers for shipments that it claims were made by Wenzy.

### DX 67 210307 Email Weiner to Kipodsagi

Kitchen Winners and Adorama object to this document on the basis of relevance. This document does not appear to have any relevance to the issues before the jury.

*Rock Fintek Response*: This document is directly relevant to demonstrating the gloves that Kitchen Winners purchased from GTS, which it sold to Rock Fintek. It also contains admissions from Mr. Weiner regarding FDA requirements, including that names of factories having to match the names on the boxes for the gloves to conform to FDA requirements specified in the SPA, which they did not here.

### DX68 210326 Email GTS to Weiner

Kitchen Winners and Adorama object to this exhibit as it is hearsay. The document constitutes an email (and attachment) from nonparty "Cici Chen," being submitted for the truth of the matter asserted.

*Rock Fintek response*: First, Kitchen Winners and Adorama are seeking to introduce multiple out-of-court statements by agents of GTS (the manufacturer of the MedCare gloves) and have themselves taken the position that such statements constitute admissible business records. Rock Fintek agrees to that approach so long as it is applied mutually. Second, the packing slips and invoices for the gloves are business records of Kitchen Winners, which Kitchen Winners cannot credibly deny and for which foundation will be laid at trial through Mr. Weiner. Third, this document demonstrates that Mr. Weiner was plainly on notice that he was receiving "protection" gloves, which Rock Fintek will be able to show were resold to it.

Lipsius-BenHaim Law, LLP
February 21, 2025
Page **13** of **22**

## Plaintiff's and Adorama's Exhibits

### PX 1 and PX 2

*Rock Fintek Position:*

The parties have conferred and agree to keep working together to narrow disputes over these exhibits to only those portions that Plaintiff and Adorama truly believe are relevant at trial. Rock Fintek objects to the introduction of wholesale unredacted bank records on relevance grounds, under FRE 403 as unduly prejudicial to Rock Fintek and confusing to the jury, and because the introduction of such records is completely irrelevant to the Court's judicial function in this case and would implicate privacy rights of Rock Fintek's various vendors and contractors, as well as its principal member. To be clear, Rock Fintek has no objection to use at trial and public disclosure of those portions of bank records that relate to the transactions at issue in this lawsuit.

*Adorama and Kitchen Winners Position:*

As set forth above, Adorama and Kitchen Winners believe that the complete bank records are necessary to provide the jury an accurate picture of the operations of Rock Fintek and the heavily redacted versions are misleading and inaccurate. The parties are working to narrow the bank records actually utilized and to narrow this dispute.

### PX 10 JNS Bank Records

*Rock Fintek Position:*

Rock Fintek objects to the introduction at trial of JNS Capital bank records under FRE 401, as confusing to the jury and contrary to the Court's rulings on motions in limine regarding the use of JNS records

*Kitchen Winners Position:*

Kitchen Winners intends to use the JNS bank records in connection with its questioning of Joel Stern, the principal of JNS. To the extent that Mr. Stern does not recall the exact number of gloves that JNS sold to Rock Fintek, Kitchen Winners intends to establish the total amount of money paid to it by Rock Fintek, as well as the price it was charging Rock Fintek per box of gloves, to establish the number of gloves that it actually provided.

### PX 11 JNS Records Chart

*Rock Fintek Position:*

Rock Fintek objects to the introduction at trial of the summary of JNS Capital transactions on relevance grounds, as confusing to the jury and contrary to the Court's rulings on motions in limine regarding the use of JNS records

Lipsius-BenHaim Law, LLP
February 21, 2025
Page **14** of **22**

*Kitchen Winners Position:*

Kitchen Winners intends to use the JNS bank records in connection with its questioning of Joel Stern, the principal of JNS. To the extent that Mr. Stern does not recall the exact number of gloves that JNS sold to Rock Fintek, Kitchen Winners intends to establish the total amount of money paid to it by Rock Fintek, as well as the price it was charging Rock Fintek per box of gloves, to establish the number of gloves that it actually provided.

## PX 16 Wenzy Invoices

*Rock Fintek Position:*

Rock Fintek objects to the Wenzy invoices as inadmissible hearsay, as lacking foundation, and reserves the right to object to this exhibit subject to the testimony that Kitchen Winners plans to elicit at trial.

*Kitchen Winners Position:*

Kitchen Winners intends to call a witness from Wenzy to authenticate the records in accordance with the Court's prior decisions on the motions in limine, along with permissible testimony about the receipt of the invoices by Kitchen Winners. As such, the documents will be admissible both as documents received by Kitchen Winners and for the truth of their contents.

## PX 17  Pay Stubs of Kitchen Winners payments to Wenzy Inc.

*Rock Fintek Position:*

Rock Fintek objects to the purported records of Wenzy stubs as inadmissible hearsay and lacking foundation, including because complete Wenzy records were not produced in discovery, and as unduly prejudicial under FRE 403.

*Kitchen Winners Position:*

Kitchen Winners will be authenticating these documents with the testimony of Mr. Weiner, and as such they are a clear business record of Kitchen Winners and admissible under FRE 803. The documents were produced exactly 2 minutes after the conclusion of discovery at 12:01 AM and this is the first objection ever raised on this issue.

## PX 19  Chart Summarizing Ascension's Payments to Rock Fintek

*Rock Fintek Position:*

Rock Fintek objects to the chart of Ascension payments under FRE 403.

*Adorama and Kitchen Winners Position:*

There is no prejudice to Rock Fintek from the accurate description of payments to Rock Fintek from Ascension. Rock Fintek appears to want to relitigate the Court's prior *in limine* motion on this matter, and as such is seeking every opportunity to recant Mr. Kato's prior testimony which is summarized in this chart.

### PX 21  Chart Summarizing History of Timeliness of Rock Fintek's Payments

*Rock Fintek Position:*
Rock Fintek objects to the argumentative chart of "timeliness" of payments under FRE 403.

*Adorama and Kitchen Winners Position:*
The chart at issue is derived directly from the bank records and stipulated facts in this matter, and accordingly is appropriate for introduction at trial.

### PX 22  210910 Thomas Kato Email RF_001034-1035

*Rock Fintek Position:*
Rock Fintek objects to this exhibit under FRE 408 because this email exchange constitutes a communication in furtherance of early efforts to resolve disputes between Rock Fintek and Ascension Health in connection with the gloves.

*Adorama and Kitchen Winners Position:*
PX 22 is not a settlement communication. There is no threat of litigation and it is simply a business communication seeking to mutually solve a problem facing the parties with the deliveries, and seeking future business. *See Big O Tire Dealers v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365, 1372-73, 195 U.S.P.Q. (BNA) 417 (10th Cir. 1977) (correspondence between parties prior to the filing of an action held "business communications" rather than "offers to compromise" and thus outside scope of Rule 408), *cert. dismissed*, 434 U.S. 1052, 98 S. Ct. 905, 54 L. Ed. 2d 805 (1978) (*cited in Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 827 (2d Cir. 1992).

If "discussions ha[ve] not crystallized to the point of threatened litigation," communications between the parties are not considered compromise negotiations. *Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co*., 561 F.2d 1365, 1373 (10th Cir. 1977).

### PX 24  Expert Report of William A. Huber, PhD, PSTAT

Lipsius-BenHaim Law, LLP
February 21, 2025
Page **16** of **22**

*Rock Fintek Position:*
Rock Fintek objects to Mr. Huber's expert report under FRE 802 as inadmissible hearsay.

*Adorama and Kitchen Winners Position:*
Adorama and Kitchen Winners will be using Mr. Huber's report in connection with Mr. Huber's own testimony at trial. Accordingly, the document will be admissible at trial.

### PX 25  Expert Report of John H. Carson Jr., Ph.D

*Rock Fintek Position:*
Rock Fintek objects to Mr. Carson's expert report under FRE 802 as inadmissible hearsay, under FRE 401 and 403. Rock Fintek does not seek to introduce Mr. Carson's expert opinion at trial in this case, so the selective use of his report will be unduly prejudicial to it at trial.

*Adorama and Kitchen Winners Position:*
Adorama and Kitchen Winners will be using Mr. Carson's report in connection with Mr. Carson's own deposition testimony at trial. Accordingly, the document will be admissible at trial. Further, Rock Fintek has not provided any explanation for how the document would be prejudicial under FRE 403.

### PX 26  Expert Report of Alan P. Schwartz

*Rock Fintek Position:*
Rock Fintek does not object to the introduction of this exhibit provided that Mr. Schwartz testifies, whether by deposition designations or live, but objects to its introduction as a standalone expert report as inadmissible hearsay.

*Adorama and Kitchen Winners Position:*
Kitchen Winners and Adorama agree that Mr. Schwartz's report would only be admissible if Mr. Schwartz testifies at trial.

### PX 28  GTS/Kitchen Winners Purchase Order

*Rock Fintek Position:*
Rock Fintek objects to this exhibit as lacking foundation and under FRE 401 because it is not clear that this invoice relates to the gloves at issue in this lawsuit, but may withdraw its objection depending on foundational testimony at trial.

Lipsius-BenHaim Law, LLP
February 21, 2025
Page **17** of **22**

*Adorama and Kitchen Winners Position:*

This is relevant for numerous claims being made by Adorama and Kitchen Winners. Mr. Wiener will establish the foundation for these documents, which are documents generated by the Plaintiff.

### PX 29  GTS/Kitchen Winners Purchase Order (10/14/2020)

*Rock Fintek Position:*

Rock Fintek objects to this exhibit as lacking foundation and under FRE 401 because it is not clear that this invoice relates to the gloves at issue in this lawsuit, but may withdraw its objection depending on foundational testimony at trial.

*Adorama and Kitchen Winners Position:*

This is relevant for numerous claims being made by Adorama and Kitchen Winners. Mr. Wiener will establish the foundation for these documents, which are documents generated by the Plaintiff.

### PX 32  Rock Fintek Invoice to Ascension

*Rock Fintek Position:*

Rock Fintek objects under FRE 401 and 403. It is unclear what relevance this selected invoice to Ascension has to the claims and defenses.

*Adorama and Kitchen Winners Position:*

These invoices demonstrate that Ascension was paying Rock Fintek for the purported glove overages.

### PX 33  Rock Fintek Invoice to Ascension

*Rock Fintek Position:*

Rock Fintek objects under FRE 401 and 403. It is unclear what relevance this selected invoice to Ascension has to the claims and defenses.

*Adorama and Kitchen Winners Position:*

These invoices demonstrate that Ascension was paying Rock Fintek for the purported glove overages.

### PX 34  Rock Fintek Invoice to Ascension

*Rock Fintek Position:*

Rock Fintek objects under FRE 401 and 403. It is unclear what relevance this selected invoice to Ascension has to the claims and defenses.

*Adorama and Kitchen Winners Position:*

These invoices demonstrate that Ascension was paying Rock Fintek for the purported glove overages.

### PX 35  Kitchen Winners and Adorama's Third Set of Requests for Production of Documents to Rock Fintek LLC, dated October 4, 2023

*Rock Fintek Position:*

Rock Fintek objects to introduction of a discovery request under FRE 401. Pleadings are not evidence.

*Adorama and Kitchen Winners Position:*

This document will demonstrate that Rock Fintek lacks evidence of certain important information relevant to its claims. As such, Adorama and Kitchen Winners propose to use this document to confirm the lack of evidence for certain claims made by Rock Fintek.

### PX 39  JNS IRREVOCABLE CORPORATE PURCHASE ORDER ( ICPO)

*Rock Fintek Position:*

Rock Fintek objects under FRE 401 and 403. It is unclear what relevance a JSN purchase order has to the claims and defenses in this lawsuit. Furthermore, the implementation and effect of this document was a disputed fact between JNS and Rock Fintek and its introduction will cause confusion to the jury.

*Adorama and Kitchen Winners Position:*

Kitchen Winners intends to use the JNS records in connection with its questioning of Joel Stern, the principal of JNS as to the number of gloves JNS sold to Rock Fintek. This document relates to that proposed line of questioning.

### PX 40  JNS Invoice

*Rock Fintek Position:*

Lipsius-BenHaim Law, LLP
February 21, 2025
Page **19** of **22**

Rock Fintek objects to the introduction at trial of this JNS Capital invoice under FRE 401, as confusing to the jury and contrary to the Court's rulings on motions in limine regarding the use of JNS records.

*Adorama and Kitchen Winners Position:*

Kitchen Winners intends to use the JNS invoice in connection with its questioning of Joel Stern, the principal of JNS. To the extent that Mr. Stern does not recall the exact number of gloves that JNS sold to Rock Fintek, Kitchen Winners intends to establish the total amount of money paid to it by Rock Fintek, as well as the price it was charging Rock Fintek per box of gloves, to establish the number of gloves that it actually provided.

**PX 41  Expert Rebuttal Report of Alan P. Schwartz**

*Rock Fintek Position:*

Rock Fintek does not object to the introduction of this exhibit provided that Mr. Schwartz testifies, whether by deposition designations or live, but objects to its introduction as a standalone expert report as inadmissible hearsay.

*Adorama and Kitchen Winners Position:*

Kitchen Winners and Adorama agree that Mr. Schwartz's report would only be admissible if Mr. Schwartz testifies at trial.

**PX 44  Chat between Rock Fintek and others**

*Rock Fintek Position:*

The parties have conferred and agree to narrow before trial specific portions of the lengthy chats that they seek to introduce to the jury. Rock Fintek reserves the right to object to specific portions of the chats at trial.

*Adorama and Kitchen Winners Position:*

Parties agree to try to limit the scope of various Whatsapp chat transcripts at trial and do not specifically disagree with the position of Rock Fintek on this, as described above in regard to DX 37.

**PX 45  Anna Grinvald Letter (4/13/2021)**

*Rock Fintek Position:*

Rock Fintek objects under FRE 401, 403 and 802 as inadmissible hearsay. This documents has nothing to do with the gloves at issue. As the author of this document states in the underlying

Lipsius-BenHaim Law, LLP
February 21, 2025
Page **20** of **22**

chat where this document is transmitted, more than a year after the transactions at issue, this letter was issued to a different customer of GTS only for the specific lot he received, which was different from the lot numbers "in your stock."

*Adorama and Kitchen Winners Position:*

Adorama and Kitchen Winners are seeking a certification as to the authenticity of the business records of GTS, of which this is an example.  This letter is relevant in showing that Medcare Examination Gloves and Medcare Protection Gloves were actually the same quality.  The issue being raised by Rock Fintek goes to the meaning of the document, which is a jury issue.

### PX 46  Anna Grinvald  Letter (2/19/2022)

*Rock Fintek Position:*

Rock Fintek objects under FRE 401, 403 and 802 as inadmissible hearsay. This documents has nothing to do with the gloves at issue but describes a potential replacement glove that Rock Fintek was attempting to procure from MedCare several months after the transactions at issue. This is clear from the underlying chat where this document is transmitted.

*Adorama and Kitchen Winners Position:*

dorama and Kitchen Winners are seeking a certification as to the authenticity of the business records of GTS, of which this is an example.  This letter was drafted with the involvement of Mr. Kato and Mr. Gilling and is a description of the Medcare gloves and is applicable to all Medcare gloves.

### PX 47  EU Declaration of Conformity

*Rock Fintek Position:*

Rock Fintek objects under FRE 401, 403 and 802 as inadmissible hearsay. This documents on its face post dates the transactions at issue by several months and relates to mitigation efforts by Rock Fintek.

*Adorama and Kitchen Winners Position:*
We will withdraw this exhibit.

### PX 48  Anna Grinvald Letter (4/13/2021)

*Rock Fintek Position:*

To the extent this exhibit is meant to be a testing report included in a chat between Rock Fintek and GTS, Rock Fintek objects under FRE 401, 403 and 802 as inadmissible hearsay. This

Lipsius-BenHaim Law, LLP
February 21, 2025
Page **21** of **22**

documents has nothing to do with the gloves at issue but contains a testing report for a potential replacement glove that Rock Fintek was attempting to procure from MedCare several months after the transactions at issue. This is clear from the underlying chat where this document is transmitted and on the face of the testing report which reflects a glove manufacture date of July 2021, which post-dates the transactions at issue.

*Adorama and Kitchen Winners Position:*
Adorama and Kitchen Winners are seeking a certification as to the authenticity of the business records of GTS, of which this is an example.  This letter is relevant in showing that Medcare Examination Gloves and Medcare Protection Gloves were actually the same quality.  The issue being raised by Rock Fintek goes to the meaning of the document, which is a jury issue.

**PX 50  Anna Grinvald Email (8/9/2021)**

*Rock Fintek Position:*
Rock Fintek objects under FRE 401, 403 and 802 as inadmissible hearsay.

*Adorama and Kitchen Winners Position:*
Adorama and Kitchen Winners are seeking a certification as to the authenticity of the business records of GTS, of which this is an example.  This letter is relevant in showing that Medcare Examination Gloves and Medcare Protection Gloves were actually the same quality.

**PX 51  Email Chain A. Grinvald and T. Kato (9/2/2021)**

Duplicate                    to                    be                    deleted.

**PX 55  Email  from The Resource Group about glove testing**

*Rock Fintek Position:*
Rock Fintek objects under FRE 401, 403 and 802 as inadmissible hearsay. This communication has nothing to do with the gloves at issue but discusses testing for a potential replacement glove that Rock Fintek was attempting to procure from MedCare several months after the transactions at issue, which is clear from the content of this email.  If the parties agree that all testing reports are admissible, Rock Fintek will withdraw its objection.

*Adorama and Kitchen Winners Position:*
We will withdraw this exhibit as Michael Elstro has testified, as part of his designated testimony, to the same information.

Lipsius-BenHaim Law, LLP
February 21, 2025
Page **22** of **22**

### PX 56  Emails from the Resource Group

*Rock Fintek Position:*

Rock Fintek objects under FRE 401, 403 and 802 as inadmissible hearsay. This communication has nothing to do with the gloves at issue but discusses testing for a potential replacement glove that Rock Fintek was attempting to procure from MedCare several months after the transactions at issue, which is clear from the content of this email.  If the parties agree that all testing reports are admissible, Rock Fintek will withdraw its objection.

*Adorama and Kitchen Winners Position:*

This document is a statement against interest by the purchasing employees of Ascension, who readily admit that they were incapable of determining if the product was of a good quality. Michael Elstro, who testified in this action on behalf of Ascension, and whose deposition testimony will be submitted at trial, clearly states that "I don't know squat about nitrile gloves (outside of negotiating contracts for them)..."

### PX 57  Chart Summarizing Trucking and Shipping Invoices

*Rock Fintek Position:*

Rock Fintek objects to the portion of this chart concerning Wenzy as inadmissible hearsay, as lacking foundation, and reserves the right to object to this exhibit subject to the testimony that Kitchen Winners plans to elicit at trial.

*Adorama and Kitchen Winners Position:*

Kitchen Winners intends to call a witness from Wenzy to authenticate the records in accordance with the Court's prior decisions on the motions in limine, along with permissible testimony about the receipt of the invoices by Kitchen Winners.  As such, the underlying documents will be admissible both as documents received by Kitchen Winners and for the truth of their contents.

I thank the Court for its continued attention to this matter.

Respectfully submitted,

Alexander J. Sperber

cc:    All Counsel (via ECF)